Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs

ORIGINAL FILED
2010 MAR 25 P 2:10
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

MARK AARON HAYNIE, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.,

Plaintiffs,

vs.

CITY OF PLEASANTON, CITY OF PLEASANTON POLICE DEPARTMENT, CALIFORNIA DEPARTMENT OF JUSTICE, and DOES 1 TO 20,

Defendants.

Case No.: CV 10 1255 SI

**COMPLAINT**

42 U.S.C. §§ 1983, 1988,
CALIFORNIA CIVIL CODE §§ 52 & 52.1

JURY TRIAL DEMANDED

## INTRODUCTION

1. This is an action for compensatory damages and recovery of funds used to make bail in a state criminal case in which the Plaintiff MARK AARON HAYNIE was found to be factually innocent.

2. This action also seeks prospective injunctive relief against the Defendant CALIFORNIA DEPARTMENT OF JUSTICE to compel that state agency to comply with its statutory duties under California Penal Code §§ 12276.5 and 12289 in order to prevent future violations of Constitutional Rights.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

# PARTIES

3. Plaintiff MARK AARON HAYNIE is a natural person and citizen of the United States and of the State of California and was at all material times a resident of Alameda County.

4. Plaintiff CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in Redwood City, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners. CGF represents its members and supporters, which include California gun owners. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

5. Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellvue, Washtington. SAF has over 650,000 members and supporters nationwide, including California. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately owned and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

6. Defendant CITY OF PLEASANTON is a municipal corporation organized under the laws of the State of California. This municipality is located in the County of Alameda.

7. Defendant CITY OF PLEASANTON POLICE DEPARTMENT is a police department within the City of Pleasanton, California.

8. Defendant CALIFORNIA DEPARTMENT OF JUSTICE is an agency of the State of California, headed by the Attorney General of the State, with a

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

statutory duty to administer and interpret the law and promulgate regulations regarding weapons identified by the California Legislature as "Assault Weapons." This agency has the power to issue memorandums, bulletins and opinion letters to law enforcement agencies throughout the State regarding reasonable interpretations of what constitutes an "Assault Weapon" under California Law.

9. At this time, Plaintiffs are ignorant of the names of the individual police officers who arrested Plaintiff HAYNIE as no discovery was exchanged in the criminal action before the case was dropped from the docket. Plaintiffs therefore name these individual officers as DOE Defendants and reserves the right to amend this complaint when their true names are ascertained. Furthermore, if/when additional persons and entities are discovered to have assisted and/or lent support to the wrongful conduct of the Defendants named herein, Plaintiff reserves the right to amend this complaint to add those persons and/or entities as Defendants.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

11. This Court has supplemental jurisdiction over state law causes of action arising from the same operative facts under 28 U.S.C. § 1367.

12. Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil Local Rules for bringing an action in this district.

## CONDITIONS PRECEDENT

13. All conditions precedent have been performed, and/or have occurred, and/or have been excused, and/or would be futile.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint — Page 3 of 9 — Haynie v City of Pleasanton

# FACTS

14. On or about February 7, 2009 officers (currently named as DOE Defendants) of the PLEASANTON POLICE DEPARTMENT arrested and detained MARK HAYNIE thus depriving him of his liberty. The agency case numbers for the incident are: CEN: 09-6635 and PFN: BHD164. The docket number for the Alameda Superior Court Case was: 09318856.

15. MARK HAYNIE was cited for possession of an Assault Weapon under California Penal Code § 12280 et seq. Bail was set at $60,000.00. This caused MARK HAYNIE to have to pay a $6,000 fee to a bail bondsman.

16. MARK HAYNIE's rifle was not an Assault Weapon because it was not listed in California Penal Code § 12276; nor could it be identified under Penal Code § 12276.1 because it lacked a detachable magazine.

17. MARK HAYNIE made all required court appearances. The Alameda County District Attorney's office declined to file an information against MARK HAYNIE and the matter was formally dropped from the Alameda County Superior Court Criminal Docket on March 27, 2009.

18. MARK HAYNIE was deprived of his liberty until March 27, 2009 when bail was exonerated in Department 701 by Superior Court Judge Walker.

19. MARK HAYNIE lost time off from work to make court appearances and incurred other losses associated with said criminal charges.

20. MARK HAYNIE was deprived of the possession and use of valuable personal property (a rifle) from the date of arrest until mid-June of 2009.

21. On or about October 21, 2009, MARK HAYNIE obtained a finding of factual innocense under California Penal Code 851.8 from the PLEASANTON POLICE DEPARTMENT.

22. CALGUNS FOUNDATION, INC., paid for Plaintiff MARK HAYNIE'S representation in the criminal matter in the amount of: $3,713.43.

23. The deliberate indifference of all Defendants of the civil rights of MARK

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

HAYNIE resulted in the possible negligent training of the police officers employed by the PLEASANTON POLICE DEPARTMENT, which in turn caused MARK HAYNIE'S injuries.

24. The CALIFORNIA DEPARTMENT OF JUSTICE is the State agency responsible for the training and education of law enforcement agencies with respect to Assault Weapons under Penal Code §§ 12276.5 and 12289.

25. The failure by the CALIFORNIA DEPARTMENT OF JUSTICE to properly identify illegal (and legal) weapons and distribute educational materials to law enforcement agencies within this state is the result of deliberate indifference to the civil rights of gun owners and/or a breach of a known duty that is likely to result in arrest and wrongful prosecution of innocent people. Furthermore this failure to identify illegal (and legal) weapons amounts to a pattern, practice and custom of chilling the exercise of gun owners' rights associated with the Second Amendment.

26. Plaintiffs allege on information and belief that the CALIFORNIA DEPARTMENT OF JUSTICE had identified various weapons (including HAYNIE'S weapon) as legal to own in California, but in fact undermined the lawful administration of justice by encouraging California's 58 District Attorneys to interpret the law in an *ad hoc* way for each case filed or brought to their attention. This conduct resulted in the arrests and dismissals of several cases throughout California. This policy and practice has resulted in several miscarriages of justice throughout the State.

27. Furthermore, Plaintiffs allege on information and belief that the CALIFORNIA DEPARTMENT OF JUSTICE has engaged in prior acts of retaliatory prosecution against gun owners/dealers after they have asserted various statutory and constitutional rights, thus causing Plaintiff HAYNIE to seek a finding of factual innocence as a prerequisite to filing this action to avoid retaliation.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                           Page 5 of 9                    Haynie v City of Pleasanton

28. The wrongful conduct of the Defendants, and each of them, resulted in the following injuries to Plaintiffs:

   a. An unreasonable seizure of Plaintiff MARK HAYNIE and deprivation of his liberty when he was arrested, detained, booked, and required to make bail and various court appearances on charges for which he was factually innocent.

   b. A violation of MARK HAYNIE's Second Amendment right to keep and bear arms that are in common use for lawful purposes.

   c. Interference with MARK HAYNIE's exercise of Civil Rights secured by United States Constitution.

   d. Monetary damages to MARK HAYNIE of $6,000 for a bail bond and additional amounts for lost wages and other costs.

   e. Monetary damages to CALGUNS FOUNDATION, INC., in the amount of $3,713,43.

29. The continued wrongful conduct of the Defendant CALIFORNIA DEPARTMENT OF JUSTICE will result in additional wrongful arrests and prosecutions of innocent gun owners who are members of the CALGUNS FOUNDATIONS, INC., and the SECOND AMENDMENT FOUNDATION, INC. These arrests will result in the unconstitutional, unreasonable seizure of innocent gun owners exercising their Second Amendment rights. There is no adequate remedy at law except an order from this Court that the CALIFORNIA DEPARTMENT OF JUSTICE issue a letter and/or memorandum to all law enforcement agencies and District Attorneys' offices of this State which is similar to, or conveys the same information as the flowchart recommended by the CALGUNS FOUNDATION INC., to its members and the public at large. The flowchart is located at the following URL: http://www.calguns.net/caawid/flowchart.pdf .

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## FIRST CLAIM FOR RELIEF: 42 USC § 1983
## PLAINTIFF HAYNIE AGAINST DEFENDANTS: CITY OF PLEASANTON, THE PLEASANTON POLICE DEPARTMENT AND DOE DEFENDANTS
## FOURTH AMENDMENT, UNITED STATES CONSTITUTION

30. Paragraphs 1 through 29 are incorporated by reference as though fully set forth.

31. Plaintiff MARK AARON HAYNIE claims damages for injuries set forth above under 42 U.S.C. § 1983 against Defendants CITY OF PLEASANTON, the PLEASANTON POLICE DEPARTMENT and the DOE Defendants for a violation, under color of law, of his constitutional right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution as that right is applied to the States through the Fourteenth Amendment.

## SECOND CLAIM FOR RELIEF: 42 USC § 1983
## PLAINTIFF HAYNIE AGAINST DEFENDANTS: CITY OF PLEASANTON, THE PLEASANTON POLICE DEPARTMENT AND DOE DEFENDANTS
## SECOND AMENDMENT, UNITED STATES CONSTITUTION

32. Paragraphs 1 through 29 are incorporated by reference as though fully set forth.

33. Plaintiff MARK AARON HAYNIE claims damages for injuries set forth above under 42 U.S.C. § 1983 against Defendants CITY OF PLEASANTON, PLEASANTON POLICE DEPARTMENT and the DOE Defendants for a violation, under color of law, of his constitutional right to keep and bear arms[1] that are in common use for lawful purposes, a right protected by the Second Amendment as that right is applied through the 14th Amendment.

---

[1] Plaintiff acknowledges that this claim is presently barred in this Circuit because the Second Amendment to the United States Constitution has not been incorporated against State action. See generally: *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009) and the order for rehearing *en banc* at *Id.*, 575 F.3d 890 (9th Cir. 2009). This issue is presently pending before the United States Supreme Court in *McDonald v. Chicago*, Case No. 08-1521 with a decision expected this Summer. This cause of action is being plead in a good faith argument for modifying or reversing existing law in this Circuit pursuant to Fed. R. Civ. Proc. 11(b)(2).

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

### THIRD CLAIM FOR RELIEF: CALIFORNIA CIVIL CODE §§ 52 & 52.1
### PLAINTIFF HAYNIE AGAINST DEFENDANTS: CITY OF PLEASANTON, THE PLEASANTON POLICE DEPARTMENT AND DOE DEFENDANTS
### SECOND and FOURTH AMENDMENT, UNITED STATES CONSTITUTION

34. Paragraphs 1 through 29 are incorporated by reference as though fully set forth.

35. Plaintiff MARK AARON HAYNIE claims damages for injuries set forth above under California Civil Code §§ 52 & 52.1, against Defendants CITY OF PLEASANTON, the PLEASANTON POLICE DEPARTMENT and the Dow Defendants for interference with his rights under the United States Constitution, including but not limited to his right to be free from unreasonable seizure and his right to keep and bear arms.

36. Plaintiff MARK AARON HAYNIE seeks all statutory damages available, including any compensatory damages in an amount according to proof.

### FOURTH CLAIM FOR RELIEF: 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE §§ 52 & 52.1.
### ALL PLAINTIFFS AGAINST DEFENDANT: CALIFORNIA DEPARTMENT OF JUSTICE
### – PROSPECTIVE INJUNCTIVE RELIEF –

37. Paragraphs 1 through 29 are incorporated by reference as though fully set forth.

38. Plaintiffs MARK HAYNIE, CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., seek prospective injunctive relief against the Defendant CALIFORNIA DEPARTMENT OF JUSTICE to compel them to comply with their duties under California Penal Code §§ 12276.5 and 12289.

39. Said injunctive relief will insure uniform and just application of California's Weapons Control Laws. Uniform and just enforcement of these laws are important because these laws regulate the fundamental Second Amendment right of every law abiding citizen to keep and bear arms that are in common use for lawful purposes.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

40. Specifically, Plaintiffs seek an order that the Defendant CALIFORNIA DEPARTMENT OF JUSTICE be compelled to issue a letter and/or memorandum to all law enforcement agencies and District Attorney Offices that contains the information already provided to the public at this URL: http://www.calguns.net/caawid/flowchart.pdf

WHEREFORE, the Plaintiffs demands a jury trial and requests that this Court:

A. Award compensatory damages to the Plaintiff MARK HAYNIE and CALGUNS FOUNDATION, INC., against Defendants CITY OF PLEASANTON, The PLEASANTON POLICE DEPARTMENT, and the DOE Defendants, jointly and severally, in an amount according to proof;

B. Award costs of this action to all the Plaintiffs;

C. Award reasonable attorney fees and costs to the Plaintiffs on all Claims of the complaint, including but not limited to fee/cost awards under 42 USC § 1983, 1988 and California Civil Code §§ 52, 52.1 and California Code of Civil Procedure § 1021.5;

D. Injunctive and declaratory relief against the Defendant CALIFORNIA DEPARTMENT OF JUSTICE to prevent future constitutional violations and miscarriages of Justice;

E. Such other and further relief as this Court may deem appropriate.

Dated: March 24, 2010,

Donald Kilmer, Jr. [SBN: 179986]
Law Offices of Donald Kilmer, APC
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs