Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| MARK AARON HAYNIE, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>KAMALA HARRIS, Attorney General of California (in her official capacity) and CALIFORNIA DEPARTMENT OF JUSTICE, and DOES 1 TO 20,<br><br>Defendants. | Case No.: CV 10 1255 SI<br><br>**FIRST AMENDED COMPLAINT**<br><br>42 U.S.C. §§ 1983, 1988, |

**INTRODUCTION**

1.    Plaintiff MARK AARON was wrongfully arrested and required to make bail in a state criminal case in which he was found to be factually innocent. This action seeks prospective injunctive relief against the Defendants California Attorney General KAMALA HARRIS and the CALIFORNIA DEPARTMENT OF JUSTICE to compel that state agency to comply with its statutory duties under California Penal Code §§ 12276.5 and 12289 in order to prevent future violations of Constitutional Rights.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                    Page 1 of 9                                    Haynie v Harris

**PARTIES**

2.    Plaintiff MARK AARON HAYNIE is a natural person and citizen of the United States and of the State of California and was at all material times a resident of Alameda County.

3.    Plaintiff CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in Redwood City, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners. CGF represents its members and supporters, which include California gun owners. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

4.    Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellvue, Washtington. SAF has over 650,000 members and supporters nationwide, including California. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately owned and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

5.    Defendant KAMALA HARRIS is the Attorney General of the State of California and she is obligated to supervise her agency and comply with all statutory duties under California Law.

6.    Defendant CALIFORNIA DEPARTMENT OF JUSTICE is an agency of the State of California, headed by the Attorney General of the State, with a statutory duty to administer and interpret the law and promulgate regulations regarding weapons identified by the California Legislature as

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    "Assault Weapons."  This agency has the power to issue memorandums,

2    bulletins and opinion letters to law enforcement agencies throughout the

3    State regarding reasonable interpretations of what constitutes an "Assault

4    Weapon" under California Law.

5  7.    At this time, Plaintiffs are ignorant of the names of the individual police

6    officers who arrested Plaintiff HAYNIE as no discovery was exchanged in the

7    criminal action before the case was dropped from the docket.  Plaintiffs

8    therefore name these individual officers as DOE Defendants and reserves the

9    right to amend this complaint when their true names are ascertained.

10    Furthermore, if/when additional persons and entities are discovered to have

11    assisted and/or lent support to the wrongful conduct of the Defendants named

12    herein, Plaintiff reserves the right to amend this complaint to add those

13    persons and/or entities as Defendants.

14                              **JURISDICTION AND VENUE**

15  8.    This Court has subject matter jurisdiction over this action pursuant to 28

16    U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

17  9.    This Court has supplemental jurisdiction over state law causes of action

18    arising from the same operative facts under 28 U.S.C. § 1367.

19  10.    Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil Local

20    Rules for bringing an action in this district.

21                              **CONDITIONS PRECEDENT**

22  11.    All conditions precedent have been performed, and/or have occurred, and/or

23    have been excused, and/or would be futile.

24                              **FACTS**

25  12.    On or about February 7, 2009 officers of the PLEASANTON POLICE

26    DEPARTMENT arrested and detained MARK HAYNIE thus depriving him

27    of his liberty.  The agency case numbers for the incident are: CEN: 09-6635

28    and PFN: BHD164.   The docket number for the Alameda Superior Court

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                Page 3 of 9                        Haynie v Harris

1    Case was: 09318856.

2    13.    MARK HAYNIE was cited for possession of an Assault Weapon under

3    California Penal Code § 12280 et seq.  Bail was set at $60,000.00.  This

4    caused MARK HAYNIE to have to pay a $6,000 fee to a bail bondsman.

5    14.    MARK HAYNIE's rifle was not an Assault Weapon because it was not listed

6    in California Penal Code § 12276.

7    15.    MARK HAYNIE's rifle was not an Assault Weapons because it could not be

8    identified under Penal Code § 12276.1 with the characteristics of an assault

9    weapon in that:

10    a.    It did not have a detachable magazine as that term is defined by

11    California statutory law and regulations promulgated by the

12    Defendant CALIFORNIA DEPARTMENT OF JUSTICE.

13    b.    MARK HAYNIE's rifle did have a "bullet button" which requires the

14    use of a tool (a bullet being defined as a tool by the California Code of

15    Regulations) to remove the magazine from the gun, thus making the

16    magazine non-detachable.

17    16.    MARK HAYNIE's rifle is based on the popular and commonly available (in

18    most other states) Colt AR-15 rifle.  It is functionally identical to an AR-15

19    except that the magazine (as noted above) is non-detachable and the non-

20    detachable magazine capacity does not exceed ten (10) rounds.

21    17.    Several manufacturers offer several models of semi-automatic, center-fire

22    rifles that are not "assault weapons" as defined by California law.  Examples:

23    a.    Ruger Mini-14 Ranch Rifle.  (Caliber 5.56mm NATO/.223 Rem.)

24    b.    Ruger Mini Thirty Rifle.  (Caliber 7.62 x 39mm)Ruger 99/44 Deerfield

25    Carbine. (Caliber .44 Remington Magnum)

26    c.    Remington Model 750 Woodmaster. (Available in several calibers.)

27    d.    Browning BAR.  (Available in several calibers.)

28    e.    Benelli R1 Rifle. (Available in several calibers.)

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                   Page 4 of  9                              Haynie v Harris

18.   MARK HAYNIE made all required court appearances.  The Alameda County District Attorney's office declined to file an information against MARK HAYNIE and the matter was formally dropped from the Alameda County Superior Court Criminal Docket on March 27, 2009.

19.   MARK HAYNIE was deprived of his liberty until March 27, 2009 when bail was exonerated in Department 701 by Superior Court Judge Walker.

20.   MARK HAYNIE lost time off from work to make court appearances and incurred other losses associated with said criminal charges.

21.   MARK HAYNIE was deprived of the possession and use of valuable personal property (a rifle) from the date of his arrest until mid-June of 2009 when he reacquired the firearm from the PLEASANTON POLICE DEPARTMENT.

22.   On or about October 21, 2009, MARK HAYNIE obtained a finding of factual innocense under California Penal Code 851.8 from the PLEASANTON POLICE DEPARTMENT.

23.   CALGUNS FOUNDATION, INC., paid for Plaintiff MARK HAYNIE'S representation in the criminal matter in the amount of: $3,713.43.

24.   CALGUNS FOUNDATION, INC., has also paid for the defense of other California residents similarly situated.  (e.g., possession of a "bullet button" semi-automatic rifle, arrest and dismissal of charges.)

25.   On or about May 10, 2010, the Defendants CITY OF PLEASANTON and CITY OF PLEASANTON POLICE DEPARTMENT were dismissed from this case after payment to MARK HAYNIE of $6,000 and a release of all other claims.

26.   The CALIFORNIA DEPARTMENT OF JUSTICE is the State agency responsible for the training and education of law enforcement agencies with respect to Assault Weapons under Penal Code §§ 12276.5 and 12289.

27.   California's definitions of Assault Weapons are set forth at Penal Code §§ 12276 and 12276.1.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                    Page 5 of 9                         Haynie v Harris

28.   The California Code of Regulations interpreting the statutory definition of assault weapons are found at Title 11, Division 5, Chapters 39 & 40.

29.   The Orange County Sheriff's Department has issued a training bulletin about the "bullet button" to prevent wrongful arrests in that county.

30.   The City of Sacramento has issued a training bulletin about the "bullet button" to prevent wrongful arrests in that jurisdiction.

31.   The Calguns Foundation Inc., has published a flow-chart to identify weapons that are designated as assault weapons under California law.

32.   Defendant CALIFORNIA DEPARTMENT OF JUSTICE has promulgated an "Assault Weapons Identification Guide," an 84-page publication which describes the Assault Weapons regulated in Penal Code sections 12276, 12276.1, and 12276.5.  In the Guide, the Department acknowledges that a magazine is considered detachable when it "can be removed readily from the firearm with neither disassembly of the firearm action nor use of a tool being required.  A bullet or ammunition cartridge is considered a tool."

33.   Defendant CALIFORNIA DEPARTMENT OF JUSTICE has declined to issue a statewide bulletin or other directive regarding the "bullet button."

34.   It would not be unduly burdensome for Defendant CALIFORNIA DEPARTMENT OF JUSTICE to issue a bulleting regarding the technology of the bullet button and to develop a field test to insure state-wide compliance with the law.

35.   Because Defendant CALIFORNIA DEPARTMENT OF JUSTICE will not issue a bulletin to prevent future arrests, Plaintiff HAYNIE has a reasonable fear that he may suffer wrongful arrests in the future.

36.   Because Defendant CALIFORNIA DEPARTMENT OF JUSTICE will not issue a bulletin to prevent future wrongful arrests, the Calguns Foundation Inc., and the Second Amendment Foundation Inc., fear that its member may be subject to future wrongful arrests.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                      Page 6 of 9                                      Haynie v Harris

**FIRST CLAIM FOR RELIEF:**
**FOURTH AMENDMENT, UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF**

37.   Paragraphs 1 through 36 are incorporated by reference as though fully set forth.

38.   Plaintiff MARK AARON HAYNIE request prospective injunctive relief under 42 U.S.C. § 1983 against the Defendants to prevent future violations of his constitutional right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution, while he is exercising his Second Amendment rights as those rights are applied to the States through the Fourteenth Amendment.

39.   Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., request prospective injunctive relief under 42 U.S.C. § 1983 against the Defendants to prevent  prevent future violations of their members' constitutional right to be free from unreasonable seizure under the Fourth Amendment, while exercising their Second Amendment rights, to the United States Constitution as those rights are applied to the States through the Fourteenth Amendment.

**SECOND CLAIM FOR RELIEF:**
**SECOND AMENDMENT, UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF**

40.   Paragraphs 1 through 39 are incorporated by reference as though fully set forth.

41.   Plaintiff MARK AARON HAYNIE requests prospective injunctive relief under 42 U.S.C. § 1983 against Defendants to prevent future violations of his constitutional right to keep and bear arms that are in common use for lawful purposes, a right protected by the Second Amendment as that right is applied through the 14th Amendment.

42.   Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                   Page 7 of 9                              Haynie v Harris

1   FOUNDATION, INC., request prospective injunctive relief under 42 U.S.C. §

2   1983 against the Defendants to prevent  prevent future violations of their

3   members' constitutional right to keep and bear arms under the Second

4   Amendment to the United States Constitution as that right is applied to the

5   States through the Fourteenth Amendment.

6
                           **THIRD CLAIM FOR RELIEF:**
7       **42 USC § 1983, 1988 - INJUNCTIVE/ DECLARATORY RELIEF**
              **CALIFORNIA PENAL CODE §§ 12276.5 & 12289**
8
9   43.   Paragraphs 1 through 42 are incorporated by reference as though fully set

      forth.
10
11  44.   Plaintiffs MARK HAYNIE, CALGUNS FOUNDATION, INC., and SECOND

12        AMENDMENT FOUNDATION, INC., seek prospective injunctive relief

13        against the Defendant CALIFORNIA DEPARTMENT OF JUSTICE to

      compel them to comply with their duties under California Penal Code §§
14
      12276.5 and 12289.
15
16  45.   Said injunctive relief will insure uniform and just application of California's

17        Weapons Control Laws.  Uniform and just enforcement of these laws are

18        important because these laws regulate the fundamental Second Amendment

19        right of every law abiding citizen to keep and bear arms that are in common

20        use for lawful purposes.

21
22  WHEREFORE, the Plaintiffs requests that this Court:

23        A.   Issue a declaratory judgment and/or prospective injunctive relief to

24             compel Defendants KAMALA HARRIS and the CALIFORNIA

25             DEPARTMENT OF JUSTICE to issue appropriate memorandums

26             and/or bulletins to the State's District Attorneys and Law Enforcement

27             Agencies to prevent wrongful arrests.

28        B.   Award costs of this action to all the Plaintiffs;

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    C.    Award reasonable attorney fees and costs to the Plaintiffs on all

2          Claims of the complaint, including but not limited to fee/cost awards

3          under 42 USC § 1983, 1988 and California Code of Civil Procedure §

4          1021.5;

5    D.    Such other and further relief as this Court may deem appropriate.

6
Dated: March 4, 2011,

7

8    Donald Kilmer, Jr. [SBN: 179986]
     Law Offices of Donald Kilmer, APC
9    1645 Willow Street, Suite 150
     San Jose, California 95125
10   Voice: (408) 264-8489
     Fax:   (408) 264-8487
11   E-Mail: Don@DKLawOffice.com

12   Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                          Page 9 of 9                     Haynie v Harris