KAMALA D. HARRIS
Attorney General of California
ZACKERY P. MORAZZINI
Supervising Deputy Attorney General
ROSS C. MOODY
Deputy Attorney General
State Bar No. 142541
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-1376
  Fax:  (415) 703-1234
  E-mail:  Ross.Moody@doj.ca.gov
*Attorneys for Defendants California Department of Justice and Attorney General Kamala Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MARK AARON HAYNIE, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA HARRIS, Attorney General of California (in her official capacity) and CALIFORNIA DEPARTMENT OF JUSTICE, and DOES 1 TO 20,**<br><br>Defendants. | 10-cv-1255-SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:     June 10, 2011<br>Time:    9:00 a.m.<br>Courtroom:  10<br>Judge     The Honorable Susan Illston<br>Trial Date  N/A<br>Action Filed:  March 25, 2010 |

**TABLE OF CONTENTS**

Page

Summary of Relevant Facts ................................................................................................... 1
Argument ................................................................................................................................ 2
    I.    The First Amended Complaint must be dismissed due to lack of standing ........... 2
        A.    Plaintiffs must establish Article III standing ................................................ 2
        B.    Plaintiffs' allegations ..................................................................................... 3
        C.    Plaintiffs lack Article III standing ................................................................. 4
            1.    Plaintiffs have not demonstrated a credible threat of future injury ................................................................................................. 4
            2.    Plaintiffs have not demonstrated an imminent threat of irreparable harm. .......................................................................... 6
        D.    Plaintiffs fail to allege facts sufficient to justify injunctive relief against a state official ..................................................................................... 7
Conclusion ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Allen v. Wright*
468 U.S. 737 (1984)......................................................................................................... 3

*Baker v. Carr*
369 U.S. 186 (1962)......................................................................................................... 4

*Chandler v. State Farm Mut. Auto. Ins. Co.*
598 F.3d 1115 (9th Cir.2010).......................................................................................... 3

*City of Los Angeles v. Lyons*
461 U.S. 95 (1983)................................................................................................... passim

*Flast v. Cohen*
392 U.S. 83 (1968)........................................................................................................... 3

*Gomez v. Vernon*
255 F.3d 1118 (9th Cir.2001).......................................................................................... 7

*Hodgers-Durgin v. De La Vina*
199 F.3d 1037 (9th Cir. 1999)................................................................................. 4, 6, 7

*Jenkins v. McKeithen*
395 U.S. 411 (1969)......................................................................................................... 3

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375 (1994)......................................................................................................... 3

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992)......................................................................................................... 4

*O'Shea v. Littleton*
414 U.S. 488 (1974)................................................................................................. 4, 5, 7

*Rizzo v. Goode*
423 U.S. 362 (1976)..................................................................................................... 5, 7

*Salmon River Concerned Citizens v. Robertson*
32 F.3d 1346 (9th Cir. 1994).......................................................................................... 4

*Shroyer v. New Cingular Wireless Services, Inc.*
(9th Cir. 2010) 622 F3d 1035......................................................................................... 7

## TABLE OF AUTHORITIES
### (continued)

Page

*Stefanelli v. Minard*
  342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951) ......................................................... 7

*United States v. Hays*
  515 U.S. 737 (1995) ....................................................................................................... 3

*Warth v. Seldin*
  422 U.S. 490 (1975) ....................................................................................................... 3

**STATUTES**

42 U.S.C. § 1983 ............................................................................................................... 2

California Penal Code
  §§ 12275, et seq. ............................................................................................................ 1
  § 12289 ........................................................................................................................... 2

**CONSTITUTIONAL PROVISIONS**

California Constitution
  Article V, § 13 ................................................................................................................ 7

United States Constitution
  Article III ................................................................................................................ 2, 3, 4
  Second Amendment ....................................................................................................... 2
  Fourth Amendment ........................................................................................................ 2

**COURT RULES**

Federal Rule of Civil Procedure
  Rule 12(b)(1) .................................................................................................................. 6
  Rule 12(b)(6) .................................................................................................................. 7

Plaintiffs' First Amended Complaint fails to present a case or controversy which may be adjudicated in federal court. Plaintiffs lack standing, present an unripe claim, and seek injunctive relief against a state actor without a sufficient showing. In accordance with controlling Supreme Court authority, the First Amended Complaint must be dismissed due to these defects.

## SUMMARY OF RELEVANT FACTS

This case concerns whether the California Attorney General and the California Department of Justice have a statutory duty to issue a bulletin regarding California's Assault Weapon ban. They do not have such a duty.

Mark Aaron Haynie, The Calguns Foundation, Inc., and The Second Amendment Foundation ("Plaintiffs") have filed an action seeking injunctive relief relating to California's Assault Weapons Control Act (Cal. Penal Code §§ 12275, et seq., hereafter "AWCA") Plaintiffs maintain that the Attorney General and the California Department of Justice ("Defendants") have failed to perform their duty under state law to inform local law enforcement about which weapons are subject to the AWCA and which weapons are exempt from it. Plaintiff Haynie was arrested in Alameda County for allegedly violating the AWCA, when Pleasanton Police thought that his Colt AR-15 was a banned weapon. FAC ¶ 12. However, the rifle possessed by Haynie was equipped with a "bullet button," a device which required the use of a tool to remove the magazine, taking the weapon out of the statutory definition of an assault weapon. FAC ¶15. Therefore, charges were never filed, and Pleasanton stipulated to Plaintiff Haynie's factual innocence and agreed to pay for Haynie's bail bond costs. FAC ¶¶18-22.

In Plaintiffs' view, the Defendants have failed to properly inform local law enforcement that weapons equipped with a "bullet button" are legal weapons to possess. Plaintiffs concede that the Assault Weapons Identification Guide published by the California Department of Justice indicates that weapons where a tool, such as a bullet, is needed to remove the magazine the weapon is not considered a banned gun solely due to its "detachable magazine." FAC at ¶32. However, Plaintiffs believe that by not issuing "a statewide bulletin or other directive regarding the 'bullet button,'" Defendants have somehow caused Plaintiff Haynie to possess "a reasonable fear that he may suffer wrongful arrests in the future." FAC at ¶¶ 33, 35. Likewise, The Calguns

Foundation and The Second Amendment Foundation allege that they "fear that [their] members may be subject to wrongful arrests." FAC at ¶36.

Plaintiff Haynie seeks "prospective injunctive relief under 42 U.S.C. § 1983 against the Defendants to prevent future violations of his constitutional right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution, while he is exercising his Second Amendment rights . . ." FAC ¶38. He also seeks prospective injunctive relief "to prevent future violations" of his Second Amendment right to keep and bear arms. FAC ¶41. Finally he seeks an injunction compelling Defendants to "comply with their duties under California Penal Code §§ 12276.5 and 12289" by issuing "appropriate memorandums and/or bulletins to the State's District Attorneys and Law Enforcement Agencies to prevent wrongful arrests." FAC ¶44 and Prayer for Relief.[1]

The relief Plaintiffs seek is unavailable because the regulations promulgated and published by the California Department of Justice, along with the Assault Weapons Identification Guide, provide ample guidance to law enforcement regarding which weapons are permitted under the AWCA. Thus, Defendants have no duty to issue any type of additional bulletin as requested by Plaintiffs. Moreover, Plaintiffs lack standing to even assert the claims set forth in their complaint, and have failed to carry their burden of establishing a right to injunctive relief.

## ARGUMENT

### I. THE FIRST AMENDED COMPLAINT MUST BE DISMISSED DUE TO LACK OF STANDING

#### A. Plaintiffs Must Establish Article III Standing

Plaintiffs must establish that they have standing to bring the claim for injunctive and equitable relief sought in the complaint or this Court is without subject matter jurisdiction. "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual

---

[1] Section 12289 provides, in relevant part: "The Department of Justice shall conduct a public education and notification program regarding the registration of assault weapons and the definition of the weapons set forth in Section 12276.1." Section 12276.1 defines what an "assault weapon" is under California Law.

case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, (1983), citing *Flast v. Cohen*, 392 U.S. 83, 94-101 (1968); *Jenkins v. McKeithen*, 395 U.S. 411, 421-425 (1969). Indeed, Article III requires a federal court to assure itself as a threshold matter that the constitutional standing requirements are satisfied before proceeding to the merits. *United States v. Hays*, 515 U.S. 737, 742 (1995). "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir.2010). The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994). Article III of the U.S. Constitution requires that a "case" or "controversy" be present in order to confer jurisdiction on federal courts for a particular claim; standing to sue is an essential component of that requirement. See *Allen v. Wright*, 468 U.S. 737, 750, (1984); *Warth v. Seldin*, 422 U.S. 490, 498, (1975).

**B.  Plaintiffs' Allegations**

Plaintiff Haynie contends that he has a "reasonable fear" of being subject to unlawful arrest if the Court does not order the California Department of Justice to issue a bulletin regarding the "bullet button" device installed on many weapons in California:

> Because Defendant CALIFORNIA DEPARTMENT OF JUSTICE will not issue a bulletin to prevent future arrests, Plaintiff HAYNIE has a reasonable fear that he may suffer wrongful arrests in the future.

FAC, ¶ 35.

Plaintiffs Calguns Foundation and the Second Amendment Foundation allege merely that they "fear" that their members may be subject to wrongful future arrests:

> Because Defendant CALIFORNIA DEPARTMENT OF JUSTICE will not issue a bulletin to prevent future wrongful arrests, the Calguns Foundation Inc., and the Second Amendment Foundation Inc., fear that its member[s] may be subject to future wrongful arrests.

FAC, ¶ 36.

No additional allegations about standing or future harm are alleged in the First Amended Complaint.

### C. Plaintiffs Lack Article III Standing

Plaintiffs must demonstrate a "personal stake in the outcome" of a case in order to "assure that concrete adverseness which sharpens the presentation of issues" necessary for the proper resolution of constitutional questions. *Baker v. Carr*, 369 U.S. 186, 204 (1962).

There are two distinct components to the standing inquiry when a plaintiff requests prospective equitable relief. First, in order to satisfy the constitutional requirements for standing, the plaintiff must demonstrate a credible threat of future injury which is sufficiently concrete and particularized to meet the "case or controversy" requirement of Article III. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, (1992); *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-04, (1983). And second, to establish an entitlement to injunctive relief, the plaintiff must allege not only a likelihood of future injury, but also show an imminent threat of irreparable harm. The party invoking federal jurisdiction bears the burden of establishing both of these elements. *Salmon River Concerned Citizens v. Robertson*, 32 F.3d 1346, 1353 (9th Cir. 1994). In this case, neither of the requirements has been satisfied.

#### 1. Plaintiffs have not demonstrated a credible threat of future injury

The imminent threat showing is a separate jurisdictional requirement, arising independently from Article III, that is grounded in the traditional limitations on the court's power to grant injunctive relief. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. at 100; quoting *O'Shea v. Littleton*, 414 U.S. at 495-96 see also *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999) (the court may not exercise jurisdiction over a suit for equitable relief unless the plaintiff demonstrates a likelihood of imminent and irreparable injury, a necessary prerequisite for such relief).

The seminal case applying these elements to the question of whether standing exists to seek injunctive relief based on allegations of prior instances of improper law enforcement conduct is *City of Los Angeles v. Lyons*, 461 U.S. 95. In *Lyons*, "[t]he complaint alleged that on October 6, 1976, at 2 a.m., Lyons was stopped by the defendant officers for a traffic or vehicle code violation and that although Lyons offered no resistance or threat whatsoever, the officers, without

provocation or justification, seized Lyons and applied a 'chokehold' [also known as a 'control hold']." *Id*. at 97. Lyons then filed an excessive force action against the arresting officers and the City of Los Angeles, seeking damages as well as "a preliminary and permanent injunction against the City barring the use of the control holds." *Id*. at 98. The issue before the United States Supreme Court was whether Lyons had standing to seek such injunctive relief against the City.

First, the Court reaffirmed its past holdings in *O'Shea v. Littleton*, 414 U.S. 488 (1974) ("[past] exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects), and in *Rizzo v. Goode*, 423 U.S. 362 (1976) (plaintiffs alleging widespread illegal and unconstitutional police conduct aimed at minority citizens did not have standing because "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy."). *Lyons*, 461 U.S. at 103-05.

Based on these prior holdings, the Court concluded:

> In order to establish an actual controversy in this case, Lyons would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either (1) that all police officers in Los Angeles always choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation, or for questioning, or (2) that the City ordered or authorized police officers to act in such manner.

*Lyons*, 461 U.S. at 105-06.

Ultimately, the Court concluded that the Ninth Circuit erred in failing to dismiss Lyons' claim and reversed accordingly, concluding that Lyons did not have standing to bring a claim for injunctive relief "[a]bsent a sufficient likelihood that he will again be wronged in a similar way." *Id*. at 111. The Court found that Lyons had failed to credibly allege that "he faced a realistic threat from the future application" of the police practice he challenged when five months elapsed between the occurrence and the filing of the complaint and yet there were no further allegations of contact between the plaintiff and the police. *Id.*, 461 U.S. at 106, 108.

In this case, Plaintiffs have alleged no facts which would support standing. The only relevant allegations are that Plaintiff Haynie was arrested in February of 2009 by Pleasanton police, and thereafter was not prosecuted, received a stipulated finding of factual innocence, and a

5

financial settlement from the City of Pleasanton, and that he now says he has a "reasonable fear" of a future wrongful arrest. FAC, ¶¶ 12, 18, 22, 25. 35. The Calguns and Second Amendment foundations allege only that they "fear" future wrongful arrests of their members. None of these allegations is sufficient under *Lyons*. None of the Plaintiffs have alleged that there has been further law enforcement contact between Plaintiff Haynie and the police, or that such contact would result in an unlawful arrest. The complete failure to allege facts constituting a "realistic threat" of future wrongful conduct (*Lyons*, 461 U.S. at 111) requires dismissal of the First Amended Complaint for lack of standing.

### 2. Plaintiffs have not demonstrated an imminent threat of irreparable harm

A second fatal defect in the First Amended Complaint is the failure to demonstrate an imminent threat of irreparable harm. The Ninth Circuit has followed *Lyons* and found that a single allegation of misconduct by law enforcement is not sufficient for the second prong, irreparable injury. In *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037 at 1044, the Ninth Circuit held that a single allegation of unwarranted police conduct could not demonstrate a threat of repeated harm. *Id*. at 1044. Here, Plaintiff Haynie relies on nothing beyond a single incident from February of 2009 at the hands of Pleasanton police officers. FAC ¶ 12. He has failed to credibly allege the likelihood of future harm. Similarly, the Calguns and Second Amendment foundations have failed to make any showing of irreparable injury to their members separate and apart from the single incident suffered by Plaintiff Haynie. As such, the Plaintiffs lack standing to assert a claim for injunctive relief and the Court lacks jurisdiction over the claims asserted.[2] The First Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[2] Plaintiffs must also establish a likelihood of imminent injury in order to present a ripe claim for declaratory relief. See *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1044 (9th Cir.1999) (explaining that "the ripeness requirement serves the same function in limiting declaratory relief as the imminent-harm requirement serves in limiting injunctive relief," and that "[t]he named plaintiffs' failure to establish a likelihood of future injury" will not only bar injunctive relief but also render "their claim for declaratory relief unripe."). Therefore, where the plaintiffs fail to establish imminent injury for the purposes of injunctive relief, their related claim for declaratory relief must be dismissed as unripe.

### D. Plaintiffs Fail to Allege Facts Sufficient to Justify Injunctive Relief Against a State Official

The California Constitution provides that the Attorney General "shall be the chief law officer of the State" of California. Cal. Const., Art. V, §13. Special attention must be paid to issues of comity and federalism when injunctive relief is sought in federal court against a state government official such as the Attorney General. "In exercising their equitable powers federal courts must recognize 'the special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'" *Lyons*, 461 U.S. at 112 (quoting *Stefanelli v. Minard*, 342 U.S. 117, 120, (1951)). Thus, "recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the states' criminal laws in the absence of irreparable injury which is both great and immediate." *Id*. (citing *O'Shea*, 414 U.S. at 499). In this case, there has been an inadequate allegation of irreparable injury to support granting the relief sought. Plaintiffs' complaint is subject to dismissal under Rule 12(b)(6) because Plaintiffs have failed to state a facially "plausible" claim under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc*. (9th Cir. 2010) 622 F3d 1035, 1041.

"In general, injunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is enjoining the conduct of a state agency. *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir.2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976)). The rigorous preconditions to such injunctions reflect both federalism and separation of powers principles. An injunction directed to a state agency ordered by a federal court affects the balance between the state and federal governments. See, e.g., *Hodgers-Durgin*, 199 F.3d at 1042, 1044 ("federalism concerns may compel greater caution ... in considering a request for injunctive relief" against a state entity).

Here, Plaintiffs have not shown that the action or inaction of the California Department of Justice or the California Attorney General is the proximate cause of Haynie's arrest. Plaintiffs implicitly concede, as they must, that both California's regulations and the Assault Weapons Identification Guide issued by the California Department of Justice accurately recite California

law, and demonstrate that Haynie's gun was a "fixed magazine" weapon not banned by the AWCA.[3] FAC ¶¶ 28, 32. Accordingly, Haynie's arrest was clearly improper under relevant California law and contrary to the Department's guide and regulations. Plaintiffs have not explained how issuing a new bulletin would be more effective than the existing guide and regulations. While Plaintiffs contend that if the Department of Justice issued a bulletin it would "[e]nsure statewide compliance with the law" (FAC ¶ 34), they supply no rationale for believing this to be true. Based on the facts alleged in the First Amended Complaint, Haynie's weapon was legal, and his arrest was improper notwithstanding the publication of regulations and a guide which explained the legality of the gun. Plaintiffs have made no showing that a third publication of this information would have prevented Haynie's arrest or that of anyone else. Accordingly, Plaintiffs have not alleged that the Defendants were the proximate cause of Haynie's arrest, or any of the claimed injuries alleged herein.

For the same reasons that they have not shown proximate cause, Plaintiffs have not shown that the relief they seek would prevent future wrongful arrests. At most, a bulletin regarding the bullet button would be another form of communication between the California Department of Justice and local law enforcement about the AWCA. But law enforcement officers are human, and are capable of making mistakes, even when the state of the law has been accurately described to them for use in the field. As pled, Haynie's arrest appears to be human error by an officer in Pleasanton, and there is no showing that a new bulletin about assault weapons would reduce such errors to zero or eliminate the "fear" alleged by Plaintiffs.

The Supreme Court cautions against federal injunctive incursions into a state's law enforcement agencies, and commands that such actions not be taken unless great and immediate irreparable injury can be pleaded and proved. On the weak showing offered here, the Court should decline Plaintiff's requested interference with the California Attorney General and Department of Justice.

---

[3] This assumes that the bullet button was installed properly, and actually required the use of a tool to release the magazine.

# CONCLUSION

Plaintiffs have failed to establish standing to advance their claims in this forum. In addition, they have failed to allege sufficient facts to justify any injunctive relief against the state officials named as defendants here. For the foregoing reasons, the First Amended Complaint must be dismissed.

Dated: May 6, 2011

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
ZACKERY P. MORAZZINI
Supervising Deputy Attorney General

/s/ Ross C. Moody

ROSS C. MOODY
Deputy Attorney General
*Attorneys for Defendants*

SA2010101060
20446673.doc