Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:    (408) 264-8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| MARK AARON HAYNIE, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>KAMALA HARRIS, Attorney General of California (in her official capacity) and CALIFORNIA DEPARTMENT OF JUSTICE, and DOES 1 TO 20,<br><br>Defendants. | Case No.: CV 10 1255 SI<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**<br><br>Date:     June 10, 2011<br>Time:     9:00 a.m.<br>Courtroom: 10<br>Judge:    Honorable Susan Illston<br>Trial Date: N/A<br>Action Filed: March 25, 2010 |

## Introduction | Preliminary Statement

This is a case about a state agency that wants to have its cake and eat it too. The California Department of Justice (DOJ), at least for purposes of this motion, admits that semi-automatic rifles with properly installed "bullet buttons" and magazine locks, are legal to own in California.

But as set forth in the concurrently filed declaration by the Chairman the CALGUNS FOUNDATION, INC., the Court will see that the DOJ has been simultaneously advising residents of California that their possession of certain

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Opposition: MTD          Page 1 of 10          Haynie v Harris

1 semi-automatic firearms is legal, while at the same time warning them that any one of the 58 of the State's District Attorneys might come to a different conclusion and prosecute them for ownership/possession of these same firearms.

In light of Supreme Court's opinions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 177 L. Ed. 2d 894 (2010) that there is a Second Amendment right to acquire, own, possess and use common and ordinary firearms for lawful purposes including, but not limited to self-defense, the DOJ's actions on this issue are a text book definition of the chilling of a fundamental right.

Finally, while not part of this case[1], Plaintiffs would aver that if the law is so confusing that 59 prosecutors with the duty and discretion to file criminal charges against otherwise law-abiding people for mere possession of a firearm – can't agree on the what makes a gun legal or illegal, then there are only two conclusions:

1. The agency benefits from the confusion in some way, or
2. The law itself is unconstitutionally vague.

**Statement of Facts**

1. For the reasons set forth below, this Court is required to accept as true all material allegations of the complaint and construe the facts in the light most favorable to the Plaintiffs. That makes the First Amended Complaint (FAC) itself the Statement of Facts for this memorandum.
2. However, the Plaintiffs wish to make some additional facts available to the court, that if not dispostive, would support leave to amend the FAC.
3. Filed concurrently with this memorandum is the DECLARATION OF GENE HOFFMAN OPPOSING DEFENDANTS' MOTION TO DISMISS. What becomes abundantly clear from the recitation of undisputable facts set forth in Mr. Hoffman's declaration is that Defendant CALIFORNIA

---

[1] Though this theory is plead in a related action that is being concurrently filed.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Opposition: MTD                     Page 2 of 10                     Haynie v Harris

1  DEPARTMENT OF JUSTICE (DOJ) comes to this suit, and pleads their
2  defense with unclean hands.
3  4. A fair interpretation of the events described by Mr. Hoffman, with all
4  inferences favorably disposed toward the Plaintiffs, are:
5     a. The DOJ treats gun owners in California as legal guinea-pigs when it
6        comes to their statutory duty of interpreting the Assault Weapons
7        Statutes and Regulations.
8        i. What other explanation is there for the DOJ's lawyer (Ms.
9           Allison Merrilees) advising people that their guns are legal, but
10          watch out for the 58 D.A.s in this state, as they might disagree
11          and prosecute you? (Exhibit A attached to Hoffman Declaration.)
12       ii. Compound that with Ms. Merrilees admission, while she was a
13          DOJ lawyer, that DOJ was looking for a test case to define
14          detachable magazine.  (Exhibit C attached to Hoffman
15          Declaration.)  The implication of this one fact alone is that DOJ
16          was prepared to heap the full prosecutorial power of the state
17          upon an individual, including the deprivation of liberty, the
18          disruption to careers and families and costs imposed for criminal
19          defense – as a means of redeeming a highly technical (and
20          constitutionally dubious) scheme of regulating common and
21          ordinary firearms.
22    b. That the DOJ intentionally put out a disinformation campaign by
23       falsely telling the public that temporary modifications of a firearm that
24       prevent it from accepting a detachable magazine still results in
25       firearm that can be classified as an assault weapon.  (i.e., that
26       permanent modification of the gun is required.) (See Exhibit D
27       attached to Hoffman Declaration.)
28    c. Following up the disinformation campaign, the DOJ had to try and

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

|   |   |   |
|---|---|---|
| 1 | | follow through with an attempt at rule-making that never got off the ground. (Exhibits E and F attached to the Hoffman Declaration.)  In other words, DOJ's attempt to clarify the law through its rule-making power is an admission that law hadn't caught up with the technology and that (then) current regulations weren't adequate to address the issue of detachable magazines, at least from DOJ's perspective. |
| 7 | d. | Not satisfied with following the Administrative Code of California for clarifying the law, DOJ took a run at promulgating an underground regulation.  (Exhibits G, H, I and J attached to Hoffman Declaration.) |
| 10 | e. | Even a direct plea from one of the 58 District Attorneys for advice on interpreting California's Assault Weapons law is rebuffed by DOJ. (Exhibit K attached to Hoffman Declaration.) |
| 13 | f. | Finally, to dispel the assumption that Plaintiff HAYNIE's experience is an isolated incident, Mr. Hoffman recounts a half-dozen cases, related to bullet buttons or magazine locks, in which CALGUNS FOUNDATION INC., assisted in the defense of people wrongfully accused of possessing legal firearms. (Hoffman Declaration ¶20.) |
| 18 | g. | The full story of Mr. Brendan Richards is detailed in his own Complaint for civil rights violations, a case filed on or about May 20, 2011 in which a notice of related case will also be filed. Basically: |
| 21 | i. | Mr. Richards was arrested and spent 6 days in jail before his family could raise the funds for bail. |
| 23 | ii. | He was charged, based on a police officer's report who claimed to be an expert in firearms, with felony possession of assault weapons and large capacity magazines. |
| 26 | iii. | After the DOJ's own expert submitted a report that the firearms were in fact legal to own in CA, all of the charges against Mr. Richards were dismissed. |

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Opposition: MTD                           Page 4 of  10                           Haynie v Harris

## Legal Standards Re: Fed.R.Civ.P. 12(b)(1) Motions

5.  Defendants' Rule 12(b)(1) subject matter jurisdiction challenge appears to be based solely on constitutional/procedural rules regarding standing and prudential considerations of abstention and/or exhaustion of administrative remedies. Courts disagree whether a motion to dismiss for lack of standing should be brought under Rule 12(b)(6) or 12(b)(1).

   a. Some courts (including the Ninth Circuit) hold a motion to dismiss for failure to state a claim under Rule 12(b)(6) lies where the complaint reveals on its face that plaintiff lacks standing. *Sacks v. Office of Foreign Assets Control* (9th Cir. 2006) 466 F.3d 764, 771; *Brereton v. Bountiful City Corp.* (10th Cir. 2006) 434 F.3d 1213, 1216; *Ballentine v. United States* (3rd Cir. 2007) 486 F.3d 806, 810.

   b. Other courts hold such motions should be brought under Rule 12(b)(1) because standing is a jurisdictional matter. *Alliance For Environmental Renewal, Inc. v. Pyramid Crossgates Co.* (2nd Cir. 2006) 436 F.3d 82, 88, fn. 6; see *Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.* (11th Cir. 2008) 524 F.3d 1229, 1232 – dismissal for lack of standing treated as dismissal for lack of subject matter jurisdiction under FRCP Rule 12(b)(1); *Apex Digital, Inc. v. Sears, Roebuck & Co.* (7th Cir. 2009) 572 F.3d 440, 443.

6.  Furthermore, under a Rule 12(b)(1) jurisdictional motion a defendant may make either: (1) a facial attack, which requires the court to accept the facts plead in the complaint as true, or (2) a factual attack (i.e., a speaking motion) based on extrinsic evidence. Moreover, if the jurisdictional facts are intertwined with substantive issues, then the Court should deny a request for dismissal under Fed.R.Civ.P. 12(b)(1) and adjudicate the issue under Rule 12(b)(6) and/or Rule 56. See: *Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1045, 1039. This is not an insignificant issue.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Opposition: MTD            Page 5 of 10            Haynie v Harris

7.    A Rule 12(b)(6) motion based on extrinsic facts cannot be granted where there is a genuine issue as to any material fact. However, a Rule 12(b)(1) "speaking motion" may be granted notwithstanding disputed facts because the trial court has power to evaluate and decide conflicting facts in an evidentiary hearing and weigh competing evidence. *Rosales v. United States* (9th Cir. 1987) 824 F.2d 799, 803.

8.    This threshold issue is easily resolved as the Defendants have not tendered any extrinsic evidence (e.g., requests for judicial notice, certified documents, affidavits, etc...) in support of a 'speaking motion' under Rule 12(b)(1); therefore the Court is required to adjudicate this motion under the rules and standards of Fed.R.Civ.P. 12(b)(6), i.e., the Court must consider the allegations in the complaint as true and construe them in the light most favorable to the Plaintiffs. *Montez v. Department of Navy* (5th Cir. 2004) 392 F.3d 147, 149-150; *Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035, 1039.

### Legal Standards Re: Fed.R.Civ.P. 12(b)(6) Motions

9.    Since the Defendants have elected, under Fed.R.Civ.P. 12(b)(6), to challenge jurisdiction and the legal sufficiency of the complaint, the court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson* (1957) 355 U.S. 41, 45-46, 78 S.Ct. 99, 102; *De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45, 48; *SEC v. Cross Fin'l Services, Inc.* (CD CA 1995) 908 F.Supp. 718, 726-727 (quoting text); *Beliveau v. Caras* (CD CA 1995) 873 F.Supp. 1393, 1395 (citing text); *United States v. White* (CD CA 1995) 893 F.Supp. 1423, 1428 (citing text).

10.   Thus, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Opposition: MTD            Page 6 of 10            Haynie v Harris

F.2d 696, 699; *Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F.3d 295, 297 – "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F.Supp.2d 1096, 1101 (citing text); *Coffin v. Safeway, Inc.* (D AZ 2004) 323 F.Supp.2d 997, 1000 (citing text).

## Discussion | Argument

A. <u>This Court has Federal Question Jurisdiction</u>.

11. Vindication of civil rights under the Constitution is certainly a federal question. 28 U.S.C. § 1343. Since the Plaintiffs are essentially complaining that their "right to keep and bear arms" as defined by the Second Amendment is being chilled, their claims certainly qualify as a federal question. See: *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 177 L. Ed. 2d 894 (2010).

12. The allegations in the complaint are that Plaintiff HAYNIE was wrongfully deprived of his liberty, in part, because the DOJ has failed in its statutory duty to clarify the law on so-called Assault Weapons. And while the City of Pleasanton has graciously settled the financial loss by reimbursing his bail fee, the physical fact remains that HAYNIE had his Fourth Amendment right to be free of unreasonable seizure (both his person and his rifle) violated.

13. The DOJ's attempt to characterize this event as an isolated incident is belied by the multiple cases documented in the Hoffman Declaration which supports ¶ 24 (page 5) of the First Amended Complaint (FAC). The facts are, that otherwise law-abiding gun owners continue to be arrested and have their firearms confiscated due to the general state of confusion in the law enforcement community about the definition of detachable magazines. Therefore it is not unreasonable for HAYNIE on behalf of himself, and for the CALGUNS FOUNDATION, INC., and the SECOND AMENDMENT

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

FOUNDATION, INC., on behalf of their members, to assert that there is a real threat of future illegal seizures based upon the policy decision by DOJ to refuse to clarify the definition of detachable magazine. *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).

14. The same argument is applicable in a Second Amendment context for as long as law enforcement agencies in this State continue to confiscate legal firearms from people who have committed no crimes.

B. <u>Chilling the Exercise of a Fundamental Right is Irreparable Harm</u>.

15. Evolving case law on the Second Amendment is trending toward treating it, in some respects, like the First Amendment. *United States v. Chester*, 628 F.3d 673 (4th Cir. 2010); *United States v. Marzzarella*, 614 F.3d 85 (3d Cir. 2010); *Heller v. District of Columbia*, 698 F. Supp. 2d 179 (D.D.C. 2010), *United States v. Engstrum*, 609 F. Supp. 2d 1227 (D. Utah 2009).

16. Vague and overbroad laws are subject to constitutional censure if they chill the exercise of a fundamental right. Additionally, quite apart from any 'substantive due process' claim, enumerated rights provide a particular bulwark against laws that criminalize conduct that cannot be adequately defined in a way to prevent wrongful prosecutions. *Grayned v. City of Rockford*, 408 U.S. 104 (1972); *Reno v. ACLU*, 521 U.S. 844 (1997).

17. On page 8 of their Motion to Dismiss (MTD), Defendants conceded that HAYNIE's arrest was wrongful and appeared to stem from human error on the part of the Pleasanton Police officer. Thus DOJ contends that there is no pervasive confusion in the law enforcement community about Assault Weapon definitions. But the FAC at ¶ 24 and the Hoffman Declaration raise a triable issue of fact whether this is true.

18. Gun owners in California should not have to bear the burden of uncertainty caused by laws with vague and ambiguous definitions, especially when the DOJ has the power, at such minimal effort, to remove that ambiguity.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

C. <u>There are Four Separate Theories for Injunctive Relief</u>.

19. First, the FAC invokes California Penal Code §§ 12276.5 and 12289 for the proposition that the DOJ and Attorney General have a duty to "adopt rules and regulations that may be necessary or proper to carry out the purposes and intent of this chapter." PC § 12276.5(c). Similarly the DOJ has duty to educate the public, and engage in outreach to local law enforcement to insure compliance with the law. PC § 12289(a). Both of these statutes speak in the compelling language of "The Department of Justice shall...." or "The Attorney General shall..." But as the MTD points out the Attorney General is the chief law officer of the State, with a duty see that the laws of California are uniformly and adequately enforced. To accomplish this the Attorney General has supervisory authority over all 58 District Attorneys. Cal. Const., Art. V, § 13 *et seq*. So how is that Ms. Merrilees can opine that a gun is legal to import into California, but that 58 D.A.s might disagree with her? There has to be remedy for compelling the states "chief law officer" to comply with the law (and her own state constitution) and that mechanism is the injunctive relief available under 42 U.S.C. § 1983, 1988 in a federal court.

20. Second, notwithstanding the specific duties of the Attorney General and the Department of Justice with respect to Assault Weapons, the Defendants have a general duty under California Penal Code §§ 13500 *et seq*., which establishes a commission on Peace Officer Standards and Training that requires the DEPARTMENT OF JUSTICE, with the Attorney General as an ex officio member of the commission, that is required to provide personnel, training and training material to cities and counties to insure an effective and professional level of law enforcement within the State of California.

21. Third, California Attorney General KAMALA HARRIS has concurrent prosecutorial jurisdiction with the state's 58 District Attorneys, and as a prosecutor she is bound by a duty to seek substantial justice and avoid the

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Opposition: MTD          Page 9 of 10          Haynie v Harris

1 filing of criminal charges in which she knows – or should know – are not supported by probable cause. *Berger v. United States* (1935) 295 U.S. 78, 88, 55 S.Ct. 629, 633; *United States v. LaPage* (9th Cir. 2000) 231 F.3d 488, 492; see also ABA Standards for Criminal Justice, Prosecution Function and Defense Function (3rd Ed. 1993), Prosecution Function Standard 3-1.2(c); and ABA Model Code, EC 7-13.

22. Furthermore, HARRIS also has an independent duty to disclose information beneficial to the accused and by extension she has a duty to prevent wrongful arrests in the first place when she has the power to do so. *Brady v. State of Maryland* (1963) 373 U.S. 83; *Johnson v. Sup.Ct. (People)* (1975) 15 Cal.3d 248, 124 Cal.Rptr. 32; see also *In re Miranda* (2008) 43 Cal.4th 541, 76 Cal.Rptr.3d 172; ABA Model Rule 3.8(d); ABA Form.Opn. 09-454, along with: Ca Professional Conduct Rule 5-100, 5-110; and ABA Model Code DR 7-103(A) and ABA Model Rule 3.8(a).

23. Fourth and finally, the California Department of Justice and the Attorney General have an equitable duty to clear up the confusion they generated between 2005 and 2009 as recounted in Hoffman's Declaration.

## Conclusion

24. The Motion to Dismiss should be denied.

25. In the alternative, the Court should deny Defendants' MTD without prejudice and set a briefing schedule for cross-motions for summary judgment.

26. In the alternative, the Court should grant Plaintiffs leave to amend in order to cure any perceived defects in the FAC.

Respectfully Submitted on May 20, 2011,

/s/
_____

Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER

Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Opposition: MTD    Page 10 of 10    Haynie v Harris