KAMALA D. HARRIS
Attorney General of California
ZACKERY P. MORAZZINI
Supervising Deputy Attorney General
ROSS C. MOODY
Deputy Attorney General
State Bar No. 142541
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-1376
  Fax:  (415) 703-1234
  E-mail:  Ross.Moody@doj.ca.gov
*Attorneys for Defendants California Department of
Justice and Attorney General Kamala Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MARK AARON HAYNIE, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**KAMALA HARRIS, Attorney General of California (in her official capacity) and CALIFORNIA DEPARTMENT OF JUSTICE, and DOES 1 TO 20,**<br><br>Defendants. | 10-cv-1255-SI<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:          August 5, 2011<br>Time:          9:00 a.m.<br>Courtroom:  10<br>Judge          The Honorable Susan Illston<br>Trial Date    N/A<br>Action Filed:  March 25, 2010 |

## INTRODUCTION

In their moving papers, the Attorney General of California and the California Department

of Justice ("Defendants") sought an order dismissing the First Amended Complaint in this action

based on Plaintiffs' lack of standing.  Defendants alleged that Plaintiffs lacked Article III standing

because (1) they had not demonstrated a credible threat of future injury and (2) they had not

demonstrated an imminent threat of irreparable harm.  Defendants also alleged that Plaintiffs

failed to allege facts sufficient to justify injunctive relief against a state official.  In their

1

1  opposition, Plaintiffs utterly fail to address any of the standing arguments raised by Defendants,
2  or make any attempt to explain how they have satisfied the threshold requirements of standing in
3  an Article III Court.  Due to the fatal defects in the complaint at issue, this Court must dismiss
4  this action for lack of standing.

5                                    **ARGUMENT**

6  **I.    PLAINTIFFS HAVE NOT ESTABLISHED STANDING.**

7         Plaintiffs suggest that "the Court is required to adjudicate this motion under the rules and
8  standards of Fed.R.Civ.P. 12(b)(6), i.e., the Court must consider the allegations in the complaint
9  as true and construe them in the light most favorable to the Plaintiffs."  Opp. at p. 6.  This is
10 incorrect.   It is true that "[a]t the pleading stage, general factual allegations of injury resulting
11 from the defendant's conduct may suffice, for on a motion to dismiss [a court will] 'presum[e]
12 that general allegations embrace those specific facts that are necessary to support the claim.' "
13 *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*,
14 497 U.S. 871, 889, (1990)).  But even "[o]n a motion to dismiss for lack of standing ... the court is
15 not obliged to accept allegations of future injury which are overly generalized, conclusory, or
16 speculative."  *Stevens v. Harper*, 213 F.R.D. 358, 370 (E.D.Cal.2002); see also *Simon v. E. Ky.*
17 *Welfare Rights Org.*, 426 U.S. 26, 44, (1976) (explaining that "unadorned speculation will not
18 suffice to invoke the federal judicial power").  And it "is well established" that "before a federal
19 court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the
20 court must establish the requisite standing to sue."  *Whitmore v. Arkansas*, 495 U.S. 149, 154
21 (1990).

22        Plaintiffs appear to believe that because they are making allegations related to the Second
23 Amendment, that "their claims certainly qualify as a federal question" and that Plaintiffs are
24 entitled to "the mechanism" of injunctive relief against Defendants.  Opp. at pp. 7, 9.  But there is
25 more to standing than just citing the federal Constitution.  In fact, "federal courts are presumed to
26 lack jurisdiction, unless the contrary appears affirmatively from the record." *San Diego Gun*
27 *Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).  "It goes without saying that those
28 who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement

                                            2

1  imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los*

2  *Angeles v. Lyons*, 461 U.S. 95, 101, (1983).

3      In Defendants' moving papers, multiple, specific deficiencies in the allegations of the

4  Plaintiffs' First Amended Complaint were identified.  These included a failure to allege a credible

5  threat of future injury (Defendants' Memo. at pp. 4-6) and a failure to allege an imminent threat

6  of irreparable harm (Defendants' Memo. at pp. 6-7.)  Under controlling Supreme Court precedent,

7  a complaint which seeks injunctive relief but fails to allege these facts has failed to demonstrate

8  standing and must be dismissed.  See *Lyons*, 461 U.S. at 106, 108 [because Lyons had failed to

9  credibly allege that "he faced a realistic threat from the future application" of the challenged

10  police practice he lacked standing].  Plaintiffs have failed to answer either of these arguments, or

11  point out where in the First Amended Complaint they have pled the required facts.  Absent such

12  an affirmative showing by Plaintiffs, they lack standing to seek redress in this Court.

13  **II.    THE DECLARATION SUBMITTED BY PLAINTIFFS IS IRRELEVANT.**

14      Rather than demonstrate that they can meet the mandatory pleading requirements of *Lyons*

15  and its progeny, Plaintiffs instead offer a declaration which purports to demonstrate that the

16  California Department of Justice "comes to this suit, and pleads their defense with unclean

17  hands."  Opp. at p. 3.  But a declaration filed months after the filing of the complaint is legally

18  irrelevant to the question of standing because " '[t]he existence of federal jurisdiction ... depends

19  on the facts *as they exist when the complaint is filed*.'"  *Lujan*, 504 U.S. at 571 n. 4, (emphasis in

20  original) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989).)

21  Plaintiffs' submission of this post hoc declaration is plainly irrelevant to the issues presented

22  through Defendants' motion.  Moreover, a naked claim of "unclean hands" does not somehow

23  vest subject matter jurisdiction in this Court.

24      In addition to being legally irrelevant, Plaintiffs' contentions about the California

25  Department of Justice's conduct with respect to interpreting the Assault Weapons Control Act are

26  incorrect.  Plaintiffs suggest that the Department has advised citizens that "their possession of

27  certain semi-automatic firearms is legal, while at the same time warning them that any one of the

28  58 [] State's District Attorneys might come to a different conclusion and prosecute" for

3

1    possession of these weapons.  Opp. at pp. 1-2.  To Plaintiffs, this is an untenable contradiction

2    because "the Attorney General has supervisory authority over all 58 District Attorneys."  Opp. at

3    p. 9, citing Article V, section 13 of the California Constitution.  Plaintiffs mischaracterize the

4    facts, and misunderstand the role of the Attorney General.

5            Significantly, the letters from late 2005 and early 2006 on Department of Justice letterhead

6    explicitly state that they are expressing "an opinion" about the legality of certain weapons.  See

7    Exhibit A to Hoffman Declaration.  Under California law, the opinions of the Attorney General

8    "are not binding upon the courts."  *Lucas v. Board of Trustees*, 18 Cal.App.3d 988, 991–992, 96

9    Cal.Rptr. 431 (1971).  Hence, although the Department may express an opinion on the legality of

10   a weapon, it is not the final word on the subject, and a court (the final arbiter on the interpretation

11   of laws) may disagree.

12           In addition, the Ninth Circuit has rejected Plaintiffs' expansive view of the Attorney

13   General's power to control District Attorneys:

14           As the district court for the Northern District of California astutely observed in *Roe v.
15           County of Lake*, 107 F.Supp.2d 1146 (N.D.Cal.2000), such reliance on Article V,
             section 13, "would prove too much, as the California Constitution permits the
16           Attorney General to supervise all 'other law enforcement officers as may be
             designated by law.' " *Id.* at 1150-51 (quoting Cal. Const. art. V, § 13).  On its face,
17           Article V, section 13, applies to all law enforcement officers in California.  The
             California Supreme Court has explained that the purpose of Article V, section 13,
18           "was to ease the difficulty of solving crimes, and arresting responsible criminals, by
             coordinating county law enforcement agencies and providing the necessary
19           supervision by the Attorney General over them."  *Pitts v. County of Kern*, 17 Cal.4th
             340, 70 Cal.Rptr.2d 823, 949 P.2d 920, 931 n. 4 (1998).  Article V, section 13 thus is
20           a tool that aids the Attorney General in carrying out his duty "to see that the laws of
             the State are uniformly and adequately enforced."  Cal. Const. art. V, § 13.  Such
21           general law enforcement authority "does not contemplate absolute control and
             direction" of the officials subject to the Attorney General's supervision. *People v.*
22           *Brophy*, 120 P.2d 946, 953 (Cal.Ct.App.1942).

23   *Brewster v. Shasta County*, 275 F.3d 803, 809 (9th Cir. 2001).

24           Moreover, when a statute has few cases interpreting it, and where reasonable people may

25   disagree about its meaning, it is perfectly legitimate for the Attorney General's staff to express an

26   informed opinion, while warning the public that other prosecutors may take a different view.

27   Treating such a discourse as invidious and employing overheated rhetoric to demonize it is not

28

4

1  constructive.  When statutes are untested in court, there may well be a diversity of opinion about

2  their meaning, and informing the public of this fact is neither imprudent nor improper,

3  **III.   PLAINTIFFS HAVE FAILED TO JUSTIFY A FEDERAL COURT ORDER AGAINST A**
   **STATE ACTOR.**

4

5        In Defendants' moving papers, they pointed out that principles of comity and federalism

6  weigh strongly in favor of not interfering with state police matters unless a strong showing is

7  made.  Defendants established that Plaintiffs have made a weak showing of the requisite "great

8  and immediate irreparable injury," the standard articulated in *Lyons*, 461 U.S. at 112.  The

9  question posited in Defendants' moving papers remains unanswered: how would issuing a

10  bulletin of the type requested prevent improper arrests?  The information to be disseminated in

11  the proposed bulletin is already expressed in statute, in the California Code of Regulations, and in

12  the Department's Assault Weapons Identification Guide.  And Plaintiffs implicitly concede as

13  much in their Complaint.  FAC ¶¶ 28, 32.  Plaintiffs have not explained how having a federal

14  court force the California Attorney General to issue a new bulletin would be more effective than

15  the plain language of the statute, the existing guide, and published regulations.  Accordingly, they

16  have not met the standard for injunctive relief.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1

**CONCLUSION**

2

      Plaintiffs have failed to establish standing to advance their claims in this forum.  In

3

addition, they have failed to allege sufficient facts to justify any injunctive relief against the state

4

officials named as defendants here.  For the foregoing reasons, the First Amended Complaint

5

must be dismissed.

6

Dated:  May 27, 2011                    Respectfully submitted,

7

                                  KAMALA D. HARRIS
                                  Attorney General of California

8

                                  ZACKERY P. MORAZZINI
                                  Supervising Deputy Attorney General

9

10

                                  /s/ Ross C. Moody

11

                                  ROSS C. MOODY
                                  Deputy Attorney General

12

                                  *Attorneys for Defendants*

13

SA2010101060
20457780.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6