

**BILL LOCKYER**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

# FAX TRANSMISSION COVER SHEET

> IMPORTANT/CONFIDENTIAL: This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential and exempt from disclosure under applicable law. If the reader of this communications is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

DATE: May 24th, 2006　　　TIME: 5:00 PM　　　NO. OF PAGES: 10
(INCLUDING COVER SHEET)

**TO:**

NAME: Gene Hoffman, Jr.
OFFICE:
LOCATION:
FAX NO: (650) 522-4481　　　PHONE NO.:

**FROM:**

NAME: Alison Merrilees
OFFICE: Department of Justice, Firearms Division
LOCATION: Sacramento, CA
FAX NO: (916) 263-0676　　　PHONE NO.:

### MESSAGE/INSTRUCTIONS

Documents Enclosed

**PLEASE DELIVER AS SOON AS POSSIBLE!**
FOR ASSISTANCE WITH THIS FAX, PLEASE CALL THE SENDER

JUS 133 (6/96)

**BILL LOCKYER**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

FIREARMS DIVISION
P.O. BOX 160487
SACRAMENTO, CA 95816-0487
Facsimile: (916) 263-0676
(916) 263-0699

May 24, 2006

Mr. Gene Hoffman Jr.
751 Sylvan Way
Emerald Hills, CA. 94062

Re:   Public Records Act Request

Dear Mr. Hoffman:

I am writing in response to your letter dated May 11, 2006 requesting "copies of records relating to the various iterations of the memoranda or "Important Notices" regarding sales or possession of Unnamed AR-15/AK 47 "Series" Firearms." You requested "copies of all of the revisions of this memo/notice since December 1, 2005." You also requested "any meeting notices, emails, internal memoranda or other written or electronic records directly relating to the analysis in the various versions of these notices."

According to our records, we have posted three notices on our website regarding series-style assault weapons since December 1, 2005. The first notice was posted on February 6, 2006. The February 6, 2006 contained two typographical errors regarding the year of the *Harrott* decision and an error regarding the closing date for registration of SB 23 assault weapons. I have enclosed a copy of the February 6, 2006 notice, which is labeled as "Attachment A." That document was edited to correct the errors and to add the DOJ seal on February 7, 2006. I have enclosed a copy of the February 7, 2006 notice, which is labeled as "Attachment B."

On May 1, 2006, we removed the February 7, 2006 notice from the Firearms Division website. On May 9, 2006, we posted a revised notice regarding series-style weapons that was prepared in consultation with attorneys within the Department. It represents the Department's final policy regarding series-style weapons that have not been identified as assault weapons by the Department. I have enclosed a copy of the May 9th notice, which is labeled as "Attachment C."

None of the other documents that you requested are subject to public disclosure because they are privileged under the Evidence Code. (California Government Code §6245(k)). Therefore, we will not comply with the portion of your Public Records Act request in which you request those documents.

Hoffman PRA Request
May 24, 2006
Page 2

                              Sincerely,

                              *[signature]*

                              ALISON Y. MERRILEES
                              Deputy Attorney General

                    For:    BILL LOCKYER
                            Attorney General

Attachments

# Attachment A

BILL LOCKYER
California
Attorney General
JUSTICE

State of

DEPARTMENT OF

FIREARMS DIVISION
P.O. Box 160487
Sacramento, CA 95816-0487

Public: 916-263-4887

# IMPORTANT NOTICE
## California Department of Justice
## Information Regarding the Sale/Possession of Newly Identified AR-15/AK 47 "Series" Firearms

The Department of Justice (hereafter "the Department") has received numerous contacts from the public and firearms industry personnel regarding the legality of various AR-15/AK 47 "series" style firearms that have not yet been identified as "series" assault weapons by the Department. The Department is also aware of the recent high volume of sales of these firearms.

The Department has the statutory authority to identify "series" assault weapons. In 2000, the California Supreme Court upheld that authority in *Kasler v. Lockyer* (2000) 23 Cal. 4th 472. The Department updated the list of "series" weapons in 2000 (as "Category 2" assault weapons), shortly after the *Kasler* decision.

The California Supreme Court reiterated in 2003 that "the Attorney General has the authority to determine that certain semiautomatic firearms are assault weapons by simply identifying them as such in the list published by the Attorney General in the California Code of Regulations...two types of firearms defined in Penal Code (PC) section 12276 by the use of the term series, namely the AK-47 series and the Colt AR-15 series." *Harrott v. County of Kings* (2003) 25 Cal. 4th 1138, 1155.

Accordingly, the Department is currently in the process of identifying those firearms in the state that are variations, with minor differences, of AR-15/AK 47 "series" weapons. Once this process is complete, the Department will promulgate a list and file it with the Secretary of State's office. Concurrently, the Department will begin updating the Assault Weapon Identification Guide which is currently available via the Department's website at http://ag.ca.gov/firearms/forms/index.html. Once the list of newly identified "series" weapons is filed with the Secretary of State, citizens who possess those weapons will have 90 days to register them with the Department of Justice.

**Newly identified "series" weapons cannot legally have the features listed**

2/2006

IMPORTANT NOTICE
Page Two

The registration period for assault weapons with those characteristics (Category 3 assault weapons) ended on December 31, 2000. Because non-"series" assault weapons with PC section 12276.1 features may not be offered for sale, manufactured, imported, or possessed in California, it follows that newly registered "series" weapons may not have the features listed in PC section 12276.1, either.

The prohibition on the features listed in PC section 12276.1 is consistent with current DOJ policy that named "series" weapons are illegal, unless registered, regardless of whether they have the PC section 12276.1 features. It is also consistent with the intent of the California state legislature to ban assault weapons, expressed in 1991 when PC section 12276(f) was enacted.

> This section is declaratory of existing law, as amended, and a clarification of the law and the Legislature's intent which <u>bans</u> the weapons enumerated in this section, the weapons included in Section 12276.5, and any other models which are only minor variations of those weapons with minor differences, regardless of the manufacturer [emphasis added].

It should be noted that individuals who timely registered "Category 1" and "Category 2" assault weapons were allowed to keep or add the PC section 12276.1 features on their firearms. Those generic features were not illegal during the registration period for Category 1 assault weapons. In August of 2000, when the Department identified the Category 2 "series" weapons, it was legal to register weapons with those characteristics as Category 3 assault weapons. Firearms with those features could no longer be registered as of January 1, 2001. Therefore, newly identified "series" (Category 4) weapons likewise cannot have those features.

**Registrants of newly identified series weapons cannot legally add PC section 12276.1 features to those firearms.** The Department intends to enforce this restriction through the assault weapon registration process. Registration acknowledgment letters will include an admonition to registrants that adding prohibited features to newly registered assault weapons will invalidate the registration. The basis for valid registration will rest solely on the fact that the Department identifies the receivers for these firearms as variations, with minor differences, of already controlled AR-15/AK 47 "series" weapons. All additional features of the newly identified "series" weapons must conform with current California law.

Firearm manufacturers, wholesalers and dealers who misinform the public about the ability to legally add prohibited features to these newly listed firearms risk criminal prosecution. They could also face civil penalties of up to $2,500 per violation under the state's Unfair Practices Act (California Business & Professions Code section 17000 et seq.).

This information will be distributed to criminal justice agencies throughout the state, as well as to firearm dealers listed on the Department's Centralized List, via the formal Information Bulletin process.

in PC section 12276.1 when they are registered. Those features cannot legally be added after the firearms are registered as assault weapons. The PC section 12276.1 features have been banned since January 1, 2000, when Senate Bill 23 went into effect. The public was notified of the prohibition on the specified features many years ago.

# Attachment B

**BILL LOCKYER**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



FIREARMS DIVISION
P.O. Box 160487
Sacramento, CA 95816-0487

Public: 916-263-4887

# IMPORTANT NOTICE
## California Department of Justice
## Information Regarding the Sale/Possession of Newly Identified AR-15/AK 47 "Series" Firearms

The Department of Justice (hereafter "the Department") has received numerous contacts from the public and firearms industry personnel regarding the legality of various AR-15/AK 47 "series" style firearms that have not yet been identified as "series" assault weapons by the Department. The Department is also aware of the recent high volume of sales of these firearms.

The Department has the statutory authority to identify "series" assault weapons. In 2000, the California Supreme Court upheld that authority in *Kasler v. Lockyer* (2000) 23 Cal. 4th 472. The Department updated the list of "series" weapons in 2000 (as "Category 2" assault weapons), shortly after the *Kasler* decision.

The California Supreme Court reiterated in 2001 that "the Attorney General has the authority to determine that certain semiautomatic firearms are assault weapons by simply identifying them as such in the list published by the Attorney General in the California Code of Regulations...two types of firearms defined in Penal Code (PC) section 12276 by the use of the term series, namely the AK-47 series and the Colt AR-15 series." *Harrott v. County of Kings* (2001) 25 Cal. 4th 1138, 1155.

Accordingly, the Department is currently in the process of identifying those firearms in the state that are variations, with minor differences, of AR-15/AK 47 "series" weapons. Once this process is complete, the Department will promulgate a list and file it with the Secretary of State's office. Concurrently, the Department will begin updating the Assault Weapon Identification Guide which is currently available via the Department's website at http://ag.ca.gov/firearms/forms/index.html. Once the list of newly identified "series" weapons is filed with the Secretary of State, citizens who possess those weapons will have 90 days to register them with the Department of Justice.

**Newly identified "series" weapons cannot legally have the features listed in PC section 12276.1 when they are registered. Those features cannot legally be added after the firearms are registered as assault weapons.** The PC section 12276.1 features have been banned since January 1, 2000, when Senate Bill 23 went into effect. The public was notified of the prohibition on the specified features many years ago.

IMPORTANT NOTICE
Page Two

The registration period for assault weapons with those characteristics (Category 3 assault weapons) ended on December 31, 2000. Because non-"series" assault weapons with PC section 12276.1 features may not be offered for sale, manufactured, imported, or possessed in California, it follows that newly registered "series" weapons may not have the features listed in PC section 12276.1, either.

The prohibition on the features listed in PC section 12276.1 is consistent with current DOJ policy that named "series" weapons are illegal, unless registered, regardless of whether they have the PC section 12276.1 features. It is also consistent with the intent of the California state legislature to ban assault weapons, expressed in 1991 when PC section 12276(f) was enacted.

> This section is declaratory of existing law, as amended, and a clarification of the law and the Legislature's intent which bans the weapons enumerated in this section, the weapons included in Section 12276.5, and any other models which are only minor variations of those weapons with minor differences, regardless of the manufacturer [emphasis added].

It should be noted that individuals who timely registered "Category 1" and "Category 2" assault weapons were allowed to keep or add the PC section 12276.1 features on their firearms. Those generic features were not illegal during the registration period for Category 1 assault weapons. In August of 2000, when the Department identified the Category 2 "series" weapons, it was legal to register weapons with those characteristics as Category 3 assault weapons. Firearms with those features could no longer be registered as of January 1, 2001. Therefore, newly identified "series" (Category 4) weapons likewise cannot have those features.

**Registrants of newly identified series weapons cannot legally add PC section 12276.1 features to those firearms.** The Department intends to enforce this restriction through the assault weapon registration process. Registration acknowledgment letters will include an admonition to registrants that adding prohibited features to newly registered assault weapons will invalidate the registration. The basis for valid registration will rest solely on the fact that the Department identifies the receivers for these firearms as variations, with minor differences, of already controlled AR-15/AK 47 "series" weapons. All additional features of the newly identified "series" weapons must conform with current California law.

Firearm manufacturers, wholesalers and dealers who misinform the public about the ability to legally add prohibited features to these newly listed firearms risk criminal prosecution. They could also face civil penalties of up to $2,500 per violation under the state's Unfair Practices Act (California Business & Professions Code section 17000 et seq.).

This information will be distributed to criminal justice agencies throughout the state, as well as to firearm dealers listed on the Department's Centralized List, via the formal Information Bulletin process.

# Attachment C

**BILL LOCKYER**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



FIREARMS DIVISION
P.O. Box 160487
Sacramento, CA 95816-0487

Public: 916-263-4887

# **IMPORTANT NOTICE**
## California Department of Justice
## Information Regarding the Sale/Possession of Unnamed AR-15/AK 47 "Series" Firearms

The Department of Justice (hereafter "the Department") has received numerous inquiries from the public and firearms industry personnel about the legality of various AR-15/AK 47 "series" style firearms that have not been named by the Department as "series" assault weapons. The Department believes that the public and law enforcement are best served by reference to the generic definition of assault weapons set forth in SB 23, rather than reliance upon a scheme of identifying assault weapons by name. Therefore, the Department will not update the list of "series" assault weapons.

SB 23 has banned the possession, sale and manufacture of firearms with the characteristics of assault weapons as defined in California Penal Code §12276.1 since January 1, 2000. A semiautomatic centerfire rifle with the capacity to accept a detachable magazine and any of the generic features listed in Penal Code §12276.1(a)(1) is contraband unless it was registered prior to January 1, 2001. It is illegal to manufacture, cause to be manufactured, distribute, transport, import, keep for sale, offer or expose for sale, give or lend such a weapon, except as permitted by law.

Law enforcement officials, firearm dealers and the public should be aware that semiautomatic centerfire rifles that are modified to be temporarily incapable of accepting detachable magazines, but can be restored to accommodate detachable magazines, are assault weapons if they have any of the features listed in §12276.1(a)(1). The Department intends to exercise its power pursuant to Penal Code section 12276.5(i) to adopt regulations as "necessary or proper to carry out the purposes and intent" of California law to ban assault weapons in the state.

Individuals who own firearms that meet the generic definition of assault weapons banned by SB 23 must do one of the following in order to comply with existing law: remove the features, sell the firearm (without the features), or permanently alter the firearm so that it cannot accept a detachable magazine.

It remains illegal to possess assault weapons banned by name (either in statute or regulation), unless those assault weapons are registered and possessed in accordance with state law. The time limits for registration, which depend on the make and model of the assault weapon, are set forth in Penal Code §12285.