Office of Administrative Law
300 Capitol Mall, Suite 1250
Sacramento, CA 95814

Attention: Chapter 2 Compliance Unit

**Petition to the Office of Administrative Law**

Re:     ""IMPORTANT NOTICE" California Department of Justice Information
        Regarding the Sale/Possession of Unnamed AR-15/AK 47 'Series' Firearms"

From:  Gene Hoffman, Jr.

Date:  July 11, 2007


**1. Identifying Information:**

   Gene Hoffman, Jr.
   751 Sylvan Way
   Emerald Hills, CA 94062
   650-XXX-XXXX
   hoffmang@hoffmang.com


**2. State agency or department being challenged:**

   California Department of Justice, Bureau of Firearms ("BOF")


**3. Description of the Underground Regulation and the Department Action By Which it was Issued**

A document entitled "*IMPORTANT NOTICE California Department of Justice Information Regarding the Sale/Possession of Unnamed AR-15/AK 47 'Series' Firearms*" available from the California Department of Justice, Bureau of Firearms homepage and more specifically located at: http://ag.ca.gov/firearms/forms/pdf/AWpolicyrev4.pdf (Attachment A hereto) (hereinafter, "Important Notice") published on or about May 9, 2006.


**4. The Legal basis for believing that the guideline, criterion, bulletin, provision in a manual, instruction, order, standard of general application, or other rule or procedure is a regulation as defined in Section 11342.600 of the Government Code and that no express statutory exemption to the requirements of the APA is applicable:**

The California Administrative Procedure Act, California Government Code §11400 et seq., defines "regulation" to mean "every rule, regulation, order, or standard of general application . . . adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it . . . ." §11342.600.

Furthermore, "[a] regulation subject to the APA . . . has two principal identifying characteristics. . . . First, the agency must **intend its rule to apply generally**, rather than in a specific case. The rule need not, however, apply universally; a rule applies generally so long as it declares how a certain class of cases will be decided. . . . Second, the rule must '**implement, interpret, or make specific** the law enforced or administered by the agency, or govern the agency's procedure.' " *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal. 4th 557, 571 (1996) (emphasis added) (internal citations omitted).

*A) The "Important Notice" is a Regulation*

The "Important Notice" is a "regulation" within the meaning of §11342.600, as it purports to generally inform law enforcement officials, firearm dealers and the public of requirements of Penal Code §12276.1 and 11 C.C.R. 5469.[1]

*B) The "Important Notice" Applies Generally*

This rule applies generally, since it applies to all owners and sellers of semi automatic centerfire rifles in the State, therefore satisfying the first element of *Tidewater*.[2]

*C) The "Important Notice" Purports to Implement, Interpret and Make Specific California Penal Code § 12276.1*

The "Important Notice" is an attempt to promulgate a completely new rule that requires owners of semiautomatic centerfire rifles that are modified to be **temporarily or currently** incapable of accepting detachable magazines (and have features listed in 12276.1) to **permanently** alter their rifle or face felony criminal prosecution.[3]

---

[1] "**Law enforcement officials, firearm dealers and the public** should be aware that semiautomatic centerfire rifles that are modified to be temporarily incapable of accepting detachable magazines, but can be restored to accommodate detachable magazines, are assault weapons if they have any of the features listed in §12276.1(a)(1)." *"Important Notice"*, para 3 (emphasis added).

[2] The "Important Notice" purports to apply to all "[i]ndividuals who own firearms that meet the generic definition of assault weapons banned by SB 23." *Important Notice"*, para 4.

[3] "Individuals who own firearms that meet the generic definition of assault weapons banned by SB 23 must do one of the following in order to comply with existing law: remove the features, sell the firearm (without the features), or **permanently alter** the firearm so that it cannot accept a detachable magazine." *"Important Notice"*, para 4 (emphasis added).

The rule as stated in the "Important Notice" thus attempts to interpret and make specific[4] the definition of exactly which semiautomatic centerfire rifles are prohibited in the State by Penal Code §12276.1 and 11 C.C.R. 5469, therefore satisfying the second element of *Tidewater*.

No express APA exemption in Government Code §11340.9 applies to the "Important Notice" and there are no express exemptions to the APA for the BOF in the relevant Penal Code sections.[5]

### 5. Legal Basis for why the "Important Notice" is an underground regulation

*A) Background*

In 1999, the California Legislature passed SB-23[6] which added a generic definition to the Assault Weapons Control Act in §12276.1 of the Penal Code.  This definition hinged on whether or not a semi-automatic centerfire rifle had a "detachable magazine" **and** any of a list of prohibited features (such as a pistol grip, collapsible stock or "flash hider").

However, such prohibited features are perfectly legal under SB-23 as long as the rifle has a fixed magazine (i.e., does not have a "detachable magazine").

To further define and implement the newly enacted provisions of SB-23, the BOF (then known as The Department of Firearms) conducted a regulatory process in compliance with the APA that resulted in the enactment of 11 C.C.R. 5469 (the "2000 Rulemaking".)

Part of this rulemaking process addressed the exact definition of fixed magazine vs. "detachable magazine', as will be shown *infra*.

From 2000 to 2006, little changed regarding the enforcement of Penal Code §12276.1 and 11 C.C.R. 5469.  Then, in early 2006 certain firearms enthusiasts and firearms sellers realized the implications of the combined impact of *Harrot v. County of Kings* (2001) 25 Cal.4th 1138 and the expiration of the Federal Assault Weapons Ban, on California law.

Sellers and enthusiasts realized that they could legally import, buy, sell, and assemble rifles that were very similar (but not identical) to rifles that were considered "Assault

---

[4] "A semiautomatic centerfire rifle with the **capacity to accept** a detachable magazine and any of the generic features listed in Penal Code §12276.1(a)(1) is contraband unless it was registered prior to January 1, 2001."  *"Important Notice"*, para 2 (emphasis added).

[5] AB-2728 which passed in 2006 and became effective January 1, 2007 removed the only unrelated exception to the APA that the BOF had in the Penal Code relating to firearms.

[6] Bill text and legislative history available at http://www.leginfo.ca.gov/cgi-bin/postquery?bill_number=sb_23&sess=9900&house=B&author=perata

Weapons" in California as long as they complied with Penal Code §12276 (so called "named assault weapons") and the feature restrictions in §12276.1 as interpreted by 11 C.C.R. 5469.

As outlined above, the feature restrictions contained in §12276.1 prohibit, e.g. pistol grips, collapsible stocks and/or flash hiders **only** on rifles that have a "**detachable magazine**," thus making the definition of what exactly constitutes a **fixed magazine** to be of paramount importance.

In an attempt to make an end-run around the plain meaning of the law that defines fixed magazines, the BOF responded to this influx of new rifles with the "Important Notice."

In effect, the "Important Notice" is an underground regulation purporting to interpret Penal Code §12276.1 and 11 C.C.R. 5469 in a way that the legislature did not intend or require, and that the BOF knows or should have known is outside of the BOF's *own previous interpretations* of Penal Code §12276.1.

In fact, the "Important Notice" substantially changes the definition of fixed magazine, thereby turning tens of thousands of firearms owners who relied on the previous definition of a fixed magazine, into felons.[7]

*B) The Current Definition of Fixed Magazine Does Not Require "Permanent Alteration"*

In the 2000 Rulemaking, BOF promulgated the definition of "detachable magazine" as:

> (a) "detachable magazine" means any ammunition feeding device that can be removed readily from the firearm with neither disassembly of the firearm action nor use of a tool being required. A bullet or ammunition cartridge is considered a tool.[8]

Issues with a type of rifle known as the "SKS" led to the definition of what would be considered a fixed magazine (and therefore not a "detachable magazine") rifle subject to §12276.1. The BOF stated in the *Final Statement of Reasons for the 2000 Rulemaking* (emphasis added):

> Comment
>
> A1.12 - The SKS rifle with a detachable magazine cannot be changed without using a bullet tip as a tool, thus the regulations conflict with the specific listing of SKS rifles with detachable magazines in the Roberti-Roos Assault Weapons

---

[7] Penal Code §12280. (a) (1) Any person who, within this state, manufactures or causes to be manufactured, distributes, transports, or imports into the state, keeps for sale, or offers or exposes for sale, or who gives or lends any assault weapon or any .50 BMG rifle, except as provided by this chapter, is guilty of a felony, and upon conviction shall be punished by imprisonment in the state prison for four, six, or eight years.

[8] Title 11 California Code of Regulations 5469 (a)

> Control Act.  DOJ has no authority to contradict existing law.
>
> Response
>
> The Department disagrees with the comment because any magazine that requires the use of a bullet or any other tool for its removal is a **fixed magazine**, not a detachable magazine.  The SKS with a true detachable magazine does not require a bullet or any other tool to remove and is a controlled assault weapon under Penal Code section 12276.  Identifying a bullet as a tool allows for the proper categorization of an SKS with a fixed magazine.  **Therefore, the SKS referred to in the comment has a fixed, not detachable magazine**.[9]

There is no requirement in either Penal Code §12276.1 or 11 C.C.R. 5469 that a rifle with a fixed magazine be **permanently altered** in any way.  Quite the opposite is true, in fact.  As outlined above, the BOF has clearly stated that rifles that required merely the use of a "bullet tip" to remove the magazine were nonetheless classified as having a fixed magazine.

Furthermore, if the intent of the legislature was to require that rifles be "**permanently altered,**" the statutory language would have said so.  However, the statutory plain language of SB-23 makes no mention of "permanently altered" in §12276.1 (a)[10].

In the *Final Statement of Reasons for the 2000 Rulemaking* the BOF itself reiterated that that modifications to semiautomatic rifles did not need to be "permanent:"

> Comment
>
> C5.04 - The firearm should have to be **permanently modified** so that it lacks the capacity to accept a detachable magazine or any of the offensive features in order for the Department to accept cancellation of a registration.
>
> Response
>
> The Department disagrees with the comment.  Registration cancellation is not exclusive to modification of the firearm, **nor does the Department believe permanent modification** is required.[11]
>
> (emphasis added)

---

[9] *Final Statement of Reasons for the 2000 Rulemaking,* http://ag.ca.gov/firearms/regs/fsor.pdf, Attachment A pg. 2.
[10] Compare that with the definitions applicable to "large-capacity magazines" passed concurrently in SB-23; §12276.1. (d) (2) "Capacity to accept more than 10 rounds" shall mean capable of accommodating more than 10 rounds, but shall not be construed to include a feeding device that has been permanently altered so that it cannot accommodate more than 10 rounds.
[11] Ibid. Attachment A pg. 36

Paragraphs 3 and 4 of the "Important Notice" now purport to interpret both Penal Code §12276.1 (a) (1) and 11 C.C.R. 5469 by adding a new test of whether a modification to a rifle is **temporary** or **permanent** to the test of whether a rifle has a detachable magazine (and is therefore regulated by Penal Code §12276.1).

Paragraphs 3 and 4 of the "Important Notice" state:

> Law enforcement officials, firearm dealers and the public should be aware that semiautomatic centerfire rifles that are **modified to be temporarily incapable of accepting detachable magazines, but can be restored to accommodate** detachable magazines, are assault weapons if they have any of the features listed in §12276.1(a)(1). The Department intends to exercise its power pursuant to Penal Code section 12276.5(i) to adopt regulations as "necessary or proper to carry out the purposes and intent" of California law to ban assault weapons in the state.
>
> Individuals who own firearms that meet the generic definition of assault weapons banned by SB 23 must do one of the following in order to comply with existing law: remove the features, sell the firearm (without the features), or **permanently alter** the firearm so that it cannot accept a detachable magazine.
>
> (emphasis added)

This is the **exact opposite** of what the BOF has earlier stated in the Final Statement of Reasons for the 2000 Rulemaking, and is in direct conflict with the law as written.

It is black letter law that an administrative agency may not alter, extend, limit, or enlarge a statute that it administers (*First Industrial Loan Co. v. Daugherty* (1945) 26 Cal.2d 545, 550.) The BOF's attempt to add a new test of whether a rifle is "**temporarily incapable**" of accepting a detachable magazine (vs. "**permanently altered**") is thus an impermissible attempt to enlarge the number and types of rifles controlled by Penal Code §12276.1 and §12280(a)(1)&(2) while directly contradicting existing law and previous BOF opinions.

Therefore, the "Important Notice" should be removed from BOF's website and no further attempt to issue or enforce a new definition of rifles controlled by Penal Code §12276.1 should be attempted without opening a new APA compliant proposed regulation process.


**6. The petition raises an issue of considerable public importance requiring prompt resolution.**

Various estimates place the number of newly imported semiautomatic centerfire rifles during the past 18 months at between 30,000 to more than 50,000 rifles[13]. Owners and sellers of these rifles are now unclear whether they can simply follow the law **as written** in the Penal Code and the C.C.R. or whether they have to take **additional and expensive steps** to modify their rifles comply with the law. Some rifle owners already have been arrested and their cases have taken additional time and expense for both citizens and District Attorneys to resolve due to confusion caused by the BOF's underground regulation of Penal Code §12276.1 (a) (1) and 11 C.C.R. 5469.[14]

Of additional concern are the rifle owners who relied upon the 2000 Rulemaking to clarify whether they actually had to register their rifles as assault weapons based on the definition in 11 CCR, Section 5469 (a)[15]. Those who took the plain language of the law to mean that they did not have to permanently alter their rifle did not take the opportunity to register during the limited window of time in 2000, as they thought their rifles were exempt (since those rifles had a fixed magazine).

They now are in a constitutionally difficult position as they are either unintentional felons or are forced by the BOF's underground regulation to make permanent and expensive changes to their property (and be deprived thereof in contravention to their 5th Amendment rights and their right to be free from "*ex-post-facto*" law).

As outlined above, the "Important Notice" most certainly meets the criteria of an underground regulation. The "Important Notice" specifically and directly contradicts existing law. The "Important Notice" contradicts the BOF's own legitimately adopted regulations and previous statutory interpretation.

Furthermore, should the "Important Notice" be enforced, it contradicts individual rights under both the Federal Constitution and the Constitution of the State of California, and turns thousands of otherwise law-abiding California citizens into felons.


## 7. Attachments

Exhibit A hereto is a true and correct copy of the "Important Notice" available from: http://ag.ca.gov/firearms/forms/pdf/AWpolicyrev4.pdf .


## 8. Certification

I certify that I have submitted a copy of this petition and all its attachments to:

---

[13] See http://www.recordnet.com/apps/pbcs.dll/article?AID=/20060410/NEWS01/604100333, and http://www.leginfo.ca.gov/pub/05-06/bill/asm/ab_2701-2750/ab_2728_cfa_20060829_231230_asm_floor.html
[14] See for example *People v. Matthew Corwin*, Case No. GA069547, Los Angeles Superior Court
[15] Title 11 CCR 5469, "detachable magazine" means any ammunition feeding device that can be removed readily from the firearm with neither disassembly of the firearm action nor use of a tool being required. A bullet or ammunition cartridge is considered a tool…

William Cid
Director
Bureau of Firearms
4949 Broadway
Sacramento, CA 95820
916-263-4887

I certify that all of the above information is true and correct to the best of my knowledge.


_____/s/_____			_____July 11, 2007_____
			Gene Hoffman, Jr.					Date

# ATTACHMENT A

| | |
|---|---|
| **BILL LOCKYER**<br>*Attorney General* | **State of California**<br>**DEPARTMENT OF JUSTICE** |



FIREARMS DIVISION
P.O. Box 160487
Sacramento, CA 95816-0487

Public: 916-263-4887

# IMPORTANT NOTICE
## California Department of Justice
## Information Regarding the Sale/Possession of Unnamed AR-15/AK 47 "Series" Firearms

The Department of Justice (hereafter "the Department") has received numerous inquiries from the public and firearms industry personnel about the legality of various AR-15/AK 47 "series" style firearms that have not been named by the Department as "series" assault weapons. The Department believes that the public and law enforcement are best served by reference to the generic definition of assault weapons set forth in SB 23, rather than reliance upon a scheme of identifying assault weapons by name. Therefore, the Department will not update the list of "series" assault weapons.

SB 23 has banned the possession, sale and manufacture of firearms with the characteristics of assault weapons as defined in California Penal Code §12276.1 since January 1, 2000. A semiautomatic centerfire rifle with the capacity to accept a detachable magazine and any of the generic features listed in Penal Code §12276.1(a)(1) is contraband unless it was registered prior to January 1, 2001. It is illegal to manufacture, cause to be manufactured, distribute, transport, import, keep for sale, offer or expose for sale, give or lend such a weapon, except as permitted by law.

Law enforcement officials, firearm dealers and the public should be aware that semiautomatic centerfire rifles that are modified to be temporarily incapable of accepting detachable magazines, but can be restored to accommodate detachable magazines, are assault weapons if they have any of the features listed in §12276.1(a)(1). The Department intends to exercise its power pursuant to Penal Code section 12276.5(i) to adopt regulations as "necessary or proper to carry out the purposes and intent" of California law to ban assault weapons in the state.

Individuals who own firearms that meet the generic definition of assault weapons banned by SB 23 must do one of the following in order to comply with existing law: remove the features, sell the firearm (without the features), or permanently alter the firearm so that it cannot accept a detachable magazine.

It remains illegal to possess assault weapons banned by name (either in statute or regulation), unless those assault weapons are registered and possessed in accordance with state law. The time limits for registration, which depend on the make and model of the assault weapon, are set forth in Penal Code §12285.