1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   LAW OFFICES OF DONALD KILMER
2  1645 Willow Street, Suite 150
   San Jose, California 95125
3  Voice: (408) 264-8489
   Fax:   (408) 264-8487
4  E-Mail: Don@DKLawOffice.com

5  Jason A. Davis [SBN: 224250]
   Davis & Associates
6  27281 Las Ramblas, Suite 200
   Mission Viejo, CA 92691
7  Voice: (949) 310-0817
   Fax:   (949) 288-6894
8  E-Mail: Jason@CalGunLawyers.com

9  Attorneys for Plaintiffs

*E-filing*

*ORIGINAL FILED*

NOV 17 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**LB**

10              UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  BRENDAN JOHN RICHARDS, THE      Case No.:
    CALGUNS FOUNDATION, INC,        CV 11    5580
14  and THE SECOND AMENDMENT
    FOUNDATION, INC.,
15                                  **COMPLAINT** [1] [2]

16        Plaintiffs,              DEMAND FOR JURY TRIAL

17        vs.                      42 U.S.C. §§ 1983, 1988

18  KAMALA HARRIS, Attorney General  SECOND AMENDMENT
    of California, CALIFORNIA
19  DEPARTMENT OF JUSTICE,           FOURTH AMENDMENT
    SONOMA COUNTY SHERIFF'S
20  OFFICE, SHERIFF'S DEPUTY         FOURTEENTH AMENDMENT
    GREG MYERS (SD1023) AND DOES
21  1 TO 20,

22

23        Defendants.

24

25

26     [1] A Notice of Related Case Re: *Haynie v. Harris*, 3:10-CV-01255 SI is filed concurrently
27  with this COMPLAINT.

28     [2] A Notice of Related Case Re: *Richards v. Harris*, 3:11-CV-02493 SI is filed
    concurrently with this COMPLAINT.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1 | Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
2 | 1645 Willow Street, Suite 150
San Jose, California 95125
3 | Voice: (408) 264-8489
Fax:   (408) 264-8487
4 | E-Mail: Don@DKLawOffice.com

5 | Jason A. Davis [SBN: 224250]
Davis & Associates
6 | 27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
7 | Voice: (949) 310-0817
Fax:   (949) 288-6894
8 | E-Mail: Jason@CalGunLawyers.com

9 | Attorneys for Plaintiffs

10 | UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 |

13 | BRENDAN JOHN RICHARDS, THE
CALGUNS FOUNDATION, INC.,
14 | and THE SECOND AMENDMENT
FOUNDATION, INC.,

Case No.:

15 |

16 | Plaintiffs,

**COMPLAINT** [1] [2]

DEMAND FOR JURY TRIAL

17 | vs.

42 U.S.C. §§ 1983, 1988

18 | KAMALA HARRIS, Attorney General
of California, CALIFORNIA
19 | DEPARTMENT OF JUSTICE,
SONOMA COUNTY SHERIFF'S
20 | OFFICE, SHERIFF'S DEPUTY
GREG MYERS (SD1023) and DOES
21 | 1 TO 20,

SECOND AMENDMENT

FOURTH AMENDMENT

FOURTEENTH AMENDMENT

22 |

23 | Defendants.

24 |

25 |

26 | [1] A Notice of Related Case Re: *Haynie v. Harris*, 3:10-CV-01255 SI is filed concurrently
with this COMPLAINT.

27 |

28 | [2] A Notice of Related Case Re: *Richards v. Harris*, 3:11-CV-02493 SI is filed
concurrently with this COMPLAINT.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**INTRODUCTION**

1. Plaintiff BRENDAN RICHARDS is an honorably discharged United States Marine who saw combat duty in Iraq.  He is associated with and exercises membership rights in both the THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.

   a. On May 20, 2010, RICHARDS was wrongfully arrested for possession of an Assault Weapon and spent six (6) days in the Sonoma County jail while his family tried to raise the funds for him to make bail in a state criminal case which was dismissed.  He was factually innocent of the charges brought.

   b. On August 14, 2011, RICHARDS was wrongfully arrested a second time for possession of an Assault Weapon and spent four (4) days in the Sonoma County jail awaiting bail.  Again the charges against him were dismissed.  He was factually innocent of the charges brought.[3]

2. Plaintiff RICHARDS, along with the Institutional Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., seek declaratory relief that the California Penal Codes and Regulations defining Assault Weapons are unconstitutionally vague and ambiguous and therefore result in wrongful arrests and the chilling of a fundamental right to "keep and bear" arms of ordinary and common design.

3. Plaintiff BRENDAN RICHARDS also seeks monetary damages and injunctive relief against the SONOMA COUNTY SHERIFF'S OFFICE and Deputy GREG MYERS for unlawful seizure of his person and his firearms.

---

[3] The Motion to Dismiss brought by Defendants *Harris* and *California Department of Justice* in the related cases was argued on August 5, 2011.  *Richards'* new arrest occurred on August 14, 2011, and the case was dismissed on September 19, 2011. Plaintiffs immediately brought this new development to the attention of the Defendants and asked if they would stipulate to a joint statement informing the Court of this new fact.  The Defendants declined that invitation and the Plaintiff was not aware of any authority for alleging new facts once a Rule 12 motion has been submitted to the Court.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**PARTIES**

4.     Plaintiff BRENDAN RICHARDS is a natural person and citizen of the United States and of the State of California.  He is an honorably discharged United States Marine with six months of combat duty in Iraq.

5.     Plaintiff THE CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners.  As part of CGF's mission to educate the public – and gun-owners in particular – about developments in California's firearm laws, CGF assists in the maintenance and contributes content to an internet site called Calguns.net. [http://www.calguns.net/calgunforum/index.php]  On that website CGF informs its members and the public at large about pending civil and criminal cases, including but not limited to: arrests, convictions and appeals relating to California gun law.  The website hosts forums and publishes notices that document the concerns that California gun owners have about possible arrest, prosecution and conviction for running afoul of California's vague and ambiguous laws relating to so-called Assault Weapons.  CGF represents its members and supporters, which include California gun owners and Plaintiffs HAYNIE and RICHARDS. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

6.     Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellvue, Washington.  SAF has over 650,000 members and supporters nationwide, including California.  The purposes of SAF include education, research, publishing and legal action focusing on the

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                    Page 3 of 24                          *Richards v. Harris (II)*

1    Constitutional right to privately owned and possess firearms, and the

2    consequences of gun control.  SAF brings this action on behalf of itself and its

3    members.

4    7.    Defendant KAMALA HARRIS is the Attorney General of the State of

5          California and she is obligated to supervise her agency and comply with all

6          statutory duties under California Law.  She is charged with enforcing,

7          interpreting and promulgating regulations regarding California's Assault

8          Weapons Statutes. Furthermore, California Penal Code §§ 13500 *et seq.,*

9          establishes a commission on Peace Officer Standards and Training that

10         requires the DEPARTMENT OF JUSTICE, with the Attorney General as an

11         *ex officio* member of the commission, which is to provide personnel, training

12         and training material to cities and counties to insure an effective and

13         professional level of law enforcement within the State of California.

14         Furthermore, California Attorney General KAMALA HARRIS has concurrent

15         prosecutorial jurisdiction with the state's 58 District Attorneys, and she is

16         bound by a duty to seek substantial justice and avoid the filing of criminal

17         charges in which she knows (or should know) are not supported by probable

18         cause.  HARRIS also has an independent duty to disclose information

19         beneficial to the accused and by extension she has a duty to prevent wrongful

20         arrests in the first place when she has the power to do so.

21   8.    Defendant CALIFORNIA DEPARTMENT OF JUSTICE is an agency of the

22         State of California, headed by the Attorney General of the State, with a

23         statutory duty to enforce, administer and interpret the law and promulgate

24         regulations regarding weapons identified by the California Legislature as

25         "Assault Weapons."  This agency also has the power to issue memorandums,

26         bulletins and opinion letters to law enforcement agencies throughout the

27         State regarding reasonable interpretations of what constitutes an "Assault

28         Weapon" under California Law.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                Page 4 of 24                    *Richards v. Harris (II)*

9.  Defendant SONOMA COUNTY SHERIFF'S OFFICE is a state actor located in a political subdivision of the State of California, Sonoma County. Defendant SONOMA COUNTY SHERIFF'S OFFICE is responsible for setting the policies and procedures of that office, including but not limited to setting policy and conducting training and discipline of peace officers employed by Defendant.

10. Defendant Sheriff's Deputy GREG MYERS was employed by the SONOMA COUNTY SHERIFF's OFFICE for all relevant time periods.

11. At this time, Plaintiffs are ignorant of the names any additional individual Defendants who participated in the arrests of Plaintiff BRENDAN RICHARDS.  Plaintiffs therefore name these individual officers as DOE Defendants and reserves the right to amend this complaint when their true names are ascertained. Furthermore, if/when additional persons and entities are discovered to have assisted and/or lent support to the wrongful conduct of the Defendants named herein, Plaintiff reserves the right to amend this complaint to add those persons and/or entities as Defendants.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

13. This Court has supplemental jurisdiction over any state law causes of action arising from the same operative facts under 28 U.S.C. § 1367.

14. Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil Local Rules for bringing an action in this district.

## CONDITIONS PRECEDENT

15. All conditions precedent have been performed, and/or have occurred, and/or have been excused, and/or would be futile.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## FACTS – Plaintiff *RICHARDS* (First Arrest) [4]

16. On or about May 20, 2010, Defendant BECKER arrested Plaintiff RICHARDS thus depriving him of his liberty.

17. On or about May 20, 2010, Defendant BECKER seized firearms (2 pistols and 1 rifle) from Plaintiff RICHARDS, thus depriving him of the means of exercising his Second Amendment rights.

18. The arresting agency case number for the incident is: 10-0001930.  The docket number for the Sonoma Superior Court Case was: SCR 583167.

19. Defendant BECKER investigated a disturbance at a Motel 6 located at 6145 Commerce Blvd., which was within his operational jurisdiction.

20. While both men were on the sidewalk at the motel, Defendant BECKER questioned Plaintiff RICHARDS about his involvement in the disturbance, and during the conversation, RICHARDS revealed that he had unloaded firearms in the trunk of his vehicle.

21. Defendant BECKER indicated that he planned to search the trunk of RICHARDS' vehicle and began to walk toward RICHARDS' car.  After BECKER asked a second time if Plaintiffs' firearms were loaded and responding "no", RICHARDS inquired whether OFFICER BECKER needed a warrant to search the trunk of his car.

22. Apparently relying on Penal Code § 12031(e), OFFICER BECKER replied that since RICHARDS had admitted that firearms were in the trunk, no warrant was necessary.

23. Only after this statement, and in obedience to BECKER'S demand, did RICHARDS turn over the keys to the trunk of his vehicle.

24. OFFICER BECKER found two pistols and one rifle, along with other firearm-related equipment in the trunk. None of the firearms were loaded.

---

[4] These facts are also plead in the related case *Richards v. Harris*, 3:11-CV-02493 SI. They are presented here for context.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

25. OFFICER BECKER inquired about the registration of Plaintiff's firearms and RICHARDS replied that those firearms that required registration were in fact registered to him.

26. OFFICER BECKER placed RICHARDS under arrest for a violation of CA Penal Code § 12280(b) – Possession of an unregistered Assault Weapon.

27. On the strength of an incident report prepared by OFFICER BECKER, who claimed to be a firearm instructor and an expert witness having previously testified about the identification of Assault Weapons, Plaintiff RICHARDS was charged by the Sonoma County District Attorney with the following crimes by way of felony complaint:

    a. Two counts of possession of an Assault Weapon under California Penal Code § 12280 et seq.

    b. Four counts of possession of large capacity magazines.

28. Bail was set at $20,000.00.  RICHARDS spent 6 days in jail while his family tried to raise the funds for bail. Finally, a $1,400 non-refundable fee was paid to a bondsman and RICHARDS was released on bail.

29. On September 9, 2010, prior to a scheduled Preliminary Hearing, the Sonoma County District Attorney's Office dismissed all charges against Plaintiff BRENDAN RICHARDS.

30. The dismissal was based on an August 16, 2010, report prepared by Senior Criminalist John Yount of the California Department of Justice Bureau of Forensic Services.  Criminalist Yount had found that none of RICHARDS firearms were Assault Weapons as defined by the California Penal Code or any of its regulations.

    a. One firearm (a semi-automatic pistol) had a properly installed bullet button, thus rendering the firearm incapable of accepting a detachable magazine that could only be removed from the gun by the use of a tool.

    b. The other firearm (a semi-automatic rifle) had none of the features or

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint      Page 7 of 24      *Richards v. Harris (II)*

characteristics that make a firearm subject to registration under CA's
Assault Weapon regime.

c.    There was never an issue with the third firearm (another semi-
automatic pistol that is actually on the California safe handgun list)
being classified as an Assault Weapon and it was registered to Plaintiff.

31.    All of RICHARDS' firearms were semi-automatic firearms.  California certifies
scores of semi-automatic pistols (including models based on the venerable .45
Cal. M1911 of World War II vintage) for retail sale in California.
Additionally, several manufacturers offer several models of semi-automatic,
center-fire rifles that are not "Assault Weapons" under California law.
Examples include:

a.    Ruger Mini-14 Ranch Rifle.  (Caliber 5.56mm NATO/.223 Rem.)

b.    Ruger Mini Thirty Rifle.  (Caliber 7.62 x 39mm) Ruger 99/44 Deerfield
Carbine. (Caliber .44 Remington Magnum)

c.    Remington Model 750 Woodmaster. (Available in several calibers.)

d.    Browning BAR.  (Available in several calibers.)

e.    Benelli R1 Rifle. (Available in several calibers.)

f.    Springfield Armory M1A with California legal muzzle-brake and 10-
round magazines.

g.    World War II Era M1 Garand, available for mail order sales from the
United States Government through the Civilian Marksmanship
program.  http://www.thecmp.org/Sales/rifles.htm

h.    World War II Era M1 Carbines, also available for mail order sales from
the United States Government through the Civilian Marksmanship
program.  http://www.thecmp.org/Sales/rifles.htm

Thus, Plaintiffs herein aver that semi-automatic firearms are common and
ordinary weapons, suitable for exercising Second Amendment rights.

32.    After the government's release of the expert's report, the Prosecution had

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                Page 8 of 24             *Richards v. Harris (II)*

further discussions with RICHARDS' Counsel, wherein it was pointed out that California law does not criminalize mere possession of large capacity magazines. Upon The People's concession that this is the state of the law in California, all charges against RICHARDS were dismissed.

33. RICHARDS, through counsel, made several inquiries over the next several months to the Sonoma County District Attorney about a stipulation of factual innocence under Penal Code § 851.8. These negotiations reached an impasse when the District Attorney insisted on a finding that there was probable cause for the police to arrest RICHARDS as a *quid pro quo* for their stipulation for a finding of factual innocence. In other words, it can be inferred that the Sonoma County District Attorney still believed, after dismissing the case against RICHARDS, that there is enough ambiguity in the California Assault Weapon statutes and regulations that reasonable minds can differ and that experts are required to interpret the law. Of course this set of circumstances will still result in gun-owners continuing to be arrested, having to post bail, and having to hire attorneys and experts to clear their names.

34. BRENDAN RICHARDS made all required court appearances until the matter was dismissed on September 9, 2010.

35. BRENDAN RICHARD was thus deprived of his liberty while he was incarcerated pending the posting of bail and then through to September 9, 2010, when the case was dismissed and bail was exonerated.

36. BRENDAN RICHARDS lost time off from work and incurred travel expenses to make court appearances. He also incurred other losses associated with the criminal case against him.

37. BRENDAN RICHARDS was deprived of the possession and use of valuable personal property (two pistols and a rifle), necessary for exercising his Second Amendment "right to keep and bear arms." This deprivation of constitutionally protected property occurred from the date of his arrest until

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    the property was returned to him following the dismissal.

2    38.    THE CALGUNS FOUNDATION, INC., paid $11,224.86 for Plaintiff

3    BRENDAN RICHARDS' legal representation in the first criminal matter.

4    39.    THE CALGUNS FOUNDATION, INC., has also paid for the defense and

5    expert consultations for many other California residents similarly situated.

6    (e.g., possession of a "bullet button" semi-automatic rifle, arrest and dismissal

7    of charges.)

8

9    **FACTS – Plaintiff *RICHARDS* (Second Arrest)** [5]

10    40.    On or about August 14, 2011, the Sonoma County Sheriff's Office acting

11    through Sheriff's Deputy Greg Myers, arrested Plaintiff RICHARDS thus

12    depriving him of his liberty.

13    41.    On or about August 14, 2011, the Sonoma County Sheriff's Office acting

14    through Sheriff's Deputy Greg Myers, made contact with RICHARDS, wherein

15    RICHARDS informed the arresting officer that there were firearms located in

16    the trunk of his vehicle. RICHARDS declined to consent to a search of the

17    trunk. The arresting officer then hand-cuffed RICHARDS and proceeded to

18    conduct a warrantless search of the vehicle in apparent reliance on Penal

19    Code § 12031(e). The arresting officer seized a Springfield Armory M1A from

20    the trunk of Plaintiff RICHARDS car.

21    42.    The arresting officer apparently believed that the muzzle brake installed on

22    RICHARDS' rifle was a flash suppressor. RICHARDS was charged with a

23    single felony count of violating California Penal Code § 12280(b) – possession

24    of an assault weapon. Bail for RICHARDS was initially set at $100,000.

25    43.    A motion to reduce bail was made on or about August 18, 2011, and bail was

26    reduced to $20,000. RICHARDS was released on bail that day after posting a

27

28

[5] These are the new facts directly relevant to this new action.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    non-refundable fee to a bail bondman of approximately $2,000.

2    44.    Prior to the next court appearance, the firearm in question was examined by

3    the California Department of Justice Bureau of Forensic Services.  Senior

4    Criminalist John Yount issued a report on or about August 29, 2011, that the

5    firearm was not an Assault Weapon under California law.

6    45.    The arresting officer either lacked the training to properly distinguish a

7    muzzle brake from a flash suppressor and/or the definition of a flash

8    suppressor is so vague and ambiguous that a well trained peace officer can

9    easily confuse a flash suppressor with a muzzle break.

10    46.    The California Department of Justice has never promulgated objective

11    standards for identifying flash suppressors.  Plaintiffs allege on information

12    and belief that the CALIFORNIA DEPARTMENT OF JUSTICE in fact relies

13    upon manufacturer catalogs and marketing materials, rather than objective

14    scientific tests to determine whether a device is a flash suppressor, flash-

15    hider, muzzle brake and/or recoil compensator.

16    47.    On or about September 19, 2011, the charges against RICHARDS were

17    dismissed.  Although he was cleared by the government's own expert, the

18    Sonoma County D.A. declined to stipulate to a finding of factual innocence.

19    48.    The weapon in question – Springfield Armory model M1A is a common and

20    ordinary firearm suitable for exercising the "right to keep and bear arms"

21    under the Second Amendment to the United States Constitution.

22    49.    RICHARDS lost time off of work.  He was required to post bail. CALGUNS

23    FOUNDATION, INC., again paid RICHARDS' criminal defense lawyer in an

24    amount according to proof to be disclosed at a later time.

25    50.    Following this second arrest on charges of violating California Penal Code §

26    12280(b) – possession of an Assault Weapon – Plaintiff RICHARDS has a

27    reasonable fear, that by exercising a fundamental right protected by the U.S.

28    Constitution, he is realistically threatened by a repetition of wrongful arrests.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

He further contends that the claim of future injury cannot be written off as mere speculation.  RICHARDS also bases his fear of repeated arrests on the information he obtains from the Calguns.net website.

## FACTS – Relating to Vague and Ambiguous Laws Impacting the Second Amendment

51.     The CALIFORNIA DEPARTMENT OF JUSTICE is the State agency responsible for the training and education of law enforcement agencies with respect to Assault Weapons under Penal Code §§ 12276.5 and 12289.

   a.     Penal Code § 12276.5(c) states: "The Attorney General **shall** adopt those rules and regulations that **may** be necessary **or** proper to carry out the purposes and intent of this chapter." [emphasis added]

   b.     Penal Code § 12289(a) states [in part]: "The Department of Justice **shall** conduct a public education and notification program regarding the registration of assault weapons and the definition of the weapons set forth in Section 12276.1." [emphasis added]

52.     California's definitions of Assault Weapons are set forth at Penal Code §§ 12276 and 12276.1.

53.     The California Code of Regulations interpreting the statutory definition of Assault Weapons are found at Title 11, Division 5, Chapters 39 & 40.

54.     The Orange County Sheriff's Department has issued a training bulletin about the "bullet button" to prevent wrongful arrests in that county.  A true and correct copy is attached as **Exhibit A**.

55.     The City of Sacramento has issued a training bulletin about the "bullet button" to prevent wrongful arrests in that jurisdiction.  A true and correct copy is attached as **Exhibit B.**

56.     The Calguns Foundation Inc., has published a flow-chart to identify weapons that are designated as assault weapons under California law.  A true and

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                Page 12 of 24                    *Richards v. Harris (II)*

1   correct copy is attached as **Exhibit C**.

2   57.   Defendant CALIFORNIA DEPARTMENT OF JUSTICE has promulgated an

3   "Assault Weapons Identification Guide," an 84-page publication which

4   describes the Assault Weapons regulated in Penal Code sections 12276,

5   12276.1, and 12276.5.  In the Guide, the Department acknowledges that a

6   magazine is considered detachable when it "can be removed readily from the

7   firearm with neither disassembly of the firearm action nor use of a tool being

8   required.  A bullet or ammunition cartridge is considered a tool."

9   58.   Defendant CALIFORNIA DEPARTMENT OF JUSTICE has declined to issue

10   a statewide bulletin or other directive regarding the "bullet button."

11   59.   Though it would not be unduly burdensome for Defendant CALIFORNIA

12   DEPARTMENT OF JUSTICE to issue a bulletin regarding the technology of

13   the "bullet button" and to develop a field test to insure state-wide compliance

14   with the law, the CALIFORNIA DEPARTMENT OF JUSTICE insists:

15   a.   That this Court does not have the power to compel issuance of such a

16   bulletin, and/or

17   b.   That the California Assault Weapon Statutes and Regulations are

18   sufficiently clear that the risk of arrest and prosecution should be borne

19   by the citizens of California and/or that the risks of paying damages for

20   false arrest should be borne by local law enforcement agencies.

21   Based on the related litigation, Plaintiffs are prepared to accept Defendants'

22   (DOJ) characterization that the Assault Weapon Statutes and Regulations

23   that they are charged with interpreting, educating the public about and

24   enforcing are not subject to any further clarification by their agency.

25   60.   Instead, Plaintiffs will aver that the entire California Assault Weapon

26   Statutes and the Regulations derived therefrom are vague and ambiguous on

27   their face and as applied to RICHARDS' arrests.

28   61.   Furthermore, Plaintiffs allege that Defendant CALIFORNIA DEPARTMENT

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                            Page 13 of 24                    *Richards v. Harris (II)*

OF JUSTICE has contributed – through its policies, procedures and customs – to a state of general confusion of California's Assault Weapons laws thus rendering them hopelessly vague and ambiguous as applied; and thus an infringement of the Second Amendment to the United States Constitution.

## **FACTS – *Department of Justice* Creates Confusion**

62. The formation of CGF was partially inspired by a desire to counteract a disinformation campaign orchestrated by the California Department of Justice (DOJ) in response to gun owners realizing the implications of the California Supreme Court Decision in *Harrot v. County of Kings* and the expiration of the Federal Assault Weapons laws.

63. In late 2005, various individuals and licensed gun stores began importing into California AR pattern rifles and the receivers for them.

64. In response to inquiries about the legality of importing and possessing certain AR and AK pattern rifles and receivers, DOJ began replying in their official letters that while THEY were of the opinion that these rifles were legal, local District Attorneys might disagree and prosecute anyway. True and correct copies of these letter are attached as **Exhibit D** and they all follow a similar pattern of declaring a certain gun part (receiver) legal to import into California and then warning the recipient that California's 58 District Attorneys may have a different opinion that could result in prosecution.  See:

    i.    December 12, 2005, letter from DOJ to Ms. Amanda Star rendering an opinion about the legality of a Stag-15 Lower receiver but warning that local prosecutors may disagree and prosecute accordingly.

    ii.    January 18, 2006, letter from DOJ to BST Guns also opining out the legality of firearms, but giving the same warning the 58 county prosecutors could potentially prosecute anyway.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

iii.    December 28, 2005, letter from DOJ to Matthew Masuda.

iv.    December 27, 2005, letter from DOJ to Christopher Kjellberg.

v.    December 27, 2005, letter from DOJ to Kirk Haley.

vi.    December 28, 2005, letter from DOJ to Mark Mitzel.

vii.    December 28, 2005, letter from DOJ to Jason Paige.

65.    From February to May 2006, the California Department of Justice issued a series of memorandums that were obtained as part of a California Public Records Request. A true and correct copy of that disclosure is Attached as **Exhibit E**. The memorandums are remarkable because:

a.    The Department of Justice made changes to the various versions of this memorandum due to Jason Davis, then an attorney for the National Rifle Association, pointing out legal flaws in the various iterations.

b.    In all versions of the memorandum, the Department of Justice directly conflicted the previously published Assault Weapons Information Guide by stating that owners of a firearm with features had to, "permanently alter the firearm so that it cannot accept a detachable magazine." "Permanent alteration" is not required in the Penal Code, the Assault Weapons Information Guide, or the then existing California Code of Regulations 11 C.C.R. 5469.

66.    On or about May 10, 2006, DOJ counsel Alison Merrilees informed a member of the public that the DOJ wished to create a test case, "[w]e are eagerly awaiting a test case on this, because we think we'll win." A true and correct copy of the email that was obtained as part of a Public Records Act request is attached as **Exhibit F**.

67.    In May 2006, DOJ issued an internal memo to phone staff  that stated, "It is DOJ's opinion that under current law, a semiautomatic centerfire rifle that is modified to be temporarily incapable of accepting a detachable magazine, but can be restored to accommodate a detachable magazines, is an assault

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

weapons if it has any of the features listed in §12276.1(a)(1)," and "Individuals who alter a firearm designed and intended to accept a detachable magazine in an attempt to make it incapable of accepting a detachable magazine do so at their legal peril," stating further, "[w]hether or not such a firearm remains capable of accepting a detachable magazine is a question for law enforcement agencies, district attorneys, and ultimately juries of twelve persons, not the California Department of Justice." A copy of this memorandum was obtained as part of a Public Records Act Request and is attached as **Exhibit G**.

68. On or about June 6, 2006, DOJ issued a Notice of Proposed Rulemaking. The proposed amendment would have "define[d] a sixth term, "capacity to accept a detachable magazine", as meaning "capable of accommodating a detachable magazine, but shall not be construed to include a firearm that has been permanently altered so that it cannot accommodate a detachable magazine." A true and correct copy of the notice is attached as **Exhibit H**.

69. On or about November 1, 2006, DOJ issued a "Text of Modified Regulations" The updated text attempted to define "detachable magazine" as "currently able to receive a detachable magazine or readily modifiable to receive a detachable magazine" and had other "permanency" requirements. A true and correct copy of the notice is attached as **Exhibit I**.

70. Plaintiff CGF alleges on information and belief, DOJ did not submit the Modified Regulations to the Office of Administrative Law ("OAL") and thus the 2006 Rulemaking did not take effect.

71. On or about July 11, 2007, CGF (through Gene Hoffman, the Chairman of CGF) petitioned the OAL to have them find that the continued publication of the "Important Notice" Memorandum after the 2006 Rulemaking that was not submitted to OAL was an "Underground Regulation." See **Exhibit J**.

72. On or about September 11, 2007, OAL accepted Hoffman's petition. See **Exhibit K**.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

73. On or about September 21, 2007, OAL suspended it's review as DOJ issued a certification on or about September 20, 2007, that stated, "[DOJ] reserves the right to interpret the law in any case-specific adjudication, as authorized in *Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557,572." A true and correct copy of the letter from the OAL along with DOJ's certification is attached as **Exhibit L**.

74. The reservation in the certification of September 20, 2007, leads to uncertainty over whether the DOJ would take the position that permanence was required for modifications to a firearm so that the firearm would not have "the capacity to accept a detachable magazine."

75. On or about September 29, 2008, DOJ responded to a letter inquiry about the legality of selling a semiautomatic center fire rifle with an alternate version of the "bullet button" colloquially known as the Prince-50 kit. DOJ stated:

> "Since there are no statutes, case law, or regulations concerning whether a rifle that is loaded with a fixed, removeable magazine can also be considered to have the 'capacity to accept a detachable magazine,' we are unable to declare rifles configured with the 'Prince 50 Kit' or 'bullet button' to be legal or illegal."

See **Exhibit M**, with special attention to Attachment A, which is the letter dated September 29, 2008.

76. On or about November 3, 2008, DOJ replied to Kern County DA Edward Jagels:

> "Since there are no statutes, case law, or regulations concerning whether a rifle that is loaded with a fixed, removeable magazine can also be considered to have the 'capacity to accept a detachable magazine,' we are unable to declare rifles configured with the 'Prince 50 Kit' or 'bullet button' to be legal or illegal."

A true and correct copy of this letter is attached as **Exhibit N**. The letter is hard to read due to multiple copies. If discovery proceeds in this matter, Plaintiff would expect to obtain a cleaner copy.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

77.  Not only is the CALIFORNIA DEPARTMENT OF JUSTICE claiming it has no duty to issue a clarifying bulletin to the State's District Attorneys and Law Enforcement Community, on this issue; they have apparently engaged in a pattern of disinformation and confusion on the issue of whether a rifle fitted with a device that makes it incapable of accepting a detachable magazine is legal to own in California.  It could be argued that CALIFORNIA DEPARTMENT OF JUSTICE 's firearms division has created such a state of confusion that the entire statutory and regulatory scheme for defining California Assault Weapons is hopelessly, and unconstitutionally vague and ambiguous.

## FACTS – Calguns Foundation, Inc., Ongoing Efforts to Assist Law Abiding Gun Owners

78.  The CALGUNS FOUNDATION, INC., has defended many incidents of law abiding gun owners and retailers whose firearms were either seized, the individual was arrested and/or charged with violating Assault Weapons Control Act.

a.  In approximately April 2007, Matthew Corwin was arrested and charged with multiple violations of the AWCA. See *People v. Matthew Corwin*, Case No. GA069547, Los Angeles Superior Court.

b.  In June 2008, John Contos was arrested and charged in Solano County with a violation of Penal Code § 12280 - possession/manufacturing of Assault Weapons based on the allegation that his rifle had an illegal thumb-hole stock.  The case number was VCR198514-VF.  CGF funded the defense of Mr. Contos.  The case was dismissed and the D.A. stipulated to a finding of factual innocence.

c.  In November 2008, John Crivello had a semiautomatic centerfire rifle with a "bullet button" magazine release seized from his home in Santa

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   Cruz, California by the Santa Cruz Police Department. Counsel

2   provided by CGF educated the Santa Cruz District Attorney's office.

3   Counsel to CGF was advised that DOJ stated that it was unclear

4   whether the bullet button was legal but that the District Attorney

5   should file anyway. The District Attorney (ADA Dave Genochio and/or

6   Charlie Baum) dropped charges and the firearm was returned to Mr.

7   Crivello. CGF spent $645.00 defending Mr. Crivello.

8   d.   On or about November 3, 2009, Deputy J. Finley of Orange County

9   Sheriff's Department seized a "bullet button" equipped Stag Arms AR-

10   15 style firearm from Stan Sanders. CGF counsel was engaged to

11   explain the legality of the firearm to the Orange County Sheriff's

12   Department and the firearm was subsequently returned to Mr.

13   Sanders. The Orange County Training Bulletin was issued partially in

14   response to this incident. CGF spent $650.00 defending Mr. Sanders.

15   e.   On or about March 30, 2010, Robert Wolf was arrested by the Riverside

16   County Sheriff's Department for possession of a semiautomatic

17   centerfire rifle with a "Prince 50 Kit." CGF counsel intervened and had

18   the case dismissed on or about November 11, 2010. CGF spent

19   $5,975.00 defending Mr. Wolf.

20   f.   Confusion about the legality of rifles with "bullet buttons" continues.

21   On March 29, 2011, the Cotati Police Department seized a rifle with a

22   bullet button from Max Horowitz. CGF counsel has been retained to

23   defend Mr. Horowitz who was arraigned on August 8, 2011, in Sonoma

24   County.  The case is still pending.

25   g.   Please also see the related actions including but not limited to Plaintiff

26   RICHARDS' multiple arrests.

27   79.   Plaintiffs allege on information and belief that there may be other innocent

28   gun owners, who without the resources of THE CALGUNS FOUNDATION,

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

INC., and/or THE SECOND AMENDMENT FOUNDATION, were charged under these vague and ambiguous statutes/regulations and plead guilty (or no contest) to lesser charges to avoid a felony conviction.

### FACTS – Semi-Automatic, Center-Fire Rifles and Handguns are "Arms" Protected by the Second Amendment.

80.  Plaintiffs herein allege that semi-automatic center-fire rifles and handguns with detachable magazines and any number of additional features (e.g., pistol grips, collapsible stocks, flash suppressors, etc...) are "arms" protected by the Second Amendment to the United States Constitution. Furthermore, to the extent that California seeks to regulate the manufacturing, acquisition and possession of semi-automatic, center-fire rifles with detachable magazines, it must define them in a way that is not vague and ambiguous.

81.  Even assuming *arguendo* that Plaintiffs are wrong and some semi-automatic, center-fire rifles and handguns with detachable magazines are <u>not</u> protected by the Second Amendment – California's Assault Weapon laws are still unconstitutional because innocent gun owners continue to be arrested for mere possession of the sub-class of these weapons that <u>are</u> legal and therefore absolutely protected by the Second Amendment.

82.  Plaintiff herein allege that the state of confusion caused by the current vague and ambiguous statues/regulations continues to result in the wrongful arrests of innocent gun-owners while they are exercising a fundamental "right to keep and bear" lawful firearms. These wrongful arrests and the chilling of fundamental rights violates the Second Amendment to the United States Constitution as that right is incorporated against state action through the Fourteenth Amendment.

/ / / /

/ / / /

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**FIRST CLAIM FOR RELIEF:**
**SECOND AMENDMENT, UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF**
**ALL PLAINTIFFS vs DEFENDANTS: HARRIS AND**
**CALIFORNIA DEPT OF JUSTICE**

83. Paragraphs 1 through 82 are incorporated by reference as though fully set forth.

84. California's Assault Weapon Statutes and Regulations are unconstitutionally vague and ambiguous and have resulted in the wrongful arrest, detention and prosecution of law-abiding citizens exercising their Second Amendment right to 'keep and bear arms' that are in common use for lawful purposes.

85. California's Assault Weapon Statutes and Regulations are unconstitutionally vague and result in the wrongful confiscation of common and ordinary firearms, that are protected by the Second Amendment, from their law-abiding owners.

**SECOND CLAIM FOR RELIEF:**
**FOURTH AMENDMENT, UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF**
**RICHARDS vs DEFENDANTS: HARRIS AND**
**CALIFORNIA DEPT OF JUSTICE**

86. Paragraphs 1 through 82 are incorporated by reference as though fully set forth.

87. California Penal Code § 12031(e) is unconstitutional on its face, and as applied in this case. Mere possession of a firearm, (i.e., exercising a fundamental right) when otherwise lawful, cannot support a finding of probable cause to believe a crime has been committed, such that the Fourth Amendment's warrant requirement can be legislatively disregarded.

88. Plaintiff BRENDAN RICHARDS requests declaratory and/or prospective injunctive relief under 42 U.S.C. § 1983 that Penal Code § 12031(e) – on its face and as applied – is a violation of his constitutional right to be free from unreasonable seizure under the Fourth Amendment to the United States

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   Constitution, while he is exercising his Second Amendment rights to "keep

2   and bear" lawful firearms.

3   89.   Plaintiffs THE CALGUNS FOUNDATION, INC., and THE SECOND

4         AMENDMENT FOUNDATION, INC., also requests declaratory and/or

5         prospective injunctive relief under 42 U.S.C. § 1983 that Penal Code §

6         12031(e) is unconstitutional on its face. It is tantamount to a legislatively

7         issued general warrant applicable only against gun owners transporting

8         firearm on public roads and highways.  General warrants were a particular

9         evil that the Fourth Amendment was adopted to prevent.

10

11                   **THIRD CLAIM FOR RELIEF:**
                **FOURTH AMENDMENT | UNITED STATES CONSTITUTION**
12              **42 USC § 1983, 1988 - INJUNCTIVE RELIEF**
          **RICHARDS vs DEFENDANTS: SONOMA COUNTY SHERIFFS'**
13                 **OFFICE AND DEPUTY GREG MYERS**

14  90.   Paragraphs 1 through 82 are incorporated by reference as though fully set

15        forth.

16  91.   Plaintiffs BRENDAN RICHARDS, THE CALGUNS FOUNDATION, INC.,

17        and THE SECOND AMENDMENT FOUNDATION, INC., seek injunctive

18        relief against the Defendants SONOMA COUNTY SHERIFF'S OFFICE and

19        DEPUTY GREG MYERS that will require amendments to their policies and

20        training to address:

21        a.    Identification of Assault Weapons under California law.

22        b.    Compliance with the Fourth Amendments.

23  92.   Said injunctive relief will insure uniform and just application the Fourth

24        Amendment and of California's Weapons Control Laws.  Uniform and just

25        enforcement of these laws are important because these laws effect the

26        fundamental Second Amendment right of every law abiding citizen to keep

27        and bear arms that are in common use for lawful purposes.

28

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**FOURTH CLAIM FOR RELIEF:**
**FOURTH AMENDMENT | UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988 - DAMAGES**
**RICHARDS vs DEFENDANTS: SONOMA COUNTY SHERIFFS'**
**OFFICE AND DEPUTY GREG MYERS**

93. Paragraphs 1 through 82 are incorporated by reference as though fully set forth.

94. Plaintiffs BRENDAN RICHARDS and THE CALGUNS FOUNDATION, INC., seek damages against the Defendants SONOMA COUNTY SHERIFFS' OFFICE and DEPUTY GREG MYERS in an amount according to proof for losses incurred as a result of the warrantless search of RICHARDS' vehicle, his arrest and the subsequent illegal seizure of his person and of the valuable property (firearms); and for expenditures (fees/costs) associated with the defense of the criminal charges.

WHEREFORE, the Plaintiffs requests that this Court:

A. Issue a declaratory judgment and/or injunctive relief that California's Assault Weapon Statutes and Regulations are unconstitutional.

B. Issue a declaratory judgment and/or injunctive relief that California Penal Code § 12031(e) is unconstitutional.

C. Injunctive relief against SONOMA COUNTY SHERIFFS' OFFICE and DEPUTY GREG MYERS to prevent future violations of the Fourth Amendment.

D. Damages from SONOMA COUNTY SHERIFFS' OFFICE and DEPUTY GREG MYERS in an amount according to proof.

E. Award costs of this action to all the Plaintiffs.

F. Award reasonable attorney fees and costs to the Plaintiffs on all Claims of the complaint, including but not limited to fee/cost awards under 42 USC § 1983, 1988 and California Code of Civil Procedure § 1021.5.

G. Such other and further relief as this Court may deem appropriate.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1

2 Respectfully Submitted.

3 Dated: November 16, 2011,

4

5      /s/                                              /s/
Donald Kilmer, Jr. [SBN: 179986]          Jason A. Davis [SBN: 224250]
Law Offices of Donald Kilmer, APC         Davis & Associates
6 1645 Willow Street, Suite 150            27281 Las Ramblas, Suite 200
San Jose, California 95125                Mission Viejo, CA 92691
7 Voice: (408) 264-8489                    Voice: (949) 310-0817
Fax:   (408) 264-8487                     Fax:   (949) 288-6894
8 E-Mail: Don@DKLawOffice.com              E-Mail: Jason@CalGunLawyers.com

9

10 Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487