1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   LAW OFFICES OF DONALD KILMER
2  1645 Willow Street, Suite 150
   San Jose, California 95125
3  Voice: (408) 264-8489
   Fax:   (408) 264-8487
4  E-Mail: Don@DKLawOffice.com

5  Jason A. Davis [SBN: 224250]
   Davis & Associates
6  27201 Puerta Real, Suite 300
   Mission Viejo, California 92691
7  Voice: (949) 310-0817
   Fax:   (949) 288-6894
8  E-Mail: Jason@CalGunLawyers.com

9  Attorneys for Plaintiffs

10              UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12  MARK AARON HAYNIE, BRENDAN          | Case No.:   3:10-CV-01255 SI
    JOHN RICHARDS, THE CALGUNS          |
13  FOUNDATION, INC., and THE           | **THIRD AMENDED CONSOLIDATED
    SECOND AMENDMENT                     | COMPLAINT**
14  FOUNDATION, INC.,                    |
                                          | DEMAND FOR JURY TRIAL
15           Plaintiffs,                  |
                                          | 42 U.S.C. §§ 1983, 1988
16              vs.                       |
                                          | SECOND AMENDMENT
17                                        |
    KAMALA HARRIS, Attorney General      | FOURTEENTH AMENDMENT
18  of California, CALIFORNIA            |
    DEPARTMENT OF JUSTICE,               |
19                                        |
20           Defendants.                  |
21

22              **PROCEDURAL INTRODUCTION**

23  1.   *Haynie v. Harris*, Case No.: 3:10-CV-01255 SI was ordered consolidated with

24       *Richards v. Harris (I)*, Case No.: 3:11-CV-02493 SI, in an ordered filed on

25       October 22, 2011.  (See Documents # 42 and #15 respectively.)

26  2.   The second *Richards v. Harris (II)*, Case No.: 3:11-CV-05580 SI was ordered

27       to be related with the first two cases in an order filed on December 21, 2011.

28       (See documents #47 and # 20 respectively.)

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

3^(RD) Amended Consolidated Complaint          Page 1 of 27          *Haynie, et al. v. Harris, et al.*

3.    The final (4th) case, *Plog-Horowitz, et al., v. Harris, et al,* Case No.: CV-12-0452 SI was ordered to be related to the first three (3) cases in an order filed on March 1, 2012 (See Documents # 53, #17 and #5 respectively.)

4.    In a stipulation and order filed with the Court, all four cases were consolidated under *Haynie v. Harris,* Case No.: 3:10-CV-01255 SI, with the remaining case numbers dismissed and the Defendants reserving the right to separate trials.

5.    Several Defendants have been dismissed from these consolidated actions:

    a.    City of Pleasanton and Pleasanton Police Department in *Haynie v. Harris,* Case No.: 3:10-CV-01255 SI.  See documents #6 and #7, filed on June 8, 2012 and June 15, 2010, respectively.

    b.    Sonoma County Sheriff's Department and Sheriff's Deputy Greg Myers.  Document #23, filed on June 19, 2012.

    c.    City of Rohnert Park and Officer Dean Becker (RP134). Document #90, filed December 19, 2013.

6.    Pursuant to a stipulation of the parties the entire action entitled:  *Plog-Horowitz, et al., v. Harris, et al,* former Case No.: CV-12-0452 SI, was dismissed with prejudice on October 29, 2012.  (Doc # 70 in this case and Doc #19 in CV-12-0452 SI)

## SUBSTANTIVE INTRODUCTION

7.    Plaintiff MARK AARON HAYNIE was wrongfully arrested for possession of an Assault Weapon and required to make bail in a state criminal case in which he was found factually innocent.  He is associated with and exercises membership rights in both the THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.

8.    Plaintiff BRENDAN RICHARDS is an honorably discharged United States Marine who saw combat duty in Iraq.  He is associated with and exercises

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

3RD Amended Consolidated Complaint          Page 2 of 27          *Haynie, et al. v.  Harris, et al.*

membership rights in both the THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.

    a.    On May 20, 2010, RICHARDS was wrongfully arrested for possession of an Assault Weapon and spent six (6) days in the Sonoma County jail while his family tried to raise the funds for him to make bail in a state criminal case which was dismissed. He was factually innocent of the charges brought.

    b.    On August 14, 2011, RICHARDS was wrongfully arrested a second time for possession of an Assault Weapon and spent four (4) days in the Sonoma County jail awaiting bail. Again the charges against him were dismissed. He was factually innocent of the charges brought.

9.    Plaintiffs HAYNIE, and RICHARDS along with the Institutional Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., seek injunctive and declaratory relief against Defendants HARRIS and the CALIFORNIA DEPARTMENT OF JUSTICE that the California Penal Codes and Regulations defining Assault Weapons are unconstitutionally vague and ambiguous and therefore result in wrongful arrests and seizures of lawfully possessed/owned arms. They further allege that the unconstitutionally vague and ambiguous definitions of assault weapons and the ongoing risk of arrest and seizure have a chilling effect on the fundamental right to "keep and bear" arms of ordinary and common design as protected by the Second Amendment to the United States Constitution.

## PARTIES

10.    Plaintiff MARK AARON HAYNIE is a natural person and citizen of the United States and of the State of California and was at all material times a resident of Alameda County.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

a.   In a prior iteration of this action, HAYNIE had sued the City of Pleasanton and the Pleasanton Police Department.  Those defendants were dismissed after reaching a cash settlement with Plaintiff HAYNIE.

b.   Plaintiff HAYNIE does not seek monetary damages against any remaining defendants.

11.   Plaintiff BRENDAN RICHARDS is a natural person and citizen of the United States and of the State of California.  He is an honorably discharged United States Marine with six months of combat duty in Iraq.

a.   In a prior iteration of this action, RICHARDS had sued the County of Sonoma Sheriff's Department and Sheriff's Deputy Myers.  Those defendants were dismissed after reaching a non-cash settlement with Plaintiff RICHARDS.

b.   In a prior iteration of this action, RICHARDS had sued the City of Rohnert Park and Officer Dean Becker (RP34).  Those defendants were dismissed after reaching a non-cash settlement with Plaintiff RICHARDS.

c.   Plaintiff RICHARDS does not seek monetary damages against any remaining defendants.

12.   Plaintiff THE CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners.  As part of CGF's mission to educate the public – and gun-owners in particular –  about developments in California's firearm laws, CGF assists in the maintenance and contributes content to an internet site called

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

3RD Amended Consolidated Complaint          Page 4 of  27          *Haynie, et al. v.  Harris, et al.*

1   Calguns.net.  [http://www.calguns.net/calgunforum/index.php]  On that

2   website CGF informs its members and the public at large about pending civil

3   and criminal cases, including but not limited to: arrests, convictions and

4   appeals relating to California gun law.  The website itself contains messages,

5   forums and various posts that document the concerns that California gun

6   owners have about possible arrest, prosecution and conviction for running

7   afoul of California's vague and ambiguous laws relating to so-called Assault

8   Weapons.  CGF represents its members and supporters, which include

9   California gun owners and Plaintiffs HAYNIE, and RICHARDS. CGF brings

10  this action on behalf of itself and its supporters, who possess all the indicia of

11  membership.

12  13.   Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a non-

13  profit membership organization incorporated under the laws of Washington

14  with its principal place of business in Bellvue, Washtington.  SAF has over

15  650,000 members and supporters nationwide, including California.  The

16  purposes of SAF include education, research, publishing and legal action

17  focusing on the Constitutional right to privately owned and possess firearms,

18  and the consequences of gun control.  SAF brings this action on behalf of

19  itself and its members.

20  14.   Defendant KAMALA HARRIS is the Attorney General of the State of

21  California and she is obligated to supervise her agency and comply with all

22  statutory duties under California Law.  She is charged with enforcing,

23  interpreting and promulgating regulations regarding California's Assault

24  Weapons Statutes. Furthermore, California Penal Code §§ 13500 *et seq.*,

25  establishes a commission on Peace Officer Standards and Training that

26  requires the DEPARTMENT OF JUSTICE, with the Attorney General as an

27  *ex officio* member of the commission, which is to provide personnel, training

28  and training material to cities and counties to insure an effective and

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    professional level of law enforcement within the State of California.

2    Furthermore, California Attorney General KAMALA HARRIS has concurrent

3    prosecutorial jurisdiction with the state's 58 District Attorneys, and she is

4    bound by a duty to seek substantial justice and avoid the filing of criminal

5    charges in which she knows (or should know) are not supported by probable

6    cause.  HARRIS also has an independent duty to disclose information

7    beneficial to the accused and by extension she has a duty to prevent wrongful

8    arrests in the first place when she has the power to do so.

9    15.    Defendant CALIFORNIA DEPARTMENT OF JUSTICE is an agency of the

10    State of California, headed by the Attorney General of the State, with a

11    statutory duty to enforce, administer and interpret the law and promulgate

12    regulations regarding weapons identified by the California Legislature as

13    "Assault Weapons."  This agency also has the power to issue memorandums,

14    bulletins and opinion letters to law enforcement agencies throughout the

15    State regarding reasonable interpretations of what constitutes an "Assault

16    Weapon" under California Law.

17    16.    Plaintiffs allege on information and belief that the majority of municipal

18    police departments and sheriffs' offices in California conduct peace officer

19    training on the identification and regulation of deadly weapons as defined by

20    California law and that any failure by these local law enforcement agencies

21    to conduct adequate training is based on an intentional or deliberate

22    indifference to the rights of gun-owners by the Defendants HARRIS and

23    CALIFORNIA DEPARTMENT OF JUSTICE.

24    17.    Plaintiffs further allege on information and belief the following alternative

25    theories of liability against the Defendants:

26    a.    Defendants HARRIS and/or CALIFORNIA DEPARTMENT OF

27    JUSTICE, intentionally or through deliberate indifference to the rights

28    of law-abiding gun-owners, have failed to promulgate appropriate

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    memoranda, industry bulletins and/or regulations to assist local law

2    enforcement agencies in properly identifying Assault Weapons as

3    defined by California Law; and/or

4    b.    California Law purporting to define and regulate Assault Weapons is

5          so unconstitutionally vague and ambiguous that no reasonable person

6          (i.e., the general public, local police, etc.) can identify and/or comply

7          with California's laws regulating this class of weapons.

8

9                          **JURISDICTION AND VENUE**

10   18.   This Court has subject matter jurisdiction over this action pursuant to 28

11         U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

12   19.   This Court has supplemental jurisdiction over any state law causes of action

13         arising from the same operative facts under 28 U.S.C. § 1367.

14   20.   Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil Local

15         Rules for bringing an action in this district.

16

17                          **CONDITIONS PRECEDENT**

18   21.   All conditions precedent have been performed, and/or have occurred, and/or

19         have been excused, and/or would be futile.

20

21                      **FACTS - Plaintiff *HAYNIE***

22   22.   On or about February 7, 2009, officers of the PLEASANTON POLICE

23         DEPARTMENT arrested and detained MARK HAYNIE thus depriving him

24         of his liberty.  The agency case numbers for the incident are: CEN: 09-6635

25         and PFN: BHD164.   The docket number was: 09318856.

26   23.   MARK HAYNIE was cited for possession of an Assault Weapon under

27         California Penal Code § 30600 et seq.  Bail was set at $60,000.00.  This

28         caused MARK HAYNIE to have to pay a $6,000 fee to a bail bondsman.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

24. MARK HAYNIE's rifle was not an Assault Weapon because it was not listed in California Penal Code § 30510 *et seq.*

25. MARK HAYNIE's rifle was not an Assault Weapons because it could not be identified under Penal Code § 30510 *et seq.* with the characteristics of an assault weapon in that:

    a. It did not have a "detachable magazine" as that term is defined by California statutory law and regulations promulgated by the Defendant CALIFORNIA DEPARTMENT OF JUSTICE.

    b. MARK HAYNIE's rifle did have a "bullet button" which requires the use of a tool (a bullet being defined as a tool by the California Code of Regulations) to remove the magazine from the gun, thus making the magazine non-detachable.

26. MARK HAYNIE's rifle is based on the popular and common Colt AR-15 rifle. It is functionally identical to an AR-15 except that the magazine (as noted above) is non-detachable and the non-detachable magazine capacity does not exceed ten (10) rounds.

27. Several manufacturers offer several models of semi-automatic, center-fire rifles that are not "assault weapons" as defined by California law. Examples:

    a. Ruger Mini-14 Ranch Rifle. (Caliber 5.56mm NATO/.223 Rem.)

    b. Ruger Mini Thirty Rifle. (Caliber 7.62 x 39mm) Ruger 99/44 Deerfield Carbine. (Caliber .44 Remington Magnum)

    c. Remington Model 750 Woodmaster. (Available in several calibers.)

    d. Browning BAR. (Available in several calibers.)

    e. Benelli R1 Rifle. (Available in several calibers.)

28. MARK HAYNIE made all required court appearances. The Alameda County District Attorney's office declined to file an information against MARK HAYNIE and the matter was formally dropped from the Alameda County Superior Court Criminal Docket on March 27, 2009.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

3RD Amended Consolidated Complaint      Page 8 of 27      *Haynie, et al. v. Harris, et al.*

29. MARK HAYNIE was deprived of his liberty until March 27, 2009 when bail was exonerated in Department 701 by Superior Court Judge Walker.

30. MARK HAYNIE lost time off from work to make court appearances and incurred other losses associated with said criminal charges.

31. MARK HAYNIE was deprived of the possession and use of valuable personal property (a rifle) from the date of his arrest until mid-June of 2009 when he reacquired the firearm from the PLEASANTON POLICE DEPARTMENT.

32. On or about October 21, 2009, MARK HAYNIE obtained a finding of factual innocence under California Penal Code 851.8 from the PLEASANTON POLICE DEPARTMENT.

33. After termination of his criminal case and while this case was pending, MARK HAYNIE wrestled with whether or not he should "keep and bear" such a controversial weapon.  He eventually sold his firearms for a number of reasons, including but not limited to a reasonable fear that he would face future additional arrests.  This reasonable fear is based on:

    a.    As part of MARK HAYNIE's enjoyment of his Second Amendment rights, he regularly goes to the range to shoot his rifles.  These ranges are public places.  Because the rifle he wants to reacquire looks like a contraband weapon, he draws attention to himself by possessing this legal version of the rifle in these public settings.  This makes it more likely that HAYNIE will have future law enforcement contact and possible arrest, based on possession of this particular rifle.

    b.    MARK HAYNIE's knowledge about the dangers of owning these weapons was gained from his own experiences.

    c.    MARK HAYNIE's knowledge about the risks of exercising his rights is also gained from Calguns.net, where he has learned about multiple wrongful arrests of law-abiding gun owners charged under California's vague and ambiguous Assault Weapon Statutes.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

3RD Amended Consolidated Complaint          Page 9 of 27          *Haynie, et al. v.  Harris, et al.*

34. Based on his knowledge of these other cases – including co-plaintiff RICHARDS –  and his own personal experience, Plaintiff HAYNIE has a reasonable fear that he may suffer repeated wrongful arrests in the future if he reacquires a firearm that local law enforcement agencies continue to confuse with firearms defined by California as Assault Weapons.  This reasonable fear results in a chilling of his fundamental right to "keep and bear" arms of common use and ordinary design.

35. CALGUNS FOUNDATION, INC., paid for Plaintiff MARK HAYNIE'S representation in the criminal matter in the amount of: $3,713.43.

36. CALGUNS FOUNDATION, INC., has also paid for the defense of other California residents similarly situated.  (e.g., charged with possession of Assault Weapons and dismissal of charges.)

37. On or about May 10, 2010, the Defendants CITY OF PLEASANTON and CITY OF PLEASANTON POLICE DEPARTMENT were dismissed from this case after payment to MARK HAYNIE of $6,000 and a release of all claims.

38. Because Defendant CALIFORNIA DEPARTMENT OF JUSTICE has taken the position in prior pleadings in this case that HAYNIE's arrest was indeed wrongful and that there is nothing they can do to further clarify the detachable magazine feature and bullet-button technology, they (DOJ) have adopted an admission that the California Assault Weapon regulatory regime (statutes and regulations) cannot be improved upon by any means at their disposal to prevent future wrongful arrests.

39. Plaintiffs herein allege that if no further clarifications of California's Assault Weapons statutes and regulations are desirable or (legally?) possible, yet innocent gun-owners continue to be arrested by local law enforcement agencies and charged with violating Penal Code § 30600 *et seq.*, then only one conclusion can follow – the entire set of laws and regulations defining California Assault Weapons are unconstitutionally vague and ambiguous.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## FACTS – Plaintiff *RICHARDS* (First Arrest)

40. On or about May 20, 2010, Defendant BECKER arrested Plaintiff RICHARDS thus depriving him of his liberty.

41. On or about May 20, 2010, Defendant BECKER seized firearms (2 pistols and 1 rifle) from Plaintiff RICHARDS, thus depriving him of the means of exercising his Second Amendment rights.

42. The arresting agency case number for the incident is: 10-0001930.  The docket number for the Sonoma Superior Court Case was: SCR 583167.

43. Defendant BECKER investigated a disturbance at a Motel 6 located at 6145 Commerce Blvd., which was within his operational jurisdiction.

44. While both men were on the sidewalk at the motel, Defendant BECKER questioned Plaintiff RICHARDS about his involvement in the disturbance, and during the conversation, RICHARDS revealed that he had unloaded firearms in the trunk of his vehicle.

45. Defendant BECKER indicated that he planned to search the trunk of RICHARDS' vehicle and began to walk toward RICHARDS' car.  After BECKER asked a second time if Plaintiffs' firearms were loaded and responding "no", RICHARDS inquired whether OFFICER BECKER needed a warrant to search the trunk of his car.

46. Apparently relying on Penal Code § 25850, OFFICER BECKER replied that since RICHARDS had admitted that firearms were in the trunk, no warrant was necessary.

47. Only after this statement, and in obedience to BECKER'S demand, did RICHARDS turn over the keys to the trunk of his vehicle.

48. OFFICER BECKER found two pistols and one rifle, along with other firearm-related equipment in the trunk. None of the firearms were loaded.

49. OFFICER BECKER inquired about the registration of Plaintiff's firearms and RICHARDS replied that those firearms that required registration were

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    in fact registered to him.

2    50.   OFFICER BECKER placed RICHARDS under arrest for a violation of CA

3          Penal Code § 30600 *et seq.* – Possession of an unregistered Assault Weapon.

4    51.   On the strength of an incident report prepared by OFFICER BECKER, who

5          claimed to be a firearm instructor and an expert witness having previously

6          testified about the identification of Assault Weapons, Plaintiff RICHARDS

7          was charged by the Sonoma County District Attorney with the following

8          crimes by way of felony complaint:

9          a.   Two counts of possession of an Assault Weapon under California Penal

10              Code § 30600 *et seq.*

11         b.   Four counts of possession of large capacity magazines. CA Penal Code

12              § 16590 *et seq.*

13   52.   Bail was set at $20,000.00.  RICHARDS spent 6 days in jail while his family

14         tried to raise the funds for bail. Finally, a $1,400 non-refundable fee was paid

15         to a bondsman and RICHARDS was released on bail.

16   53.   On September 9, 2010, prior to a scheduled Preliminary Hearing, the Sonoma

17         County District Attorney's Office dismissed all charges against Plaintiff

18         BRENDAN RICHARDS.

19   54.   The dismissal was based on an August 16, 2010, report prepared by Senior

20         Criminalist John Yount of the California Department of Justice Bureau of

21         Forensic Services.  Criminalist Yount had found that none of RICHARDS

22         firearms were Assault Weapons as defined by the California Penal Code or

23         any of its regulations.

24         a.   One firearm (a semi-automatic pistol) had a properly installed bullet

25              button, thus rendering the firearm incapable of accepting a detachable

26              magazine that could only be removed from the gun by the use of a tool.

27         b.   The other firearm (a semi-automatic rifle) had none of the features or

28              characteristics that make a firearm subject to registration under CA's

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1       Assault Weapon regime.

2       c.      There was never an issue with the third firearm (another semi-

3               automatic pistol that is actually on the California safe handgun list)

4               being classified as an assault weapon and it was registered to Plaintiff.

5   55. All of RICHARDS' firearms were semi-automatic guns.  California certifies

6       scores of semi-automatic pistols (including models based on the venerable .45

7       Cal. M1911 of World War II vintage) for retail sale in California.

8       Additionally, several manufacturers offer several models of semi-automatic,

9       center-fire rifles that are not "assault weapons" under California law.

10      Examples include:

11      a.      Ruger Mini-14 Ranch Rifle.  (Caliber 5.56mm NATO/.223 Rem.)

12      b.      Ruger Mini Thirty Rifle.  (Caliber 7.62 x 39mm) Ruger 99/44 Deerfield

13              Carbine. (Caliber .44 Remington Magnum)

14      c.      Remington Model 750 Woodmaster. (Available in several calibers.)

15      d.      Browning BAR.  (Available in several calibers.)

16      e.      Benelli R1 Rifle. (Available in several calibers.)

17      f.      Springfield Armory M1A with California legal muzzle break and 10-

18              round magazines.

19      g.      World War II Era M1 Garand, available for mail order sales from the

20              United States Government through the Civilian Marksmanship

21              program.  http://www.thecmp.org/Sales/rifles.htm

22      h.      World War II Era M1 Carbines, also available for mail order sales from

23              the United States Government through the Civilian Marksmanship

24              program.  http://www.thecmp.org/Sales/rifles.htm

25      Thus, Plaintiffs herein aver that semi-automatic firearms are common and

26      ordinary weapons, suitable for exercising Second Amendment rights.

27  56. After the government's release of the expert's report, the Prosecution had

28      further discussions with RICHARDS' Counsel, wherein it was pointed out

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   that California law does not criminalize mere possession of large capacity

2   magazines.  Upon The People's concession that this is the state of the law in

3   California, all charges against RICHARDS were dismissed.

4   57.   RICHARDS, through counsel, made several inquiries over the next several

5   months to the Sonoma County District Attorney about a stipulation of factual

6   innocence under Penal Code § 851.8.   These negotiations reached an impasse

7   when the District Attorney insisted on a finding that there was probable

8   cause for the police to arrest RICHARDS as a *quid pro quo* for their

9   stipulation for a finding of factual innocense.  In other words, it can be

10   inferred that the Sonoma County District Attorney still believed, after

11   dismissing the case against RICHARDS, that there is enough ambiguity in

12   the California Assault Weapon statutes and regulations that reasonable

13   minds can differ and that experts are required to interpret the law.  Of course

14   this set of circumstances will still result in gun-owners continuing to be

15   arrested, having to post bail, and having to hire attorneys and experts to

16   clear their names.

17   58.   BRENDAN RICHARDS made all required court appearances until the

18   matter was dismissed on September 9, 2010.

19   59.   BRENDAN RICHARD was thus deprived of his liberty while he was

20   incarcerated pending the posting of bail and then through to September 9,

21   2010, when the case was dismissed and bail was exonerated.

22   60.   BRENDAN RICHARDS lost time off from work and incurred travel expenses

23   to make court appearances. He also incurred other losses associated with the

24   criminal case against him.

25   61.   BRENDAN RICHARDS was deprived of the possession and use of valuable

26   personal property (two pistols and a rifle), necessary for exercising his Second

27   Amendment "right to keep and bear arms." This deprivation of

28   constitutionally protected property occurred from the date of his arrest until

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    the property was returned to him following the dismissal.

2    62.    THE CALGUNS FOUNDATION, INC., paid $11,224.86 for Plaintiff

3           BRENDAN RICHARDS' legal representation in the first criminal matter.

4    63.    THE CALGUNS FOUNDATION, INC., has also paid for the defense and

5           expert consultations for many other California residents similarly situated.

6           (e.g., possession of a "bullet button" semi-automatic rifle, arrest and

7           dismissal of charges.)

8    64.    On December 19, 2013, CITY OF ROHNERT PARK and OFFICER DEAN

9           BECKER were dismissed from this action (Doc #90) after a declaration was

10          provided by the Director of Public Safety for the City of Rohnert Park (Brian

11          Masterson) that the terms "have the capacity to accept a detachable

12          magazine", "bullet button", "pistol grips" and "flash hiders" lack sufficient

13          clarity such that it is difficult for officer in the field to determine if a firearm

14          that looks like an assault weapon is in fact an assault weapon.  This Director

15          of Public Safety of a local law enforcement agency believes it would be helpful

16          to police officers and the general public if the State of California or some

17          judicial authority were to clarify more specifically the criteria it considers

18          relevant in determining whether a particular weapon is an assault weapon,

19          particularly as the law applies to bullet buttons, pistol grips and flash hiders.

20          [See **Exhibit P** for a true and correct copy of the Brian Masterson's

21          Declaration.]

22

23          **FACTS – Plaintiff *RICHARDS* (Second Arrest)**

24    65.    On or about August 14, 2011, the Sonoma County Sheriff's Office acting

25          through Sheriff's Deputy Greg Myers, arrested Plaintiff RICHARDS thus

26          depriving him of his liberty.

27    66.    On or about August 14, 2011, the Sonoma County Sheriff's Office acting

28          through Sheriff's Deputy Greg Myers, made contact with RICHARDS,

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

wherein RICHARDS informed the arresting officer that there were firearms located in the trunk of his vehicle.  RICHARDS declined to consent to a search of the trunk.  The arresting officer then hand-cuffed RICHARDS and proceeded to conduct a warrantless search of the vehicle in apparent reliance on Penal Code § 25850.  The arresting officer seized a Springfield Armory M1A from the trunk of Plaintiff RICHARDS car.

67.  The arresting officer apparently believed that the muzzle break installed on RICHARDS' rifle was a flash suppressor.  RICHARDS was charged with a single felony count of violating California Penal Code § 30600 *et seq.,* – possession of an assault weapon. Bail was initially set at $100,000.

68.  A motion to reduce bail was made on or about August 18, 2011, and bail was reduced to $20,000.  RICHARDS was released on bail that day after posting a non-refundable fee to a bail bondman of approximately $2,000.

69.  Prior to the next court appearance, the weapon in question was examined by the California Department of Justice Bureau of Forensic Services.  Senior Criminalist John Yount issued a report on or about August 29, 2011, that the firearm was not an Assault Weapon under California law.

70.  The arresting officer either lacked the training to properly distinguish a muzzle break from a flash suppressor and/or the definition of a flash suppressor is so vague and ambiguous that a well trained peace officer can easily confuse a flash suppressor with a muzzle break.

71.  The California Department of Justice has never promulgated objective standards for identifying flash suppressors.  Plaintiffs allege on information and belief that the CALIFORNIA DEPARTMENT OF JUSTICE in fact relies upon manufacturer catalogs and marketing materials, rather than objective scientific tests to determine whether a device is a flash suppressor, flash-hider, muzzle break and/or recoil compensator.

72.  On or about September 19, 2011, the charges against RICHARDS were

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

3RD Amended Consolidated Complaint          Page 16 of 27          *Haynie, et al. v. Harris, et al.*

dismissed.  Although he was cleared by the government's own expert, the Sonoma County D.A. declined to stipulate to a finding of factual innocense.

73.   The weapon in question – Springfield Armory model M1A is a common and ordinary firearm suitable for exercising the "right to keep and bear arms" under the Second Amendment to the United States Constitution.

74.   RICHARDS lost time off of work.  He was required to post bail. CALGUNS FOUNDATION, INC., again paid RICHARDS' criminal defense lawyer.

75.   Following this second arrest on charges of violating California Penal Code § 30600 – possession of an Assault Weapon – Plaintiff RICHARDS has a reasonable fear, that by exercising a fundamental right protected by the U.S. Constitution, he is realistically threatened by a repetition of wrongful arrests.  He further contends that the claim of future injury cannot be written off as mere speculation.  RICHARDS also bases his fear of repeated arrests on the information he obtains from the Calguns.net website.

76.   During the course of this litigation, Plaintiffs reached an agreement to dismiss the Sonoma County Defendants (the Sheriff's Office and Deputy Myer) from the case in consideration of Sonoma Sheriff-Coroner Steve Freitas' declaration that California Law defining "flash suppressor" is vague and ambiguous. [See **Exhibit O** attached hereto.  The exhibit is pages 8 and 9 of a 9-page settlement agreement.]

## FACTS – Relating to Vague and Ambiguous Laws Impacting the Second Amendment

77.   The CALIFORNIA DEPARTMENT OF JUSTICE is the State agency responsible for the training and education of law enforcement agencies with respect to Assault Weapons under Penal Code §§ 30520 and 31115.

a.   Penal Code § 30520 states: "The Attorney General **shall** adopt those rules and regulations that **may** be necessary **or** proper to carry out the purposes and intent of this chapter." [emphasis added]

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

b.  Penal Code § 31115 states [in part]: "The Department of Justice **shall** conduct a public education and notification program regarding the registration of assault weapons and the definition of the weapons set forth in Section 30515." [emphasis added]

78. California's definitions of Assault Weapons are set forth at Penal Code §§ 16170(a), 16250, 16790, 16970, and 30500-31115.

79. The California Code of Regulations interpreting the statutory definition of assault weapons are found at Title 11, Division 5, Chapters 39 & 40.

80. The Orange County Sheriff's Department has issued a training bulletin about the "bullet button" to prevent wrongful arrests in that county. A true and correct copy is attached as **Exhibit A**.

81. The City of Sacramento has issued a training bulletin about the "bullet button" to prevent wrongful arrests in that jurisdiction. A true and correct copy is attached as **Exhibit B.**

82. The Calguns Foundation Inc., has published a flow-chart to identify weapons that are designated as assault weapons under California law. A true and correct copy is attached as **Exhibit C**.

83. Defendant CALIFORNIA DEPARTMENT OF JUSTICE has promulgated an "Assault Weapons Identification Guide," an 84-page publication which describes the Assault Weapons regulated in Penal Code (former) sections 12276, 12276.1, and 12276.5. In the Guide, the Department acknowledges that a magazine is considered detachable when it "can be removed readily from the firearm with neither disassembly of the firearm action nor use of a tool being required. A bullet or ammunition cartridge is considered a tool."

84. Defendant CALIFORNIA DEPARTMENT OF JUSTICE has declined to issue a statewide bulletin or other directive regarding the "bullet button."

85. Though it would not be unduly burdensome for Defendant CALIFORNIA DEPARTMENT OF JUSTICE to issue a bulletin regarding the technology of

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

3RD Amended Consolidated Complaint      Page 18 of 27      *Haynie, et al. v. Harris, et al.*

the bullet button and to develop a field test to insure state-wide compliance with the law, the CALIFORNIA DEPARTMENT OF JUSTICE insists:

 a. That this Court does not have the power to compel issuance of such a bulletin, and/or

 b. That the California Assault Weapon Statutes and Regulations are sufficiently clear that the risk of arrest and prosecution should be borne by the citizens of California and/or that the risks of paying damages for false arrest should be borne by local law enforcement agencies.

At this stage of the litigation, Plaintiffs are prepared to accept Defendants' (DOJ) characterization that the Assault Weapon Statutes and Regulations that they are charged with interpreting, educating the public about and enforcing are not subject to any further clarification by their agency.

86. Instead, Plaintiffs will aver that the entire California Assault Weapon Statutes and the Regulations derived therefrom are vague and ambiguous on their face and as applied to HAYNIE and RICHARDS.

87. Furthermore, Plaintiffs allege that Defendant CALIFORNIA DEPARTMENT OF JUSTICE has contributed – through its policies, procedures and customs – to a state of general confusion of California's Assault Weapons laws thus rendering them hopelessly vague and ambiguous as applied; and thus an infringement of the Second Amendment to the United States Constitution.

## **FACTS – *Department of Justice* Creates Confusion**

88. The formation of CGF was partially inspired by a desire to counteract a disinformation campaign orchestrated by the California Department of Justice (DOJ) in response to gun owners realizing the implications of the California Supreme Court Decision in *Harrot v. County of Kings* and the expiration of the Federal Assault Weapons laws.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

89. In late 2005, various individuals and licensed gun stores began importing into California AR pattern rifles and the receivers for them.

90. In response to inquiries about the legality of importing and possessing certain AR and AK pattern rifles and receivers, DOJ began replying in their official letters that while THEY were of the opinion that these rifles were legal, local District Attorneys might disagree and prosecute anyway. True and correct copies of these letter are attached as **Exhibit D** and they all follow a similar pattern of declaring a certain gun part (receiver) legal to import into California and then warning the recipient that California's 58 District Attorneys may have a different opinion that could result in prosecution.  See:

     i.     December 12, 2005 letter from DOJ to Ms. Amanda Sitar rendering an opinion about the legality of a Stag-15 Lower receiver but warning that local prosecutors may disagree and prosecute accordingly.

     ii.    January 18, 2006 letter from DOJ to BST Guns also opining out the legality of firearms, but giving the same warning the 58 county prosecutors could potentially prosecute anyway.

     iii.   December 28, 2005 letter from DOJ to Matthew Masuda.

     iv.   December 27, 2005 letter from DOJ to Christopher Kjellberg.

     v.    December 27, 2005 letter from DOJ to Kirk Haley.

     vi.   December 28, 2005 letter from DOJ to Mark Mitzel.

     vii.  December 28, 2005 letter from DOJ to Jason Paige.

91. From February to May 2006, the California Department of Justice issued a series of memorandums that were obtained as part of a California Public Records Request.  A true and correct copy of that disclosure is Attached as **Exhibit E**.  The memorandums are remarkable because:

    a.    The Department of Justice made changes to the various versions of

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

this memorandum due to Jason Davis, then an attorney for the National Rifle Association, pointing out legal flaws in the various iterations.

    b.    In all versions of the memorandum, the Department of Justice directly conflicted the previously published Assault Weapons Information Guide by stating that owners of a firearm with features had to, "permanently alter the firearm so that it cannot accept a detachable magazine." "Permanent alteration" is not required in the Penal Code, the Assault Weapons Information Guide, or the then existing California Code of Regulations 11 C.C.R. 5469.

92.    On or about May 10, 2006, DOJ counsel Alison Merrilees informed a member of the public that the DOJ wished to create a test case, "[w]e are eagerly awaiting a test case on this, because we think we'll win." A true and correct copy of the email that was obtained as part of a Public Records Act request is attached as **Exhibit F**.

93.    In May 2006, DOJ issued an internal memo to phone staff that stated, "It is DOJ's opinion that under current law, a semiautomatic centerfire rifle that is modified to be temporarily incapable of accepting a detachable magazine, but can be restored to accommodate a detachable magazines, is an assault weapons if it has any of the features listed in §12276.1(a)(1)," and "Individuals who alter a firearm designed and intended to accept a detachable magazine in an attempt to make it incapable of accepting a detachable magazine do so at their legal peril," stating further, "[w]hether or not such a firearm remains capable of accepting a detachable magazine is a question for law enforcement agencies, district attorneys, and ultimately juries of twelve persons, not the California Department of Justice." A copy of this memorandum was obtained as part of a Public Records Act Request and is attached as **Exhibit G**.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

94. On or about June 6, 2006, DOJ issued a Notice of Proposed Rulemaking. The proposed amendment would have "define[d] a sixth term, "capacity to accept a detachable magazine", as meaning "capable of accommodating a detachable magazine, but shall not be construed to include a firearm that has been permanently altered so that it cannot accommodate a detachable magazine." A true and correct copy of the notice is attached as **Exhibit H**.

95. On or about November 1, 2006, DOJ issued a "Text of Modified Regulations" The updated text attempted to define "detachable magazine" as "currently able to receive a detachable magazine or readily modifiable to receive a detachable magazine" and had other "permanency" requirements.  A true and correct copy of the notice is attached as **Exhibit I**.

96. Plaintiff CGF alleges on information and belief, DOJ did not submit the Modified Regulations to the Office of Administrative Law ("OAL") and thus the 2006 Rulemaking did not take effect.

97. On or about July 11, 2007, CGF (through Gene Hoffman, the Chairman of CGF) petitioned the OAL to have them find that the continued publication of the "Important Notice" Memorandum after the 2006 Rulemaking that was not submitted to OAL was an "Underground Regulation."  See **Exhibit J**.

98. On or about September 11, 2007, OAL accepted Hoffman's petition.  See **Exhibit K**.

99. On or about September 21, 2007, OAL suspended it's review as DOJ issued a certification on or about September 20, 2007, that stated, "[DOJ] reserves the right to interpret the law in any case-specific adjudication, as authorized in *Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557,572."  A true and correct copy of the letter from the OAL along with DOJ's certification is attached as **Exhibit L**.

100. The reservation in the certification of September 20, 2007, leads to uncertainty over whether the DOJ would take the position that permanence

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    was required for modifications to a firearm so that the firearm would not

2    have "the capacity to accept a detachable magazine."

3    101.  On or about September 29, 2008, DOJ responded to a letter inquiry about the

4    legality of selling a semiautomatic center fire rifle with an alternate version

5    of the bullet button colloquially known as the Prince-50 kit. DOJ stated:

6    "Since there are no statutes, case law, or regulations concerning

7    whether a rifle that is loaded with a fixed, removable magazine can

8    also be considered to have the 'capacity to accept a detachable

9    magazine,' we are unable to declare rifles configured with the 'Prince

     50 Kit' or 'bullet button' to be legal or illegal."

10   See **Exhibit M**, with special attention to Attachment A, which is the letter

11   dated September 29, 2008.

12   102.  On November 3, 2008, DOJ replied to Kern County DA Edward Jagels:

13   "Since there are no statutes, case law, or regulations concerning

14   whether a rifle that is loaded with a fixed, removeable magazine

     can also be considered to have the 'capacity to accept a

15   detachable magazine,' we are unable to declare rifles configured

     with the 'Prince 50 Kit' or 'bullet button' to be legal or illegal."

16   A true and correct copy of this letter is attached as **Exhibit N**.  The letter is

17   hard to read due to multiple copies.  If discovery proceeds in this matter,

18   Plaintiff  would expect to obtain a cleaner copy.

19   103.  Not only is the CALIFORNIA DEPARTMENT OF JUSTICE claiming it has

20   no duty to issue a clarifying bulletin to the State's District Attorneys and

21   Law Enforcement Community, on this issue; they have apparently engaged

22   in a pattern of disinformation and confusion on the issue of whether a rifle

23   fitted with a device that makes it incapable of accepting a detachable

24   magazine is legal to own in California.  It could be argued that CALIFORNIA

25   DEPARTMENT OF JUSTICE 's firearms division has created such a state of

26   confusion that the entire statutory and regulatory scheme for defining

27   California Assault Weapons is hopelessly, and unconstitutionally vague and

28   ambiguous.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## FACTS – Calguns Foundation, Inc., Ongoing Efforts to Assist Law Abiding Gun Owners

104. The CALGUNS FOUNDATION, INC., has defended many incidents of law abiding gun owners and retailers whose firearms were either seized, the individual was arrested and/or charged with violating Assault Weapons Control Act.

a. In approximately April 2007, Matthew Corwin was arrested and charged with multiple violations of the AWCA. See *People v. Matthew Corwin*, Case No. GA069547, Los Angeles Superior Court.

b. In June 2008, John Contos was arrested and charged in Solano County with a violation of (then) Penal Code § 12280 - possession and/or manufacturing of Assault Weapons based on the allegation that his rifle had an illegal thumb-hole stock. The case number was VCR198514-VF. CGF funded the defense of Mr. Contos. The case was dismissed and the D.A. stipulated to a finding of factual innocense.

c. In November 2008, John Crivello had a semiautomatic centerfire rifle with a bullet button magazine release seized from his home in Santa Cruz, California by the Santa Cruz Police Department. Counsel provided by CGF educated the Santa Cruz District Attorney's office. Counsel to CGF was advised that DOJ stated that it was unclear whether the bullet button was legal but that the District Attorney should file anyway. The District Attorney (ADA Dave Genochio and/or Charlie Baum) dropped charges and the firearm was returned to Mr. Crivello. CGF spent $645.00 defending Mr. Crivello.

d. On or about November 3, 2009, Deputy J. Finley of Orange County Sheriff's Department seized a bullet button equipped Stag Arms AR-15 style firearm from Stan Sanders. CGF counsel was engaged to explain the legality of the firearm to the Orange County Sheriff's Department

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    and the firearm was subsequently returned to Mr. Sanders. The

2    Orange County Training Bulletin was issued partially in response to

3    this incident. CGF spent $650.00 defending Mr. Sanders.

4    e.    On or about March 30, 2010, Robert Wolf was arrested by the

5    Riverside County Sheriff's Department for possession of a

6    semiautomatic centerfire rifle with a "Prince 50 Kit." CGF counsel

7    intervened and had the case dismissed on or about November 11, 2010,

8    with the firearm subsequently returned to Mr. Wolf. CGF spent

9    $5,975.00 defending Mr. Wolf.

10  105.  Plaintiffs allege on information and belief that there may be other innocent

11    gun owners, who without the resources of THE CALGUNS FOUNDATION,

12    INC., and/or THE SECOND AMENDMENT FOUNDATION, were charged

13    under these vague and ambiguous statutes/regulations and plead guilty (or

14    no contest) to lesser charges to avoid a felony conviction.

15
16

## FACTS – Semi-Automatic, Center-Fire Rifles and Handguns are "Arms" Protected by the Second Amendment.

17  106.  Plaintiffs herein allege that semi-automatic center-fire rifles and handguns

18    with detachable magazines and any number of additional features (e.g., pistol

19    gripes, collapsible stocks, flash suppressors, etc...) are "arms" protected by the

20    Second Amendment to the United States Constitution.  Furthermore, to the

21    extent that California seeks to regulate the manufacturing, acquisition and

22    possession of semi-automatic, center-fire rifles with detachable magazines, it

23    must define them in a way that is not vague and ambiguous.

24  107.  Plaintiffs herein allege that the state of confusion caused by the current

25    vague and ambiguous statues/regulations continues to result in the wrongful

26    arrests of innocent gun-owners while they are exercising a fundamental

27    "right to keep and bear" lawful firearms.  These wrongful arrests and the

28    chilling of fundamental rights violates the Second Amendment to the United

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

3RD Amended Consolidated Complaint    **Page 25 of 27**    *Haynie, et al. v. Harris, et al.*

States Constitution as that right is incorporated against state action through the Fourteenth Amendment.

**CLAIM FOR RELIEF:**
**SECOND AMENDMENT & FOURTEENTH AMENDMENT,**
**UNITED STATES CONSTITUTION**
**42 USC §§ 1983, 1988; 28 USC § 2201, 2202**
**INJUNCTIVE/DECLARATORY RELIEF**

108. Paragraphs 1 through 107 are incorporated by reference as though fully set forth.

109. California's Assault Weapon Statutes and Regulations are unconstitutionally vague and ambiguous and have resulted in the wrongful arrest, detention and prosecution of law-abiding citizens exercising their Second Amendment right to 'keep and bear arms' that are in common use for lawful purposes.

110. California's Assault Weapon Statutes and Regulations are unconstitutionally vague and ambiguous and have resulted in the wrongful confiscation of common and ordinary firearms, that are protected by the Second Amendment, from their law-abiding owners.

111. California's Assault Weapon Statutes and Regulations are unconstitutionally vague and ambiguous and therefore have a chilling effect on the fundamental right to "keep and bear arms" of common use and ordinary design.

112. The California Department of Justice has the power and resources to clarify the law, but persist, by their failure to act upon a statutory duty, in a pattern and practice of intentional disregard for the rights of law-abiding gun owners.

113. Only an order from this Court suspending the enforcement of the California Assault Weapons Control Act, until such time as the Defendants take steps to clarify the definition of Assault Weapon, can adequately address these violations of the Second Amendment as incorporated against state actors through the Fourteenth Amendment.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

3RD Amended Consolidated Complaint    Page 26 of 27    *Haynie, et al. v. Harris, et al.*

1  WHEREFORE, the Plaintiffs requests that this Court:

2        A.    Issue a declaratory judgment and/or injunctive relief that California's

3             Assault Weapon Statutes and Regulations are unconstitutional and/or

4             that this Court suspend enforcement of the California Assault

5             Weapons Act until such time as the California Department of Justice

6             issues appropriate regulations, bulletins or memoranda to prevent

7             wrongful arrests of law-abiding citizens exercising a fundamental

8             right.

9        B.    Award costs of this action to all the Plaintiffs.

10        C.    Award reasonable attorney fees and costs to the Plaintiffs on all

11             Claims of the complaint, including but not limited to fee/cost awards

12             under 42 USC §§ 1983, 1988 and/or California Code of Civil Procedure

13             § 1021.5.

14        D.    Declaratory relief under 28 USC §§ 2201, 2202.

15        E.    Such other and further relief as this Court may deem appropriate.

16

17  Respectfully Submitted.

18  Dated: December 20, 2013,

19

20      /s/                              /s/
    Donald Kilmer, Jr. [SBN: 179986]       Jason A. Davis [SBN: 224250]

21      Law Offices of Donald Kilmer, APC     Davis & Associates
    1645 Willow Street, Suite 150         27201 Puerta Real, Suite 300

22      San Jose, California 95125           Mission Viejo, California 92691
    Voice: (408) 264-8489              Voice: (949) 310-0817

23      Fax:  (408) 264-8487               Fax:  (949) 288-6894
    E-Mail: Don@DKLawOffice.com       E-Mail: Jason@CalGunLawyers.com

24

25  Attorneys for Plaintiffs

26

27

28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487