Exhibit N

EDMUND G. BROWN JR.  
Attorney General

State of California  
DEPARTMENT OF JUSTICE

DIVISION OF LAW ENFORCEMENT  
P.O. BOX 160487  
SACRAMENTO, CA 95816-0487  
(916) 263-0699  
Facsimile: (916) 263-0676

November 3, 2008

Mr. Edward J. Jagels  
District Attorney  
Kern County  
1215 Truxton Ave.  
Bakersfield, CA 93301

Re: Request for Guidance and Clarification about on Assault Weapons

Dear District Attorney Jagels:

This letter is in response to your written request dated August 12, 2008, for "guidance from the BOF on how to determine whether firearms may be 'assault weapons' based on the features they possesses [sic]." You also requested clarification from our office about whether a semi-automatic centerfire rifle would meet the definition of "assault weapon" set forth in California Penal Code Section[1] 12276.1, subdivision (a) if certain modifications were made to the rifle, or certain accessories, such as the "Prince 50 Kit," "bullet button," or "MonsterMan grip," were attached to the rifle.

The California Department of Justice has a long history of cooperating with law enforcement agencies throughout the state, including those in Kern County. The Bureau of Firearms recently established a regional office in Fresno. So far this year, our special agents in the Fresno office have seized more than 125 firearms (including seven assault weapons) and almost 20,000 round of ammunition from felons and other persons who are prohibited by law from possessing both firearms and ammunition. We have also worked with your office to prosecute individuals who have unlawfully possessed, used and sold firearms in Kern County. Your office recently filed felony charges based upon a Bureau of Firearms investigation alleging that the defendant, a felon, illegally possessed an assault weapon in violation of Section 12280, subdivision (b), a firearm in violation of Section 12021, subdivision (a), and ammunition in violation of Section 12316, subdivision (b). A felony arrest warrant has been issued in that case.

However, the California Department of Justice (DOJ) has never had the legal duty or authority to *approve* a rifle, shotgun, or pistol for sale in the state on the basis that the firearm is not an assault weapon. At one time, DOJ had the legal authority pursuant to Section 12276.5, to declare a firearm to be a "series" assault weapon, or to obtain a court order that a firearm was an assault weapon. (See *Harrott v. County of Kings* (2001) 25

---

[1] All statutory references are to the California Penal Code, unless otherwise indicated.

Mr. Jagels
November 3, 2008
Page 2

Cal.4th 1138, 1155.) However, that authority was revoked by statute in 2007. (Stats. 2006, ch. 793 (AB 2728).) Under current law, DOJ has the duty to prepare the Assault Weapons Guide and distribute the guide to law enforcement. (§ 12276.5, subd. (a).) DOJ's duty is essentially administrative. Consequently, determining what types of firearms are prohibited pursuant to Section 12276.1 is for the courts. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.)

Explaining your need for guidance from the Bureau of Firearms, you mention a letter written by Deputy Attorney General (DAG) Nancy Palmieri that "approved" the DS Arms model SA 58 "as not being 'an assault weapon under California law.'" You describe the letter as being the basis for a "policy" of the Department of Justice that firearms similar to the DSA SA 58 are not assault weapons.

A letter from a Deputy Attorney General cannot establish a DOJ "policy" that a particular type of firearm is, or is not, an assault weapon. An agency is prohibited from adopting a regulation -- an interpretation of the law intended for general application -- unless that regulation has been formally adopted pursuant to the Administrative Procedures Act (APA). (Gov. Code, §§ 11340.5, subd. (a), 11342.600.) An interpretation of the law intended for general application that is not adopted in compliance with the APA is an illegal "underground regulation" that is entitled to no weight by the courts of the state. (*Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 581-582.) Rather, an interpretive policy is void when promulgated in violation of the APA. (*Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557, 571.)

In response to your request for "guidance from the BOF on how to determine whether firearms may be 'assault weapons' based on the features they possesses [sic.]," the Bureau of Firearms simply relies upon the state's statutes, regulations, and published appellate court decisions to determine whether an individual firearm is an assault weapon. Although we cannot adopt general policies about whether a class or type of firearm is an assault weapon, our office is happy to provide you with general information about California law governing firearms, including assault weapons. The Bureau of Firearms can also provide expert testimony about whether an individual firearm is an assault weapon in a court proceeding. An opinion rendered in a case-specific adjudication is not a "regulation" or policy that is subject to the APA. (*Tidewater Marine Western, Inc. v. Bradshaw, supra,* 14 Cal.4th at p. 572.) Such an opinion would not be dispositive of the legal question whether a particular firearm is, in fact, an "assault weapon" because that question can only be answered by a finder of fact in a trial court (See *Harrott v. County of Kings, supra,* 25 Cal.4th at pp. 1155 ["And, of course, the Attorney General's identification of a particular firearm as a series assault weapon would, in an appropriate case, be subject to challenge. . . . [T]he Attorney General now asserts that the rifle is an AK-47 . . . . Therefore, the case should be remanded to the trial court for a resolution of this question."].)

Regarding your question about the "Prince 50 Kit" and "bullet button," it is our understanding that those devices are designed to temporarily attach a magazine to a rifle,

Mr. Jugels
November 3, 2008
Page 3

but allow the magazine to be removed from the rifle with the use of a tool. While there is no question that such a configuration would render the magazine of a rifle to be non-detachable, it is unclear whether such a configuration negates the rifle's "capacity to accept" a detachable magazine. Since there are no statutes, case law, or regulations concerning whether a rifle that is loaded with a fixed, removable magazine can also be considered to have the "capacity to accept a detachable magazine," we are unable to declare rifles configured with the "Prince 50 Kit" or "bullet button" to be legal or illegal. To do so without a regulation would create an illegal "underground regulation."

Regarding the "MonsterMan Grip," you state that this grip is not a pistol grip because it "does not permit a 'pistol-style grasp' and instead permits only a 'rifle style grasp' on AR or AK-type firearms." It is unclear what clarification you are seeking. If the MonsterMan Grip is truly not a pistol grip, then attaching it to a semiautomatic centerfire rifle that has the capacity to accept a detachable would not render such a rifle an assault weapon. Again, it should be noted that the Department does not have the authority to approve (or disapprove) such items for use in California.

Our staff continues to be available as a law enforcement resource for your office. If your staff has an inquiry about the law, your staff may contact Deputy Attorney General Alison Merrilees at (916) 274-6136. If your staff needs to identify a particular model of firearm or determine whether that firearm meets the definition of an "assault weapon" under California law, or if your office needs expert testimony in court, your staff may contact our firearms expert, Special Agent Blake Graham, at (916) 274-1025. If your office needs assistance with a criminal investigation, please contact DOJ Special Agent Supervisor Lee Carenga at the Bureau of Firearms regional office in Fresno at (559) 457-5024. We look forward to continuing our cooperative relationship with the Kern County District Attorney's officer to enforce state firearms laws in California.

I hope this information is helpful. Please feel free to contact me again if you need further clarification.

Sincerely,

WILFREDO CID, Chief
Bureau of Firearms

For   EDMUND G. BROWN JR.
Attorney General