KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
ROSS C. MOODY
Deputy Attorney General
State Bar No. 142541
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-1376
  Fax: (415) 703-1234
  E-mail: Ross.Moody@doj.ca.gov
*Attorneys for Defendants California Department of Justice and Attorney General Kamala Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MARK AARON HAYNIE, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA HARRIS, Attorney General of California (in her official capacity) and CALIFORNIA DEPARTMENT OF JUSTICE, and DOES 1 TO 20,**<br><br>Defendants. | 10-cv-1255-SI<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT AND REQUEST FOR INJUNCTIVE/DECLARATORY RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date: February 28, 2014<br>Time: 9 a.m.<br>Courtroom: 10<br>Judge: The Honorable Susan Illston<br>Trial Date: N/A<br>Action Filed: 3/25/2010 |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 28, 2014 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom #10 of the above entitled court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, defendants Kamala D. Harris, Attorney General of California, and the California Department of Justice will move this Court for an order under

1

Notice of Motion and Motion to Dismiss Third Amended Complaint and Memorandum of Points and Authorities in Support of Motion to Dismiss Third Amended Complaint (10-cv-1255-SI)

Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) dismissing the Third Amended Consolidated Complaint for injunctive/declaratory relief because it fails to state a claim for which relief can be granted.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the pleadings, papers, and documents on file with the Court, and the oral argument of counsel.

Dated:  January 13, 2014                          Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


/s/ Ross C. Moody

ROSS C. MOODY
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Justice and*
*Attorney General Kamala Harris*

2

**TABLE OF CONTENTS**

Page

Introduction .................................................................................................................................... 1
Summary of Relevant Facts ............................................................................................................ 2
California's Assault Weapon Control Act ...................................................................................... 3
Procedural Background ................................................................................................................... 5
Legal Standards ............................................................................................................................... 6
    I.     Federal Rule of Civil Procedure 12(b)(1) ............................................................... 6
    II.    Federal Rule of Civil Procedure 12(b)(6) ............................................................... 6
Argument ........................................................................................................................................ 7
    I.     Plaintiffs' vagueness claims are not ripe ................................................................ 7
    II.    Plaintiffs do not meet the standards for injunctive relief ....................................... 9
    III.   The AWCA is not unconstitutionally vague ......................................................... 9
          A.    The AWCA is sufficiently definite ........................................................ 10
          B.    Plaintiffs' focus on arrests, rather than the statute, is misplaced ............. 10
Conclusion ..................................................................................................................................... 12

i

Notice of Motion and Motion to Dismiss Third Amended Complaint and Memorandum of Points and Authorities in Support of Motion to Dismiss Third Amended Complaint (10-cv-1255-SI)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abbott Labs. v. Gardner*
    387 U.S. 136 (1967) ............................................................................................................. 7

*Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir.1990) ................................................................................................ 7

*Boyce Motor Lines v. United States*
    342 U.S. 337 (1952) ........................................................................................................... 11

*Califano v. Sanders*
    430 U.S. 99, 97 S.Ct. 980 (1977) ....................................................................................... 7

*Chaker v. Preciad*
    2010 WL 2491421 (C.D. Cal. 2010) ................................................................................ 10

*City of Los Angeles v. Lyons*
    461 U.S. 95 (1983) ......................................................................................................... 5, 9

*Davis v. Scherer*
    468 U.S. 183 (1984) ........................................................................................................... 6

*Golden v. Zwickler*
    394 U.S. 103 (1969) ........................................................................................................... 8

*Haynie v. Harris*
    2011 WL 5038357 (N.D. Cal. 2011.) ......................................................................... 5, 8, 9

*Holder v. Humanitarian Law Project*
    __ U.S. __, 130 S. Ct. 2705 (2010) .................................................................................. 10

*In re. Digimarc Corp. Derivative Litigation*
    549 F.3d 1223 (9th Cir.2008) ............................................................................................. 6

*Jordan v. DeGeorge*
    341 U.S. 223 (1951) ......................................................................................................... 10

*Kokkonen v. Guardian Life Ins. Co. of America*
    511 U.S. 375 (1994) ........................................................................................................... 6

*Kolender v. Lawson*
    461 U.S. 352 (1983) ......................................................................................................... 10

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ........................................................................................................... 7

ii

Notice of Motion and Motion to Dismiss Third Amended Complaint and Memorandum of Points and Authorities in Support of Motion to Dismiss Third Amended Complaint  (10-cv-1255-SI)

**TABLE OF AUTHORITIES**
(continued)

Page

*Mortensen v. First Fed. Savings & Loan Ass'n*
　549 F.2d 884 (3d Cir.1977) .................................................................................... 6

*NL Indus. v. Kaplan*
　792 F.2d 896 (9th Cir.1986) .................................................................................. 6

of *Dickerson v. Napolitano*
　604 F.3d 732 (2d Cir. 2010) ................................................................................ 10

*Portman v. County of Santa Clara*
　995 F.2d 898 (9th Cir.1993) .................................................................................. 7

*Reg'l Rail Reorg. Act Cases*
　419 U.S. 102, 95 S.Ct. 335 (1974) ........................................................................ 7

*Richards v. Harris*
　2012 WL 3074869 (N.D.Cal. 2012) ...................................................................... 5

*Scheuer v. Rhodes*
　416 U.S. 232 (1974) .............................................................................................. 6

*Texas v. United States*
　523 U.S. 296 (1998) .............................................................................................. 8

*Thomas v. Anchorage Equal Rights Comm'n*
　220 F.3d 1134 (9th Cir.2000) ............................................................................ 7, 8

*Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.*
　594 F.2d 730 (9th Cir.1979) .................................................................................. 6

*United States Parole Comm'n v. Geraghty*
　445 U.S. 388 (1980) .............................................................................................. 7

*Usher v. City of Los Angeles*
　828 F.2d 556 (9th Cir.1987) .................................................................................. 7

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State*
　454 U.S. 464 (1982) .............................................................................................. 7

iii

Notice of Motion and Motion to Dismiss Third Amended Complaint and Memorandum of Points and Authorities in Support of Motion to Dismiss Third Amended Complaint  (10-cv-1255-SI)

**TABLE OF AUTHORITIES**
(continued)

**Page**

**STATUTES**

California Penal Code
   §§ 12275, et seq. ........................................................................................................... 1
   § 30500, et seq. ............................................................................................................ 3
   § 30505 .......................................................................................................................... 3
   § 30510 ..................................................................................................................... 3, 10
   § 30515 .................................................................................................................. 3, 4, 10

**CONSTITUTIONAL PROVISIONS**

United States Constitution, Article III ................................................................................. 7

**COURT RULES**

Federal Rule of Civil Procedure
   rule 12(b)(1) .................................................................................................................. 6
   rule 12(b)(6) .................................................................................................................. 6

iv

Notice of Motion and Motion to Dismiss Third Amended Complaint and Memorandum of Points and Authorities in Support of Motion to Dismiss Third Amended Complaint  (10-cv-1255-SI)

# INTRODUCTION

Plaintiffs' Third Amended Consolidated Complaint ("ACC") seeks declaratory and injunctive relief to declare California's Assault Weapons Control Act (Cal. Penal Code §§ 12275, et seq., hereafter "AWCA") unconstitutionally vague. Specifically, plaintiffs seek "an order from this Court suspending the enforcement of the California Assault Weapons Control Act until such time as the Defendants take steps to clarify the definition of Assault Weapon . . . ." ACC, ¶ 113. The ACC alleges that the "California Department of Justice has the power and resources to clarify the law," but has failed to do so. ACC, ¶ 112. These allegations fail to present a case or controversy which may be adjudicated in federal court. Plaintiffs lack standing, fail to allege facts demonstrating an unconstitutionally vague law, and present unripe claims. The Amended Consolidated Complaint must be dismissed due to these defects.

In seeking to overturn the AWCA and its implementing regulations, plaintiffs Mark Aaron Haynie, Brendan Richards, The Calguns Foundation, Inc., and The Second Amendment Foundation ("plaintiffs") allege that enforcement of these measures has "result[ed] in wrongful arrests and seizures of lawfully possessed/owned arms." ACC, ¶ 9. The gravamen of this claim is that because law enforcement personnel made errors in interpreting the AWCA, errors that allegedly led to the erroneous arrests of plaintiffs Haynie and Richards, the AWCA must be fatally flawed.

But the allegations of the ACC show that plaintiffs do not allege facts sufficient to present a case or controversy ripe for adjudication. Instead, the allegations in the ACC affirmatively demonstrate that one of the plaintiffs no longer own guns, eliminating the requirement that a present controversy exists as to him, and the allegations as to the other plaintiff's present gun ownership are inconclusive. Absent allegations that the individual plaintiffs have some present stake in the interpretation of California's assault weapons laws, the ACC does not present ripe claims for adjudication.

Further, all penal statutes are subject to some interpretation, and arrests that turn out to be mistaken are not uncommon. The fact that a handful of mistakes have been made by officers in

1

interpreting the AWCA at the time of arrest does not establish that the AWCA fails to meet constitutional requirements for adequate notice to the public and to law enforcement. An examination of the AWCA establishes that it contains sufficient detail to survive the vagueness challenge mounted here.

## SUMMARY OF RELEVANT FACTS

Plaintiff Haynie was arrested in Alameda County on February 7, 2009 for allegedly violating the AWCA, when Pleasanton Police thought that his AR-15 style weapon had features that qualified it as a weapon banned by the statute. ACC ¶¶ 22, 26. However, the rifle possessed by Haynie was equipped with a "bullet button," a device which required the use of a tool to remove the magazine, taking the weapon out of the statutory definition of an assault weapon. ACC ¶ 25. Therefore, charges were never filed, and Pleasanton stipulated to Plaintiff Haynie's factual innocence and agreed to pay for Haynie's bail bond costs. ACC ¶¶ 28-32. Haynie no longer owns any firearms, having sold them after his arrest. ACC ¶ 33.

Plaintiff Richards was arrested twice. The first arrest occurred on May 20, 2010, when police were investigating a disturbance at a Motel 6 in Rohnert Park, and two firearms were found in the trunk of Richards' car. ACC ¶¶ 43, 48. The police believed that the firearms were assault weapons within the scope of the AWCA, and Richards was arrested. ACC ¶ 50-51. Following the arrest, a criminalist employed by the California Department of Justice examined the rifles and stated that he believed that they did not have features which made them illegal under the AWCA. ACC ¶54. Thereafter, all charges against Richards were dismissed. ACC ¶ 56.

Richards' second arrest occurred on August 14, 2011, when police found a Springfield Armory M1A rifle in the trunk of Richards' car. ACC ¶¶ 66, 72. Police believed that the rifle was illegal under the AWCA because it had a "flash suppressor" on it, and therefore arrested Richards. ACC ¶ 67. Thereafter, a criminalist employed by the California Department of Justice examined the rifle and expressed the opinion that it did not have a flash suppressor and was thus not illegal under the AWCA. ACC ¶ 69. Subsequently, all charges against Richards were dismissed. ACC ¶ 72.

2

**CALIFORNIA'S ASSAULT WEAPON CONTROL ACT**

The AWCA is codified in California Penal Code section 30500, et seq. The California Legislature passed the AWCA after finding that "the proliferation and use of assault weapons poses a threat to the health, safety, and security of all citizens of this state." Cal. Penal Code § 30505. California law defines assault weapons in Penal Code sections 30510 and 30515. Subdivisions (a) through (c) of section 30510 lists specified models of rifles, pistols and shotguns that are defined as assault weapons.[1] Subdivisions (d) through (f) of section 30510 indicate that the lists of weapons identified by judicial decisions, as well as by Department of Justice regulations, are also assault weapons.

In addition to the list in section 30510, a further definition of assault weapons is found in section 30515, "assault weapon further defined." Section 30515 provides:

(a) Notwithstanding Section 30510, "assault weapon" also means any of the following:

(1) A semiautomatic, centerfire rifle that has the capacity to accept a detachable magazine and any one of the following:

(A) A pistol grip that protrudes conspicuously beneath the action of the weapon.

(B) A thumbhole stock.

---

[1] Specifically, section 30510 defines "assault weapon" as meaning "the following designated semiautomatic firearms:
 (a) All of the following specified rifles:
 (1) All AK series including, but not limited to, the models identified as follows: (A) Made in China AK, AKM, AKS, AK47, AK47S, 56, 56S, 84S, and 86S. (B) Norinco 56, 56S, 84S, and 86S. (C) Poly Technologies AKS and AK47. (D) MAADI AK47 and ARM. (2) UZI and Galil. (3) Beretta AR-70. (4) CETME Sporter. (5) Colt AR-15 series. (6) Daewoo K-1, K-2, Max 1, Max 2, AR 100, and AR 110C. (7) Fabrique Nationale FAL, LAR, FNC, 308 Match, and Sporter. (8) MAS 223. (9) HK-91, HK-93, HK-94, and HK-PSG-1. (10) The following MAC types:
 (A) RPB Industries Inc. sM10 and sM11. (B) SWD Incorporated M11. (11) SKS with detachable magazine. (12) SIG AMT, PE-57, SG 550, and SG 551. (13) Springfield Armory BM59 and SAR-48. (14) Sterling MK-6. (15) Steyer AUG. (16) Valmet M62S, M71S, and M78S. (17) Armalite AR-180. (18) Bushmaster Assault Rifle. (19) Calico M-900. (20) J&R ENG M-68. (21) Weaver Arms Nighthawk.
 (b) All of the following specified pistols:
 (1) UZI. (2) Encom MP-9 and MP-45. (3) The following MAC types: (A) RPB Industries Inc. sM10 and sM11. (B) SWD Incorporated M-11. (C) Advance Armament Inc. M-11. (D) Military Armament Corp. Ingram M-11. (4) Intratec TEC-9. (5) Sites Spectre. (6) Sterling MK-7. (7) Calico M-950. (8) Bushmaster Pistol.
 (c) All of the following specified shotguns: (1) Franchi SPAS 12 and LAW 12. (2) Striker 12. (3) The Streetsweeper type S/S Inc. SS/12."

3

Notice of Motion and Motion to Dismiss Third Amended Complaint and Memorandum of Points and Authorities in Support of Motion to Dismiss Third Amended Complaint (10-cv-1255-SI)

(C) A folding or telescoping stock.

(D) A grenade launcher or flare launcher.

(E) A flash suppressor.

(F) A forward pistol grip.

(2) A semiautomatic, centerfire rifle that has a fixed magazine with the capacity to accept more than 10 rounds.

(3) A semiautomatic, centerfire rifle that has an overall length of less than 30 inches.

(4) A semiautomatic pistol that has the capacity to accept a detachable magazine and any one of the following:

(A) A threaded barrel, capable of accepting a flash suppressor, forward handgrip, or silencer.

(B) A second handgrip.

(C) A shroud that is attached to, or partially or completely encircles, the barrel that allows the bearer to fire the weapon without burning the bearer's hand, except a slide that encloses the barrel.

(D) The capacity to accept a detachable magazine at some location outside of the pistol grip.

(5) A semiautomatic pistol with a fixed magazine that has the capacity to accept more than 10 rounds.

(6) A semiautomatic shotgun that has both of the following:

(A) A folding or telescoping stock.

(B) A pistol grip that protrudes conspicuously beneath the action of the weapon, thumbhole stock, or vertical handgrip.

(7) A semiautomatic shotgun that has the ability to accept a detachable magazine.

(8) Any shotgun with a revolving cylinder.

Cal. Penal Code § 30515.

///

///

///

4

## PROCEDURAL BACKGROUND

Plaintiffs' First Amended Complaint was dismissed with leave to amend by this Court following a motion by defendants. (See Order dated October 24, 2011, *Haynie v. Harris*, 2011 WL 5038357 (N.D. Cal. 2011).) In the prior complaint, plaintiffs sought "an order compelling the defendant California Department of Justice to issue appropriate memorandums and/or bulletins to the State's District Attorneys and law enforcement agencies to prevent wrongful arrests." (*Id.*, p. *1.) This Court noted that "Plaintiffs seeking equitable relief must also show "irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 [(1983)] (internal citation omitted)." (*Id.*, p. *6.) This Court concluded that Plaintiffs had not met the requirements of *Lyons*: "Under the *Lyons* standard, to show a real and immediate threat and demonstrate a case or controversy, Haynie and Richards would have to allege either that all law enforcement officers in California always arrest any citizen they come into contact with who is lawfully in possession of a weapon with a bullet button, or that the DOJ has ordered or authorized California law enforcement officials to act in such a manner." (*Id.*, p. *7.) This Court also dismissed Plaintiffs' declaratory relief claims as unripe for similar reasons. (*Id.*, p. *9.) This Court indicated that if Plaintiffs "wish to pursue the dismissed claims for injunctive and declaratory relief, they should plead facts demonstrating that they have standing to do so in the consolidated amended complaint." (Id., p. *10.)

Following dismissal of the First Amended Complaint, a Second Amended Complaint was filed. Plaintiffs and the remaining Defendants did not actively litigate the issues presented in it to allow Plaintiffs and the local law enforcement defendants to see if local law enforcement could be removed from the case by motion practice or settlement. The local law enforcement defendants brought a partially successful motion to dismiss (See Order dated July 30, 2012, *Richards v. Harris*, 2012 WL 3074869 (N.D.Cal.,2012), and thereafter these defendants were dismissed from the case pursuant to a settlement. The current Third Amended Complaint followed was filed December 20, 2013.

5

## LEGAL STANDARDS

### I. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. See Fed. R. Civ. P. 12(b)(1). Any party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the subject matter jurisdiction required to grant the relief requested. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "In resolving a Rule 12(b)(1) factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *In re. Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1236 (9th Cir.2008) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). When deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).

### II. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). A complaint may be dismissed based "on the lack of a cognizable legal theory or the absence of sufficient facts alleged

6

under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). In considering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. See *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987).

## ARGUMENT

### I. PLAINTIFFS' VAGUENESS CLAIMS ARE NOT RIPE

Article III of the United States Constitution confines the jurisdiction of federal courts "to the resolution of cases and controversies." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 471 (1982) (internal quotation marks omitted). To establish a "case or controversy," the "irreducible constitutional minimum" that a plaintiff must show contains the following three elements: (1) a concrete "injury in fact"; (2) a causal connection between the injury and defendant's conduct; (3) and a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). These constitutional requirements are "rigorous." *Valley Forge*, 454 U.S. at 475. The ripeness doctrine "is peculiarly a question of timing," *Reg'l Rail Reorg. Act Cases*, 419 U.S. 102, 140, 95 S.Ct. 335 (1974), designed "to separate matters that are premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action." *Portman v. County of Santa Clara*, 995 F.2d 898, 902 (9th Cir.1993) (internal quotation marks omitted). "[T]hrough avoidance of premature adjudication," the ripeness doctrine prevents courts from becoming entangled in "abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507 (1967), abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980 (1977).

Ripeness has both constitutional and prudential components. *Portman*, 995 F.2d at 902. The constitutional component of ripeness overlaps with the "injury in fact" analysis for Article III standing. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138–39 (9th Cir.2000) (en banc); see also *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202 (1980). But whether framed as an issue of standing or ripeness, the inquiry is largely the same:

7

are the issues presented "definite and concrete, not hypothetical or abstract." *Thomas*, 220 F.3d at 1139 (internal quotation marks omitted).

Here, plaintiffs' claims for declaratory and injunctive relief are not ripe for adjudication. Neither of the two plaintiffs expressly allege that they possess a weapon that they believe will subject them to prosecution under the AWCA. Indeed, the ACC expressly admits that one of the plaintiffs (Haynie) no longer owns guns, and that his "reasonable fear" of suffering a wrongful arrest under the AWCA will only occur "*if* he reacquires a firearm." ACC, ¶¶ 33-34[emphasis added]. In describing the second individual plaintiff (Richards) the ACC uses the past tense to describe his firearms (ACC ¶ 55 [Richards' seized firearms "were" semiautomatic guns]) and does not aver that he presently owns a weapon at all. Accordingly, the vagueness attack on the AWCA is premature.

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotations omitted). Here, the ACC contains an express contingency as to plaintiff Haynie, admitting that he has sold his guns, and alleging that his fear of prosecution under the AWCA will occur only "if" he obtains a weapon in the future. ACC ¶ 33-34. Likewise, the allegations in the ACC regarding the weapons ownership of plaintiff Richards implicitly concede that his claim is also contingent; the past-tense is used to describe his gun ownership, and no allegation that he presently owns weapons potentially subject to the AWCA can be found. It is "wholly conjectural that another occasion might arise" when plaintiffs Haynie and Richards "might be prosecuted" under the AWCA and the bare assertion that plaintiffs might acquire weapons in the future "is hardly a substitute for evidence that this is a prospect of 'immediacy and reality.'" *Golden v. Zwickler*, 394 U.S. 103, 109 (1969). To the extent that the ACC presents claims that would be contingent upon plaintiffs acquiring weapons in the future, the ACC fails to present ripe claims which can be adjudicated.[2]

---

[2] As this Court noted in its order dismissing the First Amended Complaint, the standing of the institutional plaintiffs in this case (The Calguns Foundation and The Second Amendment Foundation) is derived from the standing of their members. *Haynie v. Harris*, 2011 WL 5038357, at *9-10. As before, to the extent that the individual plaintiffs lack standing due to their

(continued…)

8

Notice of Motion and Motion to Dismiss Third Amended Complaint and Memorandum of Points and Authorities in Support of Motion to Dismiss Third Amended Complaint (10-cv-1255-SI)

## II. PLAINTIFFS DO NOT MEET THE STANDARDS FOR INJUNCTIVE RELIEF

In the order dismissing the First Amended Complaint in this case, and permitting plaintiffs to file a further amended complaint, this Court warned plaintiffs to allege facts "demonstrating that they have standing" if they wished to pursue their dismissed injunctive and declaratory relief claims. (*Haynie v. Harris*, 2011 WL 5038357, p. *10.) Yet the allegations in the ACC contain the same defects found in the First Amended Complaint. Specifically, plaintiffs have not alleged that "*all* law enforcement officers in California *always* wrongly arrest any citizen with whom they come into contact who is lawfully in possession of a weapon with a bullet button." (*Id.*, p. *8, original emphasis.) Plaintiffs re-assert their fear of being arrested for an AWCA violation, but these fears are "speculative" and fail to show "a 'likelihood of substantial and immediate irreparable injury'" which is needed for standing to seek an injunction in federal court. *City of Los Angeles v. Lyons*, 461 U.S. at 111.

Although plaintiffs have changed their theory of the case slightly in the ACC, the relief sought is similar: an injunction from this Court stopping enforcement of the AWCA unless and until DOJ "issues appropriate regulations, bulletins, or memoranda to prevent wrongful arrests of law-abiding citizens." ACC, Prayer for Relief, p. 27. In seeking such an injunction (and related declaratory relief), plaintiffs must allege facts sufficient for standing. As the Supreme Court held in *Lyons*, "recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the states' criminal laws in the absence of irreparable injury which is both great and immediate." *City of Los Angeles v. Lyons*, 461 U.S. at 112. The allegations here fall short, and the ACC should be dismissed.

## III. THE AWCA IS NOT UNCONSTITUTIONALLY VAGUE

Even if it presented ripe claims, the ACC must still be dismissed because the AWCA is not unconstitutionally vague. The AWCA and its implementing regulations are sufficiently definite to withstand scrutiny, and must be upheld.

---

(…continued)
presentation of unripe claims, the institutional plaintiffs similarly lack standing.

9

Notice of Motion and Motion to Dismiss Third Amended Complaint and Memorandum of Points and Authorities in Support of Motion to Dismiss Third Amended Complaint (10-cv-1255-SI)

### A. The AWCA is Sufficiently Definite

In general, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Jordan v. DeGeorge* (1951) 341 U.S. 223, 231-32. "[P]erfect clarity and precise guidance have never been required" of a penal statute. *Holder v. Humanitarian Law Project* __ U.S. __, 130 S. Ct. 2705, 2720 (2010).

The statutes at issue contain lists of banned models and descriptions of the characteristics or features on models not listed that would bring those weapons within the scope of the AWCA. See Cal. Penal Code §§ 30510, 30515. These lists provide ample notice to citizens and law enforcement regarding what types of weapons are covered by the AWCA. See *Chaker v. Preciad*, 2010 WL 2491421 (C.D. Cal. 2010) (rejecting vagueness challenge to AWCA).

### B. Plaintiffs' Focus on Arrests, Rather Than the Statute, is Misplaced

Plaintiffs, apparently recognizing that there have been no prosecutions under the AWCA that were constitutionally problematic, focus instead on arrests. See, e.g., ACC at ¶ 107 ["state of confusion caused by current vague and ambiguous statutes/regulations continues to result in wrongful arrests…"]. But wrongful arrests do not support a claim that the statute and its implementing regulations are unconstitutionally vague. The Second Circuit case of *Dickerson v. Napolitano*, 604 F.3d 732, 745, n. 15 (2d Cir. 2010) made this point explicitly:

> We reject the notion that the plaintiffs can assert a facial challenge based on the constitutionally-protected right to be free from an improper arrest. It is often the case that a constitutional challenge to an arrest implicates the right to be free from that arrest. If the infringement of such a right gave rise to a facial challenge, facial vagueness challenges would be the rule, not the exception. The constitutionally-protected right that must be implicated to support a facial challenge must be the right infringed by *the statute* that was applied to the plaintiffs, not the right infringed by *the arrest* for a violation of that statute.

*Ibid.* (original emphasis).

10

Notice of Motion and Motion to Dismiss Third Amended Complaint and Memorandum of Points and Authorities in Support of Motion to Dismiss Third Amended Complaint (10-cv-1255-SI)

In this case, there is no question that the statute contains sufficient detail to provide notice to citizens and law enforcement about what is prohibited. Indeed, the undisputed facts of this case show that following all of the arrests of plaintiffs it was an application of the statute to the facts of their arrest which led to charges being dropped. See ACC ¶¶ 28, 32, 54, 56, 69, 72. The allegation that plaintiffs were arrested due to a belief on the part of the arresting officers that their weapons were illegal assault weapons does not support a contention that the statute is improper; it supports a contention that in protecting the public and enforcing the law that some mistakes will inevitably be made. This fact is unfortunate, to be sure, but does not support a contention of unconstitutional vagueness.

And the desire of plaintiffs to possess and display weapons that appear to be banned weapons certainly can lead to confusion on the part of law enforcement. Plaintiffs assert the right to own a weapon that "looks like a contraband weapon" but, upon close inspection, is not. ACC, ¶ 33a. They certainly have that right, but there are consequences that flow from such choices. As the United States Supreme Court has emphasized,

> [F]ew words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. *Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.*

*Boyce Motor Lines v. United States*, 342 U.S. 337, 340 (1952) [emphasis supplied].

In this case, the allegations of the ACC show that the standards for enforcement of the AWCA are present in the statute and regulations, but that in certain cases law enforcement makes errors in the field in applying these standards. The burden on law enforcement is exacerbated by Plaintiffs' stated desire to possess weapons that appear to be contraband, although, on close and careful inspection, are not. The facts alleged by plaintiffs do not demonstrate any defect in the statute; they demonstrate that the statute is ultimately quite clear and effective.

## CONCLUSION

For the foregoing reasons, the ACC should be dismissed.

Dated: January 13, 2014

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ Ross C. Moody

ROSS C. MOODY
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Justice and*
*Attorney General Kamala Harris*

SA2010101060
40860899.doc

Notice of Motion and Motion to Dismiss Third Amended Complaint and Memorandum of Points and Authorities in Support of Motion to Dismiss Third Amended Complaint (10-cv-1255-SI)