1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   LAW OFFICES OF DONALD KILMER
2  1645 Willow Street, Suite 150
   San Jose, California 95125
3  Voice: (408) 264-8489
   Fax:   (408) 264-8487
4  E-Mail: Don@DKLawOffice.com

5  Jason A. Davis [SBN: 224250]
   Davis & Associates
6  27201 Puerta Real, Suite 300
   Mission Viejo, California 92691
7  Voice: (949) 310-0817
   Fax:   (949) 288-6894
8  E-Mail: Jason@CalGunLawyers.com

9  Attorneys for Plaintiffs

10              UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                SAN FRANCISCO DIVISION
        450 GOLDEN GATE AVENUE, SAN FRANCISCO, CA
12

13  MARK AARON HAYNIE, BRENDAN          Case No.:      3:10-CV-01255 SI
    JOHN RICHARDS, THE CALGUNS
14  FOUNDATION, INC., and THE           PLAINTIFFS' OPPOSITION TO
    SECOND AMENDMENT                    MOTION TO DISMISS THIRD
15  FOUNDATION, INC.,                   AMENDED CONSOLIDATED
                                        COMPLAINT; AND MEMORANDUM
16        Plaintiffs,                   IN SUPPORT THEREOF

17                                      Date:      Feb. 28, 2014
                vs.                     Time:      9:00 a.m.
18                                      Courtroom: 10, 19th Floor
                                        Judge:     Honorable Susan Illston
19  KAMALA HARRIS, Attorney General     Trial Date: N/A
    of California, CALIFORNIA           Action File: March 15, 2010
20  DEPARTMENT OF JUSTICE,
                                        Time Est:   15 minutes per side
21        Defendants.

22

23       TO ALL PARTIES, THEIR COUNSEL OF RECORD AND THIS

24  HONORABLE COURT:

25       Plaintiffs, by and through undersigned counsel hereby oppose the

26  Defendant's Motion to Dismiss the Third Amended Complaint.  Said opposition will

27  be based on this memorandum, the Court's file and such argument as will be heard

28  at the time and place noticed above.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1

Table of Contents

2  Table of Authorities ...........................................................................3

3  Introduction.....................................................................................5

4  Statement of Facts............................................................................5

5  Summary of Argument.......................................................................6

6  Plaintiffs Claims are Ripe for Review..................................................7

7  Plaintiffs Claims Can Be Addressed by Injunctive Relief.......................10

8  Only Discrete and Identifiable Portion of the .......................................13

9      AWCA are Unconstitutionally Vague

10  Conclusion.....................................................................................15

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1

*FEDERAL CASES*

2    *Abbott Laboratories v. Gardner,* 387 U.S. 136 (1967) ................................................7

3    *Califano v. Sanders,* 430 U.S. 99 (1977) ................................................................7

4    *Cantwell v. Connecticut*, 310 U.S. 304 (1940)...........................................................15

5    *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)............................................7, 10, 12

6    *Colautti v. Franklin*, 439 U.S. 379 (1979) .............................................................15

7    *Colten v. Kentucky*, 407 U.S. 104 (1972)................................................................13

8    *Colwell v. Department of Health & Human Services* ................................................8
9        (9th Cir. 2009) 558 F.3d 1112

     *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n* .................6
10       (7th Cir. 1998) 149 F.3d 679

11   *District of Columbia v. Heller*, 554 U.S. 570 (2008)....................................................15

12   *Doe v. Bolton*, 410 U.S. 179, 93 S. Ct. 739, 35 L. Ed. 2d 201 (1973).........................10

13   *Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*, .....................10
         666 F.3d 1216, 1219 (9th Cir. 2012)
14
     *Grayned v. City of Rockford*, 408 U.S. 104 (1972) ...................................................15
15
     *Hawkins v. Joan Comparet-Cassani*, 251 F.3d 1230 (9th Cir. 2001).........................12
16
     *LaDuke v. Nelson*, 762 F.2d 1318 (9th Cir. 1985).....................................................12
17
     *McClung v. City of Sumner* (9th Cir. 2008) 548 F.3d 1219.........................................7
18
     *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010)...............................................15
19
     *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.* ............................6
20       (6th Cir. 2012) 672 F.3d 396

21   *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) .......................................11

22   *National Park Hospitality Ass'n v. Department of Interior*,.......................................7
         538 U.S. 803 (2003)
23
     *New York v. Ferber*, 458 U.S. 747 (1982).................................................................13
24
     *Ohio Forestry Ass'n, Inc. v. Sierra Club,* 523 U.S. 726 (1998) ...............................7
25
     *Oklevueha Native American Church of Hawaii, Inc. v. Holder* ...............................8
26       (9th Cir. 2012) 676 F.3d 829

27   *Rescuecom Corp. v. Google Inc.* (2nd Cir. 2009) 562 F.3d 123....................................6

28   *Seegars v. Gonzales* (DC Cir. 2005) 396 F.3d 1248...................................................11

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Thomas v. Anchorage Equal Rights Comm'n* ............................................................7
(9th Cir. 2000) 220 F.3d 1134

*United States Civil Svc. Comm'n v. National Ass'n of Letter Carriers,* ....................13
413 U.S. 548 (1973)

*Valle Del Sol, Inc. v. Whiting* ...........................................................................................9
(9th Cir. 2013) 732 F.3d 1006

*Western Mining Council v. Watt,* ..................................................................................10
(9th Cir. 1981) 643 F.2d 618

*Williamson v. Tucker* (5th Cir. 1981) 645 F.2d 404 ....................................................6

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**INTRODUCTION**

1.  Given the development of the facts over life of this case and the range of remedies prayed for by the Plaintiffs and available to this Court (from merely compelling a clarifying bulletin and/or regulation to suspending enforcement of the California Assault Weapons Act (AWCA)), the Defendants' tenacity in clinging to the status quo is a remarkable curiosity in and of itself.

2.  Including the named Plaintiffs, the facts set forth in the Third Amended Consolidated Complaint (ACC) recount at least nine (9) instances of false arrests under the AWCA.

3.  The gravamen of the remaining cause of action is that the fundamental rights protected by the Second Amendment are being chilled and/or violated; because without a clarifying bulletin/regulation, that the Defendants have the power/duty to issue, the AWCA is vague and ambiguous.

**STATEMENT OF FACTS**

4.  The detailed facts are set out in ¶¶ 22 - 107 of the AAC (Doc #91) which includes Exhibit A - P.  A summary of the core facts are that:

    a.  Law-abiding gun owners are being falsely arrested, deprived of their liberty, having their firearms confiscated, and have been required to defend themselves against felony criminal charges when they have not violated the law.  See AAC ¶¶ 32, 53-57, 72, 104.a. - 104.e.

    b.  Plaintiffs' theory is that these false arrests are the result of some confusion on the part of local law enforcement agencies with respect to what is and what is not an "Assault Weapon" under California's AWCA.  Several local law enforcement agencies (which have been dismissed from this case) have concurred with the Plaintiffs' theory. See AAC, Exhibits O and P for declarations of the Sonoma County Sheriff and Director of Public Safety Brian Masterson of Rohnert Park. See also ¶ 32 of the AAC, wherein the City of Pleasanton issued Mr.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1        Haynie a finding of factual innocense under Penal Code § 851.8. (i.e.,

2        there was no probable cause for the arrest.)

3      c.    Plaintiffs' theory of the case also alleges the Defendants have a

4        statutory duty to insure uniform state-wide training on the

5        identification of "Assault Weapons" and that the Defendants' failure to

6        publish or issue bulletins and/or promulgate regulations that would

7        clarify the law is the proximate cause of these false arrests that are

8        chilling and violating the exercise of a fundamental right.

9      d.    Plaintiffs' theory also alleges that the Defendants have contributed to

10        the confusion about identifying "Assault Weapons" by their false and

11        self-contradictory communications to the public.

12  5.    In a 'facial attack' under Federal Rule of Civil Procedure 12(b)(1), the

13      allegations of the complaint are taken as true. Where the motion is based on

14      extrinsic evidence, no presumptive truthfulness attaches to plaintiff's

15      allegations. *Commodity Trend Service, Inc. v. Commodity Futures Trading*

16      *Comm'n* (7th Cir. 1998) 149 F.3d 679, 685; and *Williamson v. Tucker* (5th

17      Cir. 1981) 645 F.2d 404, 412.

18  6.    As the Defendants have not tendered any extrinsic facts to challenge

19      jurisdiction under FRCP 12(b)(1), then, as with a Rule 12(b)(6) motion, the

20      court must accept as true all material factual allegations in the complaint for

21      this motion, draw inferences from those allegations in the light most

22      favorable to plaintiff, and construe the complaint liberally. *Rescuecom Corp.*

23      *v. Google Inc.* (2nd Cir. 2009) 562 F.3d 123, 127; *Mediacom Southeast LLC v.*

24      *BellSouth Telecommunications, Inc.* (6th Cir. 2012) 672 F.3d 396, 400.

25                      **SUMMARY OF ARGUMENT**

26  7.    Defendants' motion is based on three propositions:

27      a.    That Plaintiffs lack Article III standing and/or that the Court should

28        exercise its prudential discretion to deny jurisdiction because the

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opp MTD ACC            Page 6 of 16           *Haynie, et al. v. Harris, et al.*

1    claims are not ripe.

2       b.    That Plaintiffs' claims do not meet the standards for injunctive relief.

3       c.    That the AWCA is not unconstitutionally vague.

4  8.   Defendants are just plain wrong on the facts alleged in the ACC for purposes

5       of standing, or they are not taking into consideration the fundamental nature

6       of the right that is being violated.

7  9.   The <u>every-dog-gets-one-bite</u> rule set out in *City of Los Angeles v. Lyons*, 461

8       U.S. 95 (1983), that was the basis for Defendants' prior victory in a Rule 12

9       motion has been overcome by newly plead facts and the affidavits of the

10      dismissed law enforcement agencies.

11 10.  This is an as-applied challenge to the Defendants' policies and practices with

12      respect to their statutory duty to manage enforcement of the AWCA, it is not

13      necessary for the Plaintiffs to allege a facial defect in the statute.

14              **<u>PLAINTIFFS' CLAIMS ARE RIPE FOR REVIEW</u>**

15 11.  The ripeness doctrine is "drawn both from Article III limitations on judicial

16      power and from prudential reasons for refusing to exercise jurisdiction."

17      *National Park Hospitality Ass'n v. Department of Interior* (2003) 538 U.S.

18      803, 808, 123 S.Ct. 2026, 2029.

19 12.  While Article III ripeness is jurisdictional, "(p)rudential considerations of

20      ripeness are discretionary . . ." *Thomas v. Anchorage Equal Rights Comm'n*

21      (9th Cir. 2000) 220 F.3d 1134, 1142 (en banc); *McClung v. City of Sumner*

22      (9th Cir. 2008) 548 F.3d 1219, 1224 – court may assume ripeness when case

23      raises only prudential concerns.

24      a.    Prudential ripeness requires evaluating "both the fitness of the issues

25            for judicial decision and the hardship to the parties of withholding

26            court consideration." *Abbott Laboratories v. Gardner* (1967) 387 U.S.

27            136, 149, 87 S.Ct. 1507, 1515 (abrogated on other grounds in *Califano*

28            *v. Sanders* (1977) 430 U.S. 99, 105, 97 S.Ct. 980, 984); *Ohio Forestry*

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opp MTD ACC              Page 7 of 16              *Haynie, et al. v. Harris, et al.*

1           *Ass'n, Inc. v. Sierra Club* (1998) 523 U.S. 726, 736-737, 118 S.Ct. 1665,

2           1672 – "further factual development would 'significantly advance our

3           ability to deal with the legal issues presented' and would 'aid us in

4           their resolution'"; see also *Colwell v. Department of Health & Human*

5           *Services* (9th Cir. 2009) 558 F.3d 1112, 1124.

6      b.    The primary inquiry is whether the relevant issues are sufficiently

7           focused to permit judicial resolution without further factual

8           development. *Oklevueha Native American Church of Hawaii, Inc. v.*

9           *Holder* (9th Cir. 2012) 676 F.3d 829, 838-839 – fitness for review

10          "requires only the existence of a 'concrete factual situation'" (claims fit

11          for review; no requirement of exhaustion of administrative proceedings

12          in Religious Freedom Restoration Act).

13      c.    The second inquiry is whether the parties would suffer any hardship

14          by postponing judicial review. Hardship in this context "does not mean

15          just anything that makes life harder; it means hardship of a legal kind,

16          or something that imposes a significant practical harm upon the

17          plaintiff." *Colwell v. Department of Health & Human Services*, supra,

18          558 F.3d at 1128 (internal quotes omitted).

19  13.    This lawsuit seeks declaratory/injunctive relief to compel a state agency to

20        act (promulgate clarifying guidelines) in accordance with their <u>statutory</u> and

21        <u>constitutional</u> duties as they relate to the AWCA (ACC ¶¶ 77-79) –  which the

22        Defendants steadfastly refuse to do.  There is no further action required by

23        the agency, which negates any claim that Plaintiffs' claims are unripe due to

24        an unresolved agency action or lack of a factual record.

25  14.    The Defendants also appear to base their ripeness challenge on the assertion

26        that Haynie no longer owns a firearm (and only expresses a reasonable fear

27        of future wrongful arrest if reacquires a firearm); and that Richards uses a

28        past tense narrative to describe his firearms.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opp MTD ACC        Page 8 of  16        *Haynie, et al. v.  Harris, et al.*

a.   First of all the Defendants are just wrong on the status of Plaintiff Richards' firearms.  Paragraph 61 of the ACC states clearly that two pistols and a rifle were returned to Richards following the dismissal of the first case against him.

b.   Second, it can be reasonable inferred that since Plaintiff Richards recovered his firearms from the arresting agency after his first dismissal (as alleged in ¶ 61) that he also recovered his firearms from the arresting agency after the dismissal of the second case.  ACC ¶ 72.

c.   Third, Haynie's "reasonable fear" of future wrongful arrest is ripe for review under current Ninth Circuit law because he has alleged a desire to continue engaging in the protected conduct (e.g., exercising his Second Amendment "right to keep and bear arms" by reacquiring a firearm like the one that got him arrested, see ¶¶ 33-34 of the AAC).

It is well-established that, although a plaintiff "must demonstrate a realistic danger of sustaining a direct injury as a result of a statute's operation or enforcement," a plaintiff "does not have to await the consummation of threatened injury to obtain preventive relief." *Babbitt v. United Farm Workers, 442 U.S. 289, 298, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979)* (internal quotation marks omitted). Thus, Santiago need not await prosecution to challenge *§ 13-2929. Id.* ("[I]t is not necessary that [the plaintiff] first expose himself to actual arrest or a prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights.") (internal quotation marks omitted). "[I]t is 'sufficient for standing purposes that the plaintiff intends to engage in a 'course of conduct arguably affected with a constitutional interest' and that there is a credible threat that the provision will be invoked against the plaintiff.'" *Ariz. Right to Life Political Action Comm. v. Bayless, 320 F.3d 1002, 1006 (9th Cir. 2003)* (quoting LSO, *Ltd. v. Stroh, 205 F.3d 1146, 1154-55 (9th Cir. 2002)* (quoting *Babbitt, 442 U.S. at 298*)).

*Valle Del Sol, Inc. v. Whiting*
732 F.3d 1006 (9th Cir. 2013)

d.   Furthermore where the complaint alleges a history of prosecutions

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    relating to a protected right, a fear of wrongful prosecutions is

2    sufficient to overcome a ripeness challenge.  *Doe v. Bolton*, 410 U.S.

3    179, 93 S. Ct. 739, 35 L. Ed. 2d 201 (1973).[1]

4         e.    Finally, though Defendants only made an oblique reference the

5    organizational plaintiffs' standing, this Circuit has held organizations

6    have  "direct standing to sue [when] it show[s] a drain on its resources

7    from both a diversion of its resources and frustration of its mission."

8    *Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*,

9    666 F.3d 1216, 1219 (9th Cir. 2012) (quoting *Fair Hous. of Marin v.*

10   *Combs*, 285 F.3d 899, 905 (9th Cir. 2002)).  As quoted in: *Valle Del Sol,*

11   *Inc. v. Whiting,* 732 F.3d 1006, 1018  (9th Cir. 2013)

12   15.  Defendants simply misread the ACC as to Plaintiff Richards. It clearly

13   alleges (infers) that he still owns the firearm that got him wrongfully

14   arrested.  Additionally, fear of arrest is a basis for standing in this Circuit

15   when coupled with a history of wrongful arrests and an allegation of the

16   desire to continue engaging in the protected conduct that resulted in the prior

17   wrongful arrests.

18   **PLAINTIFFS CLAIMS CAN BE ADDRESSED BY INJUNCTIVE RELEIF**

19   16.  Defendants ask too much of the holding in *City of Los Angeles v. Lyons*, 461

20   U.S. 95 (1983). Where an injunction is sought against governmental

21   enforcement of an allegedly unlawful statute or regulation, Plaintiff need

22   only establish a credible threat of enforcement.  Plaintiff is not required to

23

24   [1] "In *Rincon Band of Mission Indians v. County of San Diego*, 495 F.2d 1 (9th
Cir.), cert. denied, 419 U.S. 1008, 95 S. Ct. 328, 42 L. Ed. 2d 283 (1974), this Court
25   held that in an action for declaratory judgment, a general threat of enforcement,
absent any arrests for violation of a county gambling ordinance, was "insufficient to
26   meet the case or controversy requirements" of Art. III of the Constitution. The
*Bolton* decision was distinguished on the grounds that it involved a history of
27   prosecutions under the challenged statute, a circumstance which was not shown in
*Rincon* [...]."  *Western Mining Council v. Watt*,  643 F.2d 618 (9th Cir. 1981).
28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1  'bet the farm' by violating the law as a prerequisite to testing the validity of

2  the law in a suit for injunction.  *MedImmune, Inc. v. Genentech, Inc.* (2007)

3  549 U.S. 118, 128, 127 S.Ct. 764, 772;  *Seegars v. Gonzales* (DC Cir. 2005)

4  396 F.3d 1248, 1251– pre-enforcement harm complained of need not be

5  totally certain to occur.

6  17.  The point Defendants are missing is that there has been, and continues to be,

7  a credible threat of harm (wrongful arrest, wrongful confiscation of protected

8  arms, chilling a fundamental right) for each an every day of their failure to

9  issue a clarifying bulletin and/or regulation.  The wrongful arrests alleged

10  (though not all victims are plaintiffs in this action) in the ACC started in

11  April of 2007. (ACC ¶ 104)  By the time this Court hears this motion that will

12  encompass almost 7 years (more than 2,500 days) of a change in firearm

13  technology that the Defendants not only failed to acknowledge, but wherein

14  the Defendants (arguably) promoted a vague and ambiguous interpretation of

15  the AWCA that lead to wrongful arrests. (ACC ¶¶ 77-103)   In other words,

16  there is no "contingent future event."  There is a continuing failure to act in

17  accordance with Defendants' statutory and constitutional duties.

18  18.  Nor is it speculative that this failure to act is causing the constitutional

19  harm.  Sonoma County Sheriff Freitas sets forth the problems with

20  identifying weapons regulated by the AWCA in Exhibit O attached to the

21  ACC.  See also the declaration by Brian Masterson, Director of the

22  Department of Public Safety for the City of Rohnert Park. Paragraphs 6 and

23  7 of Exhibit P, specifically calls out the California Department of Justice's

24  failure to promulgate clear guidelines as the cause of his officer's failure to

25  properly identify a weapon regulated by the AWCA.

26  19.  Additionally, the harm alleged is not just the false arrests (9 of them set forth

27  in the ACC) but also the immediate harm of the chilling of a fundamental

28  constitutional "right to keep and bear arms" of common and ordinary design

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opp MTD ACC                    Page 11 of 16                    *Haynie, et al. v.  Harris, et al.*

by law-abiding citizens that might look like "Assault Weapons" but are not. See ACC ¶¶ 106-107.

20.    Finally, this case can be distinguished on its facts. The Ninth Circuit cases interpreting *Lyons* instruct District Courts to look at three criteria when taking up this issue in a Rule 12 motion. See generally: *LaDuke v. Nelson*, 762 F.2d 1318 (9th Cir. 1985) and *Hawkins v. Joan Comparet-Cassani*, 251 F.3d 1230 (9th Cir. 2001):

a.    Whether there is a likelihood of reoccurrence.  When this court issued its prior decision, Plaintiff Haynie was the only complainant. Since then an additional eight (8) instances of false arrests (Plaintiff Richards was arrested twice) by local law enforcement agencies, based on firearms being mis-identified as controlled weapons under the AWCA, have been identified by the pleadings.

b.    Whether the policy/practice is *ad hoc* or the result of a conscious policy. In this instance the Defendants' failure to issue clarifying guidelines on the AWCA and their own self-contradictory and confusing communications are alleged to be part of the harm.  In other words, the Defendants are making a conscious policy decision when they refuse to clarify the definitions under the AWCA.  This is especially egregious given that the ACC contains written clarifications from the Sheriff of Orange County (Ex. A), the City of Sacramento (Ex. B) and a flow-chart created by one of the Plaintiffs (Ex. C).[2]

---

[2] Though it may be too early in this case to be talking specific remedies, the narrowest injunctive relief that Plaintiffs would probably seek can be stated simply as: Suspend enforcement of the AWCA as to firearms with bullet-buttons and flash-hiders until/unless the Department of Justice can promulgate objective regulations and/or guidelines that will prevent future wrongful arrests. This does not affect the enforcement of listed guns (Penal Code § 30510), or .50 BMG Rifles (Penal Code § 30600 *et seq.*), or any of the "Assault Weapons" under Penal Code § 30515 that do not rely for their identification on bullet-buttons or flash-hiders.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opp MTD ACC            Page 12 of 16            *Haynie, et al. v. Harris, et al.*

c.     And finally, the Court must look to whether the plaintiff stands alone to vindicate only his own discrete and insular rights, or whether he has also sought to vindicate the rights of others.  That is at least part of the reason for including the organizational plaintiffs in this case.

### ONLY DISCRETE AND IDENTIFIABLE PORTIONS OF THE AWCA ARE UNCONSTITUTIONALLY VAGUE

21.     Implied, but not stated, in the Defendants' contention that the AWCA is not vague is the assumption that the Plaintiffs' ACC is a facial challenge to the AWCA.  The facts alleged in the ACC, and the remedies prayed for make out an "as-applied" challenge.  Most notably, the Plaintiffs have always contended that a proper interpretation of the AWCA and the dissemination of that interpretation to local law-enforcement agencies and District Attorney offices throughout the state will address the wrongs set forth in the ACC.

22.     The bullet-button (or magazine lock) issue is simple.  It is a device that prevents a firearm from having a "detachable magazine" (Penal Code § 30515(a)(1) - last clause) It is a discrete and identifiable part of the AWCA that merely requires a clarification of existing technology (examples of which are attached to the ACC) to remedy this particular vagueness claim.[3]  It is not controversial that Courts will avoid striking down an entire statute if some discrete portion of it may be surgically removed (or presumably fixed under a regulatory scheme) while still leaving in place substantial portions of the law that do not violate the constitution.  See generally: *Colten v. Kentucky*, 407 U.S. 104 (1972); *United States Civil Svc. Comm'n v. National Ass'n of Letter Carriers,* 413 U.S. 548 (1973); and *New York v. Ferber*, 458 U.S. 747 (1982).

[3] A assertion made not only by Plaintiffs, but by at least one of the dismissed Defendants.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

23. The same can not be said for the identifying characteristic of a flash-hider. (Penal Code § 30515(a)(1)(E)).  This portion of the AWCA may require an permanent excision of this particular characteristic, because nobody knows how to identify one and the State's own experts rely on catalogs and marketing materials from various manufacturers. (ACC ¶¶ 70-71)

24. Yet even if this Court were to simply redline this one feature, it hardly rises to the stature of striking an entire criminal statute.  Furthermore, the Court can fashion a remedy that permits the Defendants to promulgate an objective definition in order to have this clause of the AWCA reinstated.

25. Most all of the cases relied upon by the Defendants were cases where a plaintiff made a facial challenge.  Furthermore the attempt to distinguish wrongful arrests from wrongful prosecutions is a misreading of the ACC. Plaintiff Haynie's case was indeed a pre-file dismissal of the case by the Alameda County District Attorney.  But the wrongful prosecution by the Sonoma County District Attorney's Office of Plaintiff Richards in his first case was only dismissed on the day of his Preliminary Hearing.  (ACC ¶ 53) And his wrongful prosecution in the second case similarly resulted in an arrest and arraignment on felony charges. (ACC ¶ 67)

26. Furthermore, the single cause of action in this case is based on the Second Amendment claim that arms were wrongfully confiscated and that wrongful arrests are having a chilling effect on a fundamental right.  In other words, the fundamental right infringed upon by the Defendants' failure to issue AWCA guidelines is the Second Amendment, not the Fourth.

27. Defendants' mis-characterize of the facts on page 11, lines 1 to 4, of the MTD where they crow that proof that the AWCA is not vague can be shown by the fact that the charges against the plaintiffs were eventually dismissed. With respect to Plaintiffs Richards, that clearance came from a Department of Justice Criminalist with specialized knowledge of the AWCA and firearms.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1  (ACC ¶¶ 54, 69) If part of the remedies this Court fashions in a judgment is

2  that Senior Criminalist John Yount of the California Department of Justice

3  must travel from county to county giving instruction in the identification of

4  weapons controlled by the AWCA, then the Plaintiffs will rejoice that their

5  objectives in filing this suit have been achieved.

6  28.  Finally, the Defendants' argument that somehow the Plaintiffs assume some

7  kind of risk because they own (or want to reacquire) weapons that "look like

8  contraband weapons" is specious on its face.  The case cited for this

9  proposition – *Boyce Motor Lines v. United States*, 342 U.S. 337, 340 (1952) –

10  is not a case involving the exercise of a fundamental right.  The Second

11  Amendment's "right to keep and bear arms" is fundamental and fully

12  applicable to state action.  *District of Columbia v. Heller*, 554 U.S. 570 (2008)

13  and *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010).

14  29.  The point to be made here is that precision must be a part of Second

15  Amendment jurisprudence in much the same way as it is part of the First

16  Amendment; so that government regulation of the "right to keep and bear

17  arms" attains a permissible end without unduly infringing the protected

18  freedom.  See generally *Cantwell v. Connecticut*, 310 U.S. 304 (1940).

19  **CONCLUSION**

20  30.  A law or definition is invalid when "[I]t fails to give a person of ordinary

21  intelligence fair notice that his contemplated conduct is forbidden by the

22  statute." *Colautti v. Franklin*, 439 U.S. 379 (1979) (quoting *United States v.*

23  *Harriss*, 347 U.S. 612 (1954)).  The officers conducting the arrests set forth in

24  the ACC are men of ordinary intelligence who lacked the necessary technical

25  knowledge that Defendants have a duty to disseminate.

26  31.  Finally, the rationale of the vagueness doctrine as it relates to fundamental

27  rights is set forth best in this passage from *Grayned v. City of Rockford*,

28  (1972) 408 U.S. 104 at 108-09:

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opp MTD ACC               Page 15 of 16          *Haynie, et al. v. Harris, et al.*

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values.  First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity  to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them.  A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms."  Uncertain meanings inevitably lead citizens to "'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked." [footnotes omitted]

32.   The Defendants' Motion to Dismiss should be denied and the parties should be permitted to proceed with discovery and possible cross-motions for summary judgment and/or trial.

Respectfully Submitted.

Dated: January 27, 2014,

_____/s/_____                          _____/s/_____
Donald Kilmer, Jr. [SBN: 179986]          Jason A. Davis [SBN: 224250]
Law Offices of Donald Kilmer, APC         Davis & Associates
1645 Willow Street, Suite 150             27201 Puerta Real, Suite 300
San Jose, California 95125                Mission Viejo, California 92691
Voice: (408) 264-8489                     Voice: (949) 310-0817
Fax:   (408) 264-8487                     Fax:   (949) 288-6894
E-Mail: Don@DKLawOffice.com               E-Mail: Jason@CalGunLawyers.com

Attorneys for Plaintiffs