1  KAMALA D. HARRIS
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  ROSS C. MOODY
   Deputy Attorney General
4  State Bar No. 142541
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 703-1376
6    Fax:  (415) 703-1234
     E-mail:  Ross.Moody@doj.ca.gov
7  *Attorneys for Defendants California Department of
   Justice and Attorney General Kamala Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MARK AARON HAYNIE, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA HARRIS, Attorney General of California (in her official capacity) and CALIFORNIA DEPARTMENT OF JUSTICE, and DOES 1 TO 20,**<br><br>Defendants. | 10-cv-1255-SI<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date:             February 28, 2014<br>Time:             9 a.m.<br>Courtroom:   10<br>Judge:            The Honorable Susan Illston<br>Trial Date:     N/A<br>Action Filed:  3/25/2010 |

**TABLE OF CONTENTS**

**Page**

Argument .................................................................................................................................... 1

    I.    Plaintiffs' vagueness claims are not ripe .............................................................. 1

        A.    The allegations of the ACC regarding plaintiff Richards are insufficient on the issue of firearms ownership ........................................... 1

        B.    The allegations of the ACC regarding plaintiff Haynie fail to demonstrate "reasonable fear" of prosecution ............................................ 2

        C.    Plaintiffs' allegations are insufficient to establish ripeness ...................... 3

    II.    Plaintiffs do not meet the standards for injunctive relief ...................................... 4

    III.    The AWCA is not unconstitutionally vague ........................................................ 7

        A.    Plaintiffs' focus on arrests demonstrates the fatal flaw in their argument ..................................................................................................... 7

        B.    Alleged police misinterpretation of the AWCA does not establish vagueness .................................................................................................... 8

Conclusion ............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Cantrell v. City of Long Beach*
 241 F.3d 674 (9th Cir. 2001) ................................................................................................. 5

*Chaker v. Preciad*
 2010 WL 2491421 (C.D. Cal. 2010) ..................................................................................... 7

*City of Los Angeles v. Lyons*
 461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) ............................................... 4, 5, 6, 7

*Dickerson v. Napolitano*
 604 F.3d 732 (2d Cir. 2010) .................................................................................................. 8

*First Vagabonds Church of God v. City of Orlando*
 610 F.3d 1274 (11th Cir. 2010) ......................................................................................... 8, 9

*Golden v. Zwickler*
 394 U.S. 103 (1969) .............................................................................................................. 3

*Hawkins v. Comparet-Cassani*
 251 F.3d 1230 (9th Cir. 2001) .............................................................................................. 5

*Haynie v. Harris*
 2011 WL 5038357 (N.D. Cal. 2011) ................................................................................. 4, 7

*In re Gilead Sciences Sec. Litig.*
 536 F.3d 1049 (9th Cir. 2008) .............................................................................................. 2

*In re Perdue*
 221 Cal. App. 4th 1070 (2013) ............................................................................................. 8

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
 785 F. Supp. 2d 835 (N.D. Cal 2011) ................................................................................... 2

*LaDuke v. Nelson*
 762 F.2d 1318 (9th Cir. 1985) ........................................................................................... 4, 5

*MedImmune, Inc. v. Genentech, Inc.*
 549 U.S. 118 (2007) ........................................................................................................... 4, 5

*Texas v. United States*
 523 U.S. 296, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998) ..................................................... 3

*United States v. Dang*
 488 F.3d 1135 (9th Cir. 2007) .............................................................................................. 9

## TABLE OF AUTHORITIES
### (continued)

Page

*Valle del Sol Inc. v. Whiting*
   732 F.3d 1006 (9th Cir. 2013) .................................................................................. 2

*Western Mining Council v. Watt*
   643 F.2d 618 (9th Cir. 1981) ..................................................................................... 3

*Wolfson v. Brammer*
   616 F.3d 1045 (9th Cir. 2010) ................................................................................... 3

**STATUTES**

California Penal Code
   §§ 30500, et seq. ....................................................................................................... 1
   § 30510 ..................................................................................................................... 7
   § 30515 ..................................................................................................................... 7
   § 30520 ..................................................................................................................... 5
   § 31115 ..................................................................................................................... 5

**CONSTITUTIONAL PROVISIONS**

United States Constitution
   Article III ........................................................................................................... 2, 3, 5

**INTRODUCTION**

Plaintiffs' effort to obtain an injunction against enforcement of California's Assault Weapons Control Act (Cal. Penal Code §§ 30500, et seq., hereafter "AWCA") based upon allegations that the AWCA is unconstitutionally vague fails to present a case or controversy that may be adjudicated in federal court. Defendants have shown that Plaintiffs lack standing, fail to allege facts demonstrating an unconstitutionally vague law, and present unripe claims. The Amended Consolidated Complaint must be dismissed due to these defects.

**ARGUMENT**

**I.   PLAINTIFFS' VAGUENESS CLAIMS ARE NOT RIPE**

In the moving papers, Defendants argued that the allegations of Plaintiffs' Third Amended Consolidated Complaint ("ACC") demonstrate that Plaintiffs do not allege facts sufficient to present a case or controversy ripe for adjudication. It noted that the allegations in the ACC affirmatively demonstrate that one of the Plaintiffs no longer own guns, demonstrating that no present controversy exists as to him, and the allegations as to the other Plaintiff's present gun ownership were inconclusive. It asserted that absent allegations that the individual plaintiffs have some present stake in the interpretation of California's assault weapons laws, the ACC does not present ripe claims for adjudication.

In response, Plaintiffs contend that it may be inferred that one of them (Richards) possesses semiautomatic firearms, and that while the second one (Haynie) does not, his "reasonable fear" of prosecution should he subsequently obtain such firearms in the future is sufficient to establish ripeness. Both claims fail.

**A.   The Allegations of the ACC Regarding Plaintiff Richards Are Insufficient on the Issue of Firearms Ownership**

Regarding Plaintiff Richards, Plaintiffs contend that the allegation in paragraph 61 of the ACC that "two rifles and a pistol" were returned to Richards "following the dismissal of the first case against him" demonstrates that he currently possesses firearms. Opp., p. 9. In addition, Plaintiffs argue that "it can be reasonably inferred" that "he also recovered his firearms from the arresting agency after the dismissal of the second case." Opp., p. 9. While it is true that the Court

1

must assume that the ACC's allegations are true and must draw all reasonable inferences in Plaintiffs' favor, "the court is not required to accept as true 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 785 F. Supp. 2d 835, 839 (N.D. Cal 2011), quoting *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008). And it is not a reasonable inference that Richards possesses firearms of the type necessary to even begin to establish a ripe claim. The ACC's use of the past-tense (ACC ¶ 55 [Richards' seized firearms "were" semiautomatic guns]), and the lack of any actual allegation that he continued to possess them is telling.

Plaintiffs could have simply and clearly alleged that Richards presently possesses firearms that might be within the scope of California's Assault Weapons Control Act. They did not. This failure establishes a lack of a ripe claim to be adjudicated.

**B.     The Allegations of the ACC Regarding Plaintiff Haynie Fail to Demonstrate "Reasonable Fear" of Prosecution**

Plaintiffs acknowledge that Plaintiff Haynie does not presently own a firearm, but maintain that he nonetheless presents a ripe claim. Opp., p. 9. Plaintiff Haynie's reliance on the line of cases permitting a challenge based on a "reasonable fear" of prosecution is misplaced. In *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1014-15 (9th Cir. 2013), a challenge to Arizona statutes criminalizing the harboring of unauthorized immigrants, the plaintiff was a pastor at a church where 80 percent of the congregation were unauthorized immigrants. In the complaint at issue the pastor alleged that she "provides transportation and shelter to members of her congregation, including those who are unauthorized aliens, on a daily basis." *Ibid.*, internal quotation marks omitted. The Court concluded that the allegations of the complaint that plaintiff provided, and intended to continue to provide, banned services and shelter to unauthorized immigrants provided the necessary "credible threat" of prosecution necessary for Article III standing. 732 F.3d at 1015.

In contrast to the showing of the plaintiff in *Valle Del Sol*, Plaintiff Haynie's allegations are premised not on his present and continuing conduct, but upon something that may or may not occur in the future. Haynie asserts that his fear of wrongful arrest is "ripe for review" because he

2

intends to "continue engaging" in his Second Amendment right to keep and bear arms "*by reacquiring* a firearm like the one that got him arrested." Opp., p. 9, citing ACC ¶¶33-34, emphasis added. But Haynie has alleged only that "he may suffer" wrongful arrests "*if* he reacquires a firearm." ACC, ¶¶ 33-34[emphasis added]. The fact that Haynie does not own a firearm and relies only on the possibility that he might obtain one in the future fails to demonstrate a case ripe for adjudication.

This case is more in line with *Western Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981) (Opp., p. 10, fn. 1) than *Valle Del Solle*. *Western Mining Council* expressly held that a complaint alleging only generalized "fears of prosecution" and presenting merely "a *possibility* that plaintiffs may *eventually* be prosecuted" could not be adjudicated because "a hypothetical threat is insufficient to satisfy either the 'case or controversy requirement' of Art. III, s 2, or the 'actual controversy' requirement of the Declaratory Judgment Act." 643 F.2d at 626, emphasis added; see also *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010), quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998) ("A claim is not ripe for judicial resolution 'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all'").

### C. Plaintiffs' Allegations Are Insufficient to Establish Ripeness

The harms alleged regarding Plaintiff Haynie will occur only "if" he obtains a weapon in the future. ACC ¶¶ 33-34. Likewise, the allegations in the ACC regarding the weapons ownership of Plaintiff Richards implicitly concede that his claim is also contingent; the past-tense is used to describe his gun ownership, and no allegation that he presently owns weapons potentially subject to the AWCA can be found. Accordingly, as pleaded, it is "wholly conjectural that another occasion might arise" when Plaintiffs Haynie and Richards "might be prosecuted" under the AWCA and the bare assertion that Plaintiffs might acquire weapons in the future "is hardly a substitute for evidence that this is a prospect of 'immediacy and reality.'" *Golden v. Zwickler*, 394 U.S. 103, 109 (1969). Because the ACC presents claims that are contingent upon

Plaintiffs acquiring weapons in the future, the ACC fails to present ripe claims which can be adjudicated.[1]

## II. PLAINTIFFS DO NOT MEET THE STANDARDS FOR INJUNCTIVE RELIEF

In the order dismissing the First Amended Complaint in this case, and permitting Plaintiffs to file a further amended complaint, this Court noted that "Plaintiffs seeking equitable relief must also show 'irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a "likelihood of substantial and immediate irreparable injury."'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675 [(1983)] (internal citation omitted)." (*Haynie v. Harris*, 2011 WL 5038357 (N.D. Cal. 2011.), p. *6.) This Court concluded that the First Amended Complaint had not met the requirements of *Lyons*: "Under the *Lyons* standard, to show a real and immediate threat and demonstrate a case or controversy, Haynie and Richards would have to allege either that all law enforcement officers in California always arrest any citizen they come into contact with who is lawfully in possession of a weapon with a bullet button, or that the DOJ has ordered or authorized California law enforcement officials to act in such a manner." (*Id.*, p. *7.) This Court expressly warned Plaintiffs to allege facts "demonstrating that they have standing" if they wished to pursue their dismissed injunctive and declaratory relief claims. (*Haynie v. Harris*, 2011 WL 5038357, p. *10.)

In their Opposition, Plaintiffs do not directly address their compliance with the Court's prior order. Instead, they maintain that "Defendants ask too much of the holding" in *Lyons* and suggest that "Plaintiff need only establish a credible threat of enforcement" to obtain "an injunction against governmental enforcement of an allegedly unlawful statute or regulation." Opp., p. 10. Citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 (2007) and *LaDuke v.*

---

[1] As this Court previously observed in the order dismissing the First Amended Complaint, the standing of the institutional Plaintiffs in this case (The Calguns Foundation and The Second Amendment Foundation) is derived from the standing of their members. *Haynie v. Harris*, 2011 WL 5038357, at *9-10. As before, to the extent that the individual Plaintiffs lack standing due to their presentation of unripe claims, the institutional Plaintiffs similarly lack standing.

4

*Nelson*, 762 F.2d 1318 (9th Cir. 1985), Plaintiffs maintain that they have pleaded sufficient facts to meet the standards for injunctive relief. Opp., pp. 11-12. Not so.

Here, Plaintiffs seek an injunction against state officials involved in the administration of California's criminal justice system.[2] Specifically, the ACC seeks an injunction from this Court stopping enforcement of the AWCA unless and until DOJ "issues appropriate regulations, bulletins, or memoranda to prevent wrongful arrests of law-abiding citizens." ACC, Prayer for Relief, p. 27. As the Supreme Court held in *Lyons*, "recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the states' criminal laws in the absence of irreparable injury which is both great and immediate." *City of Los Angeles v. Lyons*, 461 U.S. at 112. The Ninth Circuit authorities relied upon by Plaintiffs (Opp., p. 12) expressly note this factor. (See *LaDuke v. Nelson*, 762 F.2d at p. 1324 (noting "prudential limitations circumscribing federal court intervention in state law enforcement matters" and eschewing "attempts by plaintiffs to entangle federal courts in the operations of state law enforcement and criminal justice institutions") and *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1237 (9th Cir. 2001) (request for "an injunction of state law enforcement matters" raises "federalism considerations" requiring a showing of "the likelihood of irreparable injury in the absence of injunctive relief" under *Lyons*). Likewise, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 (2007) involved a declaratory relief action in a patent royalty dispute, not a request for an injunction against state law enforcement officials, and is therefore not relevant to the present dispute. Thus, the authorities cited by Plaintiffs recognize the heightened requirement they must meet to obtain an injunction of the type requested.

---

[2] In their Opposition, Plaintiffs repeatedly refer to Defendants' "statutory and constitutional duties as they relate to the AWCA." Opp., p. 8; see also p. 11. The sections of the ACC referenced, paragraphs 77-79, contain only references to California statutes, not the United States Constitution. Opp., p. 8, citing ACC ¶¶ 77-79. If the basis for Plaintiffs' suit is grounded in state law, and not the United States Constitution, Plaintiffs face additional requirements to demonstrate Article III jurisdiction. See *Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir.2001) (recognizing that "the violation of a state-created legal right can, in itself, satisfy the injury in fact requirement for standing under Article III" if the plaintiff has right to sue under the state law). Here, Plaintiffs have not asserted any basis for standing to sue under California Penal Code sections 30520 or 31115 (ACC ¶¶ 77-79), calling into question their standing in this Court.

Plaintiffs reduce the holding of *Lyons* to "every dog gets one bite" (Opp., p. 7), fundamentally misapprehending the burden it establishes. Plaintiffs maintain that "there has been, and continues to be, a credible threat of harm" such as "wrongful arrest, wrongful confiscation of protected arms, chilling a fundamental right" for "every day" that the Department of Justice has "failed to issue a clarifying bulletin and/or regulation." Opp., p. 11. It maintains that the single arrest of Plaintiff Haynie, and the two arrests of Plaintiff Richards establish a "likelihood of reoccurrence." Opp., p. 12.[3]

Plaintiffs fail to confront the holding of *Lyons*, which stated that "recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the states' criminal laws in the absence of irreparable injury which is both great and immediate." *City of Los Angeles v. Lyons*, 461 U.S. at 112. Plaintiffs' references to credible threats or likelihood of reoccurrence do not meet the *Lyons* standard for injunctive relief:

> In order to establish an actual controversy in this case, Lyons would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either, (1) that *all* police officers in Los Angeles *always* choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such manner. Although Count V alleged that the City authorized the use of the control holds in situations where deadly force was not threatened, it did not indicate why Lyons might be realistically threatened by police officers who acted within the strictures of the City's policy. If, for example, chokeholds were authorized to be used only to counter resistance to an arrest by a suspect, or to thwart an effort to escape, any future threat to Lyons from the City's policy or from the conduct of police officers would be no more real than the possibility that he would again have an encounter with the police and that either he would illegally resist arrest or detention or the officers would disobey their instructions and again render him unconscious without any provocation.

*Id.*, 461 U.S. at pp. 105-06, original emphasis.

The allegations in the ACC contain the same defects this Court found in the First Amended Complaint. Specifically, Plaintiffs have not alleged that "*all* law enforcement officers in California *always* wrongly arrest any citizen with whom they come into contact who is lawfully

---

[3] Plaintiffs emphasize that Plaintiff Richards "was arrested twice," suggesting that this implies a higher likelihood of reoccurrence. Opp., p. 12. This Court has already rejected this contention. See *Richards v. Harris*, 2012 WL 3074869 p *4 (allegations about Richards' second arrest "will not suffice to establish standing to seek injunctive relief under *Lyons*").

in possession of a weapon with a bullet button" or muzzle brake. (2011 WL 5038357, p. *8, original emphasis.)  Plaintiffs re-assert their fear of being arrested for an AWCA violation, but these fears are "speculative" and fail to show "a 'likelihood of substantial and immediate irreparable injury'" which is needed for standing to seek an injunction in federal court. *City of Los Angeles v. Lyons*, 461 U.S. at 111.  As before, the ACC must be dismissed for failing to satisfy the requirements of *Lyons*.

### III.  THE AWCA IS NOT UNCONSTITUTIONALLY VAGUE

In their opening brief, Defendants observed that the AWCA had been upheld in response to a vagueness challenge (Motion, p. 10, citing *Chaker v. Preciad*, 2010 WL 2491421 (C.D. Cal. 2010), and further observed that the statutes at issue contain lists of banned models and descriptions of the characteristics or features on models not listed that would bring those weapons within the scope of the AWCA (Motion, p. 10, citing Cal. Penal Code §§ 30510, 30515).  In response, Plaintiffs contend that their vagueness allegations have been mischaracterized.  First, Plaintiffs maintain that "only discrete and identifiable portions of the AWCA are unconstitutionally vague," and these identifiable "wrongs" can be addressed by the "dissemination" of a "proper interpretation of the AWCA" to "local law enforcement agencies and District Attorney offices throughout the state."  Opp., p. 13.  Second, Plaintiffs maintain that they have brought "an 'as-applied' challenge" and not a "facial challenge to the AWCA."  Opp., p. 13.

#### A.  Plaintiffs' Focus on Arrests Demonstrates the Fatal Flaw in their Argument

Plaintiffs focus on *arrests* under the AWCA, not criminal prosecutions.  See, e.g., ACC at ¶ 9 ["result in wrongful arrests …"]; ¶ 33 ["a reasonable fear that he would face future additional arrests . . ."]; ¶ 77 ["threatened by a repetition of wrongful arrests"]; ¶ 107 ["state of confusion caused by current vague and ambiguous statutes/regulations continues to result in wrongful arrests . . ."].  But wrongful arrests do not support a claim that the statute and its implementing regulations are unconstitutionally vague.  An arrest in the field occurs when an officer believes that probable cause exists that a statute has been violated.  Such a probable cause finding is not

7

the same thing as a legal determination that the technical aspects of the statute have been met. As the California Court of Appeal observed:

> We reject petitioner's contention that, "[b]ecause police officers [ ] charged with enforcing [former] section 12370[ ] would not be capable of determining whether an item meets the definition of 'body armor,' [former] section 12370 allows arbitrary and discriminatory enforcement." To arrest a person for violating former section 12370(a), a police officer need not "determine" whether the person's protective vest qualifies as "body armor" within the meaning of the statute. An arrest is authorized if the officer has probable cause to believe that the person has been convicted of a violent felony and is in possession of prohibited body armor. (§ 836, subd. (a)(3).) The requisite probable cause exists when, as here, a person convicted of a violent felony is in possession of what "is popularly called a 'bulletproof vest'." (Title 11, § 942, subd. (e).)

*In re Perdue*, 221 Cal. App. 4th 1070, 1080 (2013).

The Second Circuit case of *Dickerson v. Napolitano*, 604 F.3d 732, 745, n.15 (2d Cir. 2010) made this point explicitly: "The constitutionally-protected right that must be implicated to support a facial challenge must be the right infringed by *the statute* that was applied to the plaintiffs, not the right infringed by *the arrest* for a violation of that statute." *Id.* (original emphasis). Plaintiffs fail to answer the citation of *Dickerson* or otherwise explain how an arrest based upon a misinterpretation of a statute makes the statute itself unconstitutional.

**B.    Alleged Police Misinterpretation of the AWCA Does Not Establish Vagueness**

Plaintiffs note the "problems with identifying weapons regulated by the AWCA" identified by police officials in exhibits to the ACC. Opp., p. 11, citing ACC Exhibits O and P. Both of the exhibits referenced merely provide opinions about difficulties officers "in the field" face when interpreting the AWCA. See ACC Exhibit O, ¶ 4 [stating "opinion" that "peace officers in the field" face challenges in establishing whether a weapon features a "flash suppressor"]; ACC Exhibit P, ¶ 6 [stating opinion that "it is difficult for officers in the field to determine if a firearm that looks like an assault weapon is in fact an assault weapon"].

The mere fact that "a police officer may have some difficulty applying [a statute] on the margins does not nearly establish" unconstitutional vagueness. (*First Vagabonds Church of God v. City of Orlando* 610 F.3d 1274, 1286 (11th Cir. 2010), reinstated following rehearing en banc, 638 F.3d 756, 763.) A statute's "constitutionality does not hang on whether every police officer

8

would understand the ordinance in the same way in every conceivable factual circumstance. Absolute clarity is too much to expect from the drafters of laws, and perfect knowledge of the fullest reach of the laws is too much to expect of even the most reasonable police officers." *Ibid*. Accordingly, some issues with officers misinterpreting the AWCA does not establish that the AWCA is unconstitutionally vague.

With respect to the contention that the AWCA was vague "as-applied" to Plaintiffs Haynie and Richards, the allegations of the ACC fail. As noted in the Motion at page 11, the undisputed facts of this case show that following the arrests of Plaintiffs it was *an application of the AWCA* to the facts of their arrests which led to charges being dropped or never filed. See ACC ¶¶ 28, 32, 54, 56, 69, 72. Thus, there is no question that the statute contains sufficient detail to provide notice to citizens and law enforcement about what is prohibited. The facts alleged by Plaintiffs do not demonstrate any defect in the statute; they demonstrate that the statute is ultimately quite clear and effective. "As-applied" to Plaintiffs Haynie and Richards following their arrests, the AWCA resulted in charges being dropped or never filed at all. Accordingly, their claims fail.[4]

---

[4] Since the law is not vague as applied to Plaintiffs, they cannot succeed on a facial vagueness challenge. See, e.g., *United States v. Dang*, 488 F.3d 1135, 1141 (9th Cir. 2007) ("[I]f the statute is constitutional as applied to the individual asserting the challenge, the statute is facially valid.").

## CONCLUSION

For the foregoing reasons, the ACC should be dismissed without leave to amend and judgment entered in favor of Defendants.

Dated:  February 3, 2014                                        Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


/s/ Ross C. Moody

ROSS C. MOODY
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Justice and*
*Attorney General Kamala Harris*

SA2010101060
40882371.doc